STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

ROBERT ESPOSITO
Plaintiff

VS.

C.A. NO.: KC-06-238

HOME DEPOT U.S.A., INC.,
BLACK & DECKER, INC., DEWALT
INDUSTRIAL TOOL CO., and XYZ CORP.
Defendants

# COMPLAINT

## PARTIES AND JURISDICTION

1. Plaintiff, Robert Esposito, ("Plaintiff") is a resident of Smithfield, Rhode Island.

2. Defendants, Black & Decker, Inc., and Dewalt Industrial Tool Co., are corporations duly organized and existing under the law of the State of Maryland with their principal place of business in Baltimore, MD.

3. Defendant, Home Depot U.S.A., Inc. is a foreign corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Atlanta, GA.

4. On information and belief, Defendant, XYZ Corporation is a foreign corporation authorized to do business in Rhode Island.

5. Defendants have sufficient contacts with Rhode Island to subject

them to personal jurisdiction in this Court, and the amount in controversy is sufficient to invoke this Court's jurisdiction.

## FACTUAL ALLEGATIONS

6. On or about September 25, 2002, Plaintiff purchased a Dewalt, DW708 Sliding Compound Miter Saw **(hereinafter "the Saw").**

7. On information and belief the Plaintiff's purchase was packaged by Defendants, Black & Decker, Inc. and Dewalt Industrial Tool Co. and was distributed by Defendants, Black & Decker, Dewalt Industrial Tool Co. and Home Depot U.S.A.

8. On March 31, 2003 the blade guard on the Saw failed to engage while Plaintiff was attempting to cut a piece of wood, and the Saw otherwise malfunctioned.

9. Plaintiff was severely injured as a direct and proximate result of the failure of the blade guard to properly engage and the malfunction of the Saw as aforesaid. Plaintiff sustained severe personal injuries, suffered extreme pain of the body and mind, incurred disfigurement and loss of function, incurred great expenses for proper medical care and treatment, suffered a loss of wages and/or earning capacity, and will continue to suffer said injuries and incur said expenses in the future.

## COUNT I

**Negligence – Dewalt Industrial Tool Co. and Black & Decker, Inc.**

10. Plaintiff incorporates paragraph 1-9 above by reference.

11. During its normal course of business, Dewalt & Black & Decker designed and/or packaged, manufactured, sold and/or marketed, assembled and/or distributed the Saw.

12. Dewalt and/or Black & Decker should have known the purposes for which the Saw was intended.

13. Plaintiff used the Saw in the manner in which it was intended. During such use, the Saw, its component parts and specifically the blade guard failed to properly engage, causing injury to Plaintiff.

14. At all times mentioned herein, Plaintiff was in the exercise of due care.

15. Plaintiff's injury was the direct and proximate cause of the negligence of the Defendants, Dewalt and/or Black & Decker and each of them in the following respects;

a. failure to use due care in the handling, design, manufacture, sale, assembly, testing, inspection and/or distribution of the Saw;

b. handling, designing and/or packaging, manufacturing, selling and/or marketing, assembling, testing, inspecting and/or distributing the Saw in a defective condition;

c. handling, designing and/or packaging, manufacturing, selling and/or marketing, assembling, testing, inspecting and/or distributing the Saw without adequate and proper warnings to people who used the saw of the inherently dangerous condition of said Saw and that by its nature was dangerous for use;

d. negligent design of the Saw;

e. being otherwise negligent in handling, designing and/or packaging, manufacturing, selling and/or marketing, assembling, testing, inspecting and/or distributing the Saw; and

f. being otherwise negligent.

16. The Defendants Dewalt and/or Black & Decker and each of them are liable for the negligent acts of their agents, servants and/or employees.

**COUNT II**

**Res Ipsa Loquitor – Dewalt and/or Black & Decker, Inc.**

17. Plaintiff incorporates paragraphs 1-16 above by reference.

18. On information and belief the Saw remained substantially

unchanged from the time it had been designed and/or packaged, manufactured, assembled and/or sold and/or marketed by Dewalt and/or Black & Decker, Inc., until the occurrence of Plaintiff's injury.

19. Plaintiff is without full and complete knowledge of the precise acts of negligence of the Defendants Dewalt and/or Black and Decker, Inc., which caused Plaintiff's injury.

20. The type of incident described herein and Plaintiff's injuries would not ordinarily occur in the absence of negligence on the part of the Defendants Dewalt and/or Black & Decker, Inc.

21. Plaintiff was at all times referred to herein in the exercise of due care and cautious regard for his safety, and he did not contribute to his injury.

22. Plaintiff's injuries were not contributed to by anyone other than the Defendants herein.

23. As a direct and proximate result of negligence on the part of the Defendants Dewalt and/or Black & Decker, Inc., and each of them Plaintiff was injured.

## COUNT III

**Breach of Implied Warranties of Merchantability and Fitness for as Particular Purpose - Dewalt and/or Black & Decker**

24. Plaintiff incorporates paragraphs 1-23 above by reference.

25. Dewalt and/or Black & Decker, Inc., impliedly warranted to the public and to those in Plaintiff's position that the subject Saw was fit, safe, and proper for the ordinary purposes for which said Saw was intended and were therefore of merchantable quality, and fit and safe for their intended use.

26. At all relevant time, the Defendants Dewalt and/or Black & Decker were merchants dealing in goods of the kind involved in the incident in this case.

27. At all relevant times, the Defendants Dewalt and/or Black & Decker held themselves out as having knowledge and skills specific to goods and the kind of goods involved in the incident at issue in this case.

28. At all relevant times, the Defendants Dewalt and/or Black & Decker, Inc. held themselves out to the public as having knowledge of the ordinary purpose for which the Saw was intended to be used.

29. Plaintiff relied upon the warranties, both express and implied made by the Defendants Dewalt and/or Black & Decker, Inc.

30. The Defendants Dewalt and/or Black & Decker, Inc. breached implied warranties in that the Saw was not fit and suitable for its intended purpose.

31. The Defendants Dewalt and/or Black & Decker, Inc. breached

implied warranties in that the Saw was not fit for the ordinary purpose for which it was intended to be used and not of merchantable quality.

32. As a direct and proximate result of the Defendants Dewalt and/or Black & Decker's breach of warranty, both express and implied, Plaintiff was injured.

## COUNT IV

### Strict Product Liability - Dewalt and/or Black & Decker

33. Plaintiff incorporates paragraphs 1-32 above by reference.

34. The Saw was defectively designed and/or packaged, manufactured, sold and/or marketed, assembled and/or distributed by the Defendants Dewalt and/or Black & Decker, Inc. and as a result, the Saw became unsafe for its intended use.

35. As a result of the defective design, manufacture, sale, assembly and/or Distribution of the Saw by the Defendants Dewalt and/or Black & Decker, said Saw contained an unusual risk of harm to those likely to use or come into contact with the Saw, such as Plaintiff.

36. The Saw was being used in a way that it was intended when Plaintiff was injured.

37. Prior to his injury, Plaintiff had no knowledge of any defect and no reason to suspect that the Saw would cause him any injury when used in a manner represented by the Defendants and when used as intended.

38. As a direct and proximate cause of the defective design, manufacture, sale, assembly and/or distribution of the Saw by the Defendants Dewalt and/or Black & Decker, Plaintiff was injured.

## COUNT V

### Negligence – Home Depot

39. Plaintiff incorporate paragraphs 1-38 above by reference.

40. During its normal course of business, the Defendant Home Depot designed and/or packaged, manufactured, sold and/or marketed, assembled and/or distributed the Saw.

41. The Defendant Home Depot knew or should have known the purposes for which the Saw was intended.

42. Plaintiff used the Saw in the manner in which it was intended, and that during such use, the Saw failed to properly operate and otherwise malfunctioned and specifically the blade guard did not engage properly, causing injury to Plaintiff.

43. At all times mentioned herein, Plaintiff was in the exercise of due care.

44. Plaintiff's injury was the direct and proximate cause of the negligence of the Defendant Home Depot which consisted of, but not limited to each of the following:

a. failure to use due care in the handling, design, manufacture, sale, assembly, testing, inspecting and/or distribution of the Saw;

b. handling, designing and/or packaging, manufacturing, selling and/or marketing, assembling, testing, inspecting and/or distributing the Saw in a defective condition;

c. handling, designing and/or packaging, manufacturing, selling and/or marketing, assembling, testing inspecting and/or distributing the Saw without adequate and proper warnings to people attempting to use the Saw of the inherently dangerous condition of said saw and that by its nature was dangerous for use;

d. negligent design of the Saw;

e. being otherwise negligent in handling, designing and/or packaging, manufacturing, selling and/or marketing, assembling, testing, inspecting and/or distributing the Saw; and

f. being otherwise negligent.

45. The Defendant Home Depot is liable for the negligent acts of its agents, servants and/or its employees.

## COUNT VI

**Res Ipsa Loquitor – Home Depot**

46. Plaintiff incorporates paragraphs 1-45 above by reference.

47. The Saw remained substantially unchanged from the time it had been designed and/or packaged, manufactured, assembled and/or sold and/or marketed by the Defendant Home Depot until the occurrence of Plaintiff's injury.

48. Plaintiff is without knowledge of the precise acts of negligence of the Defendant Home Depot, which caused Plaintiff's injury and said acts are known by the Defendant Home Depot.

49. The type of incident described herein and Plaintiff's injuries would not ordinarily occur in the absence of negligence on the part of the Defendant Home Depot.

50. Plaintiff was at all times referred to herein in the exercise of due care and cautious regard for his safety, and he did not contribute to his injury.

51. Plaintiff's injuries were not contributed to by anyone other than the Defendant Home Depot.

52. As a direct and proximate result of negligence on the part of Home Depot, Plaintiff was injured.

## COUNT VII

### Strict Product Liability – Home Depot

53. Plaintiff incorporates paragraphs 1-52 above by reference.

54. The Saw was defectively designed and/or packaged, manufactured, sold and/or marketed, assembled and/or distributed by the Defendant Home Depot, and as a result, the Saw became unsafe for its intended use.

55. As a result of the design, manufacture, sale, assembly and/or distribution by the Defendant Home Depot, the Saw contained an unusual and unreasonable risk of harm to those likely to use or come into contact with the Saw such as the Plaintiff.

56. The Saw was being used in a way that it was intended when Plaintiff was injured.

57.Prior to his injury Plaintiff had no knowledge of any defect and no reason to suspect that the Saw would cause him any injury when used in a manner as represented by the Defendant Home Depot and when used as intended.

58. As a direct and proximate cause of the defective design, manufacture, sale, assembly and/or distribution of the Saw by the Defendant Home Depot, Plaintiff was injured.

## COUNT VIII

### Negligence – XYZ Corporation

59. Plaintiff incorporates paragraphs 1-58 above by reference.

60. During its normal course of business, the Defendant XYZ Corporation designed and/or packages, manufactured, sold and/or marketed, assembled and/or distributed the Saw.

61. The Defendant XYZ Corporation knew or should have known the purposes for which the Saw was intended.

62. Plaintiff used the Saw in the manner in which it was intended and that during such use the Saw, its component parts and specifically the blade guard failed to properly engage, causing injury to Plaintiff.

63. Plaintiff was at all times referred to herein in the exercise of due care and cautious regard for his safety, and he did not contribute to his injury.

64. Plaintiff's injury was the direct and proximate cause of XYZ Corporation's negligence, which consisted of:

a. failure to use due care in the handling, design, manufacture, sale, assembly, testing, inspection and/or distribution of the Saw;

b. handling, designing and/or packaging, manufacturing, selling and/or marketing, assembling, testing, inspecting and/or distributing the Saw in a defective condition;

c. handling, designing and/or packaging, manufacturing, selling and/or marketing, assembling, testing inspecting and/or distributing the Saw without adequate and proper warnings to people using the Saw of the inherently dangerous condition of said Saw and that by its nature was dangerous for use;

d. negligent design of the Saw;

e. being otherwise negligent in handling, designing and/or packaging, manufacturing, selling and/or marketing, assembling, testing, inspecting and/or distributing the Saw; and

f. being otherwise negligent.

65. XYZ Corporation is liable for the negligent acts of its agents, servants and/or its employees.

**COUNT IX**

**Res Ipsa Loquitor – XYZ Corporation**

66. Plaintiff incorporates paragraphs 1-65 above by reference.

67. On information and belief the Saw remained substantially

unchanged from the time it had been designed and/or packaged, manufactured, assembled and/or sold and/or marketed by XYZ Corporation until the occurrence of Plaintiff's injury.

68. Plaintiff is without knowledge of the precise acts of negligence of XYZ Corporation which caused Plaintiff's injury, and said acts are known by XYZ Corporation.

69. The type of incident described herein and Plaintiff's injures would not ordinarily occur in the absence of negligence on the part of XYZ Corporation.

70. Plaintiff was at all times referred to herein in the exercise of due care and cautious regard for his safety, and he did not contribute to his injury.

71. Plaintiff's injures were not contributed to by anyone other than the Defendants herein.

72. As a direct and proximate result of negligence on the part of the Defendant XYZ Corporation Plaintiff was injured.

**COUNT X**

**Strict Product Liability – XYZ Corporation**

73. Plaintiff incorporates paragraphs 1-72 above by reference.

74. The Saw was defectively designed and/or packaged,

manufactured, sold and/or marketed, assembled and/or distributed by the Defendant XYZ Corporation, and as a result, the Saw became unsafe for its intended use.

75. As a result of the design, manufacture, sale, assembly and/or distribution by the Defendant XYZ Corporation, the Saw contained an unusual risk of harm to those likely to use or come into contact with the Saw, such as Plaintiff.

76. The Saw was being used in a way that it was intended when Plaintiff was injured.

77. Prior to his injury Plaintiff had no knowledge of any defect and no reason to suspect that the Saw would cause him any injury when used in a manner as represented by the Defendant Home Depot and when used as intended.

78. As a direct and proximate cause of the defective design, manufacture, sale, assembly and/or distribution of the Saw by the Defendant XYZ Corporation, Plaintiff was injured.

WHEREFORE, Plaintiff demands relief as follows:

1. Issuance of a judgment against Defendants, and each of them for compensatory and punitive damages;

2. The costs of this action;

3. Interest;

4. Attorneys' fees; and

5. Such further relief as this Court deems appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL**

Plaintiff, Robert Esposito,
By His Attorney,

RICHARD C. TALLO (0504)
P.O. Drawer 9007
Providence, RI 02940
Tel: (401) 726-1010 ext. 103
Fax: (401) 726-3406

Dated: March 15, 2006

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[ ] PROVIDENCE/BRISTOL [X] KENT [ ] WASHINGTON [ ] NEWPORT

CIVIL ACTION, FILE No. KC 06-238

ROBERT ESPOSITO
Plaintiff

HOME DEPOT U.S.A., INC., BLACK & DECKER INC., DEWALT INDUSTRIAL TOOL CO., and XYZ CORP.
Defendant

***Summons***

*To the above-named Defendant:* BLACK & DECKER, INC.

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon RICHARD C. TALLO, ESQUIRE Plaintiff's attorney, whose address is P.O. Drawer 9007 Providence, RI 02940 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: March 16, 2006

(Seal of the Superior Court)

S- 135 (REV. 10/00)

# State of Rhode Island and Providence Plantations

..........................................,SC

## PROOF OF SERVICE

I hereby certify that on the .............................................. day of ........................................................ I served a copy of this summons and a copy of the complaint received therewith upon ..............................................................................................

..........................................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house.........................................................

................................................................................................, with a person of suitable age and discretion then residing therein. [Address]

By leaving a copy of the summons and complaint at his/her usual place of abode, .............................................
................................................................................................, with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ..............................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

..........................................................................................................................................................

..........................................................................................................................................................

..........................................................................................................................................................

**Sheriff's Fees**

Travel ......................... $...........................

Service ......................... $...........................

$...........................

..................................................................
Deputy Sheriff

CIVIL ACTION

FILE NO. KC 06-238

SUMMONS

SUPERIOR COURT

ROBERT ESPOSITO

vs

HOME DEPOT U.S.A., INC., et a

Richard C. Tallo (0504)
ATTORNEY FOR PLAINTIFF
P.O. Drawer 9007
Providence, RI 02940
Tel: 726-1010 ext. 103

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.