UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO,<br>Plaintiff | :<br>: | |
| v. | : | C.A. No. 06-153 S |
| HOME DEPOT U.S.A. INC.,<br>BLACK & DECKER, INC.,<br>DEWALT INDUSTRIAL TOOL CO.,<br>and XYZ CORP.<br>Defendants | :<br>: | |

**MOTION TO REMAND**

Now comes the Plaintiff, Robert Esposito ("Plaintiff") and requests that this Court remand the above-entitled matter to the Rhode Island Superior Court, Kent County. As grounds for this Motion Plaintiff states that the removal of this case to this Court was defective as removal requires that all Defendants join in or consent to the removal in a timely fashion and that did not occur in this case. In support of this motion Plaintiff incorporates the arguments made in the attached Memorandum of Law.

Respectfully submitted,
Plaintiff,
By and through his attorneys,

Paul S Cantor

Paul S. Cantor (#3177)
Law Office of Paul S. Cantor
321 South Main Street
Suite 302
Providence, RI 02903
401-351-8200
401-351-9032 Facsimile

Richard E. Abrams (PSC)

Richard Abrams (#0362)
Abrams & Verri
999 Chalkstone Avenue
Providence, RI 02908
401-351-5700
401-351-3493

**HEARING REQUESTED**

Plaintiff requests a hearing on the merits of this Motion pursuant to Local Rule 12(b). This Motion seeks to preserve the Plaintiff's choice of forum and ought not be decided without affording the Plaintiff an opportunity to be heard. The Plaintiff estimates that the time required for hearing on this Motion will not exceed thirty minutes.

**CERTIFICATION**

I, the undersigned, do hereby certify that a true and accurate copy of the forgoing was mailed on this 3rd day of May 2006 to C. Russell Bengtson, Esq., Carroll, Kelly & Murphy, One Turks Head Place, Suite 400, Providence, Rhode Island 02903.

Kim Khiev

UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

ROBERT ESPOSITO, :
Plaintiff :

v. : C.A. No. 06-153 S

HOME DEPOT U.S.A. INC.,
BLACK & DECKER, INC.,
DEWALT INDUSTRIAL TOOL CO.,
and XYZ CORP. :
Defendants :

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

Now comes the Plaintiff, Robert Esposito ("Plaintiff") and requests that this Court remand the above-entitled matter to the Rhode Island Superior Court, Kent County. As grounds for this motion Plaintiff advances the following arguments:

**I. The Notice of Removal was Defective**

It is well settled procedure in the federal courts that all defendants to an action must join in or consent to a Petition to Remove within thirty (30) days of service in order for the case to be properly removed. *Jones v. Kremer*, 28 F. Supp. 2d 1112, 1113 (D. Minn. 1988). The Jones court found that failure to obtain all defendants' consent to removal was a "substantial defect that could not be cured" even by filing an amended Notice of Removal. Id. at 1114. The rule of "unanimity" has developed throughout the Circuits and will not be excused upon an untimely, subsequent notice or removal or affirmation of consent to removal by any defendant who abstained from joining in the Petition to

Remove within the prescribed period. See 28 U.S.C. Sec. 1446(b) and Mitchell v. Kentucky-American Water Company, 178 F.R.D. 140 (E.D. Ky. 1997).

Although there is a continuing body of case law which holds that it is not necessary that every defendant actually sign the petition, and that non-petitioning defendants may simply consent to the removal of the action, the cases are virtually unanimous that there must be some objective manifestation of the consent of all parties to the removal in the petition, in the record, or in some other documented form. See for example Clyde v. National Data Corp., 609 F. Supp. 216 (N.D. Ga. 1985). The holding in that case provides crystal clear support of this Plaintiff's position. The Court said " this rule does not require that every defendant actually sign the same petition…non-petitioning defendants may simply consent to the removal of the action, thereby satisfying the substantive requirement that the defendants be unanimous in their choice of the federal forum…**however, these cases indicate that such unanimity must be expressed to the Court within the thirty day period, whether by petition, written consent, or oral consent**…in this case, the consent of defendant Todd was not conveyed to the Court in any manner within thirty days of service upon him…**the alleged fact that Todd informed the other defendants of his consent is insufficient to constitute a joinder under the statue…the Court therefore finds that defendants have failed to meet the thirty day requirement of 28 USC, Sec. 1446b.**"

In the instant case, Defendants Black & Decker and Dewalt filed a timely Notice of Removal, but the Notice is silent as to the position of Defendant Home Depot concerning

removal, and there is no objective evidence in the record or otherwise concerning Home Depot's position on removal.

The Complaint in this matter was filed in Kent County Superior Court on March 16, 2006. Defendant Home Depot was served with the Complaint on March 17, 2006 (Exhibit 1). Defendant Black & Decker was served on March 21, 2006 (Exhibit 2). Defendant Dewalt was served on March 21, 2006 (Exhibit 3). A Notice of Removal was filed on April 3, 2006 by Defendants Black & Decker and Dewalt (Notice of Removal Exhibit 4). The Notice of Removal is silent as to the position of Defendant Home Depot concerning removal. More than thirty days have now expired from the date on which Defendant Home Depot was served. No other manifestation of Defendant Home Depot's position concerning removal exists in the record or in correspondence to the Court. Accordingly, the Notice of Removal was defective and the case must be remanded to the state Superior Court.

Policy considerations support Plaintiff's position. As the party with the burden of proof and persuasion, Plaintiff is entitled to select the forum. For this reason, as reflected in virtually every case cited above, removal statutes are to be construed narrowly and every question is to be resolved in favor of the Plaintiff. In addition, because of evidentiary rule differences and procedural rule differences, Plaintiff has made a conscious decision to litigate the matter in State Court and removal would prejudice his ability to try the case in the manner which he prefers. Therefore, he would be prejudiced if removal were upheld.

In deciding whether removal is proper, this Court must:

> "…[c] onstrue removal statutes strictly, guard "against expansion" of removal jurisdiction "by judicial interpretation" and "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction". Id at 632, citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *American Fire & Gas Co. v. Finn*, 341 U.S. 6, 17, 71 S. Ct. 534, 95 L. Ed. 702 (1951); and *Hartley v. CSX Transp., Inc.*, 187 F. 3rd. 422, 425 (4th Cir. 1999).

There is no doubt that the time limitation for removal, as set forth in the statute, is mandatory and in this action cannot be extended beyond thirty (30) days. *Spillers v. Tillman*, 959 F. Supp. 364, 369 (S.D. Miss. 1997), *Bazilla v. Belva Coal Co.*, 939 F. Supp. 476 (S.D. W. Va. 1996).

## II. Conclusion

The procedure for proper removal is clear under the law, and Defendants failed to follow the proper procedure. On the law, Plaintiff is entitled to remand. Plaintiff would be prejudiced if removal were upheld and remand were denied. Accordingly, the Court should remand the case as requested.

WHEREFORE, Plaintiff Robert Esposito seeks remand of this action from this Court to the Rhode Island Superior Court, Kent County for further disposition.

Respectfully submitted,
Plaintiff,
By and through his attorneys,

Paul S Cantor

Paul S. Cantor (#3177)
Law Office of Paul S. Cantor
321 South Main Street
Suite 302
Providence, RI 02903
401-351-8200
401-351-9032 Facsimile

Richard F. Abrams (PSC)

Richard Abrams (#0362)
Abrams & Verri
999 Chalkstone Avenue
Providence, RI 02908
401-351-5700
401-351-3493

**CERTIFICATION**

I, the undersigned, do hereby certify that a true and accurate copy of the forgoing was mailed on this _____ day of May 2006 to C. Russell Bengtson, Esq., Carroll, Kelly & Murphy, One Turks Head Place, Suite 400, Providence, Rhode Island 02903.

Kim Khiev