UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT ESPOSITO :
:
vs. : C.A. No. 06-153 S
:
HOME DEPOT U.S.A., INC., :
BLACK & DECKER, INC., DEWALT :
INDUSTRIAL TOOL CO., and XYZ CORP. :

**DEFENDANTS' OBJECTION TO THE PLAINTIFF'S MOTION TO REMAND**

Now come the Defendants, Home Depot U.S.A., Inc., Black & Decker, Inc. and Dewalt Industrial Tool Co. and object to the Plaintiff's Motion to Remand the above entitled action to the Rhode Island Superior Court, Kent County.

As grounds for this Objection, the Defendants state that 1) each of them timely filed consent to the removal of the action to the District Court of Rhode Island, 2) any defect in not timely filing consent was a defect in procedure which is waivable and 3) the consent of Home Depot, a nominal party, is not required.

In support of this Objection the Defendants incorporate the arguments made in the attached Memorandum of Law.

BLACK & DECKER (U.S.) INC., mistakenly named BLACK & DECKER, INC., DEWALT INDUSTRIAL TOOL CO. and HOME DEPOT U.S.A., INC.
By Their Attorneys
CARROLL, KELLY & MURPHY

C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
401-331-7272
401-331-4404 – facsimile

## CERTIFICATION

I hereby certify that a true and accurate copy of the within document was mailed by regular mail, postage prepaid, or hand delivered, from Carroll, Kelly & Murphy, One Turks Head Place, Suite 400, Providence, RI 02903 on this 8th day of May 2006, to counsel of record as follows:

Richard Abrams, Esq.
Abrams & Veri
999 Chalkstone Avenue
Providence, RI 02908

Paul S. Cantor, Esq.
Law Office of Paul S. Cantor
321 South Main Street, Suite 302
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO | : | |
| | : | |
| vs. | : | C.A. No. 06-153 S |
| | : | |
| HOME DEPOT U.S.A., INC., BLACK & DECKER, INC., DEWALT INDUSTRIAL TOOL CO., and XYZ CORP. | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO THE PLAINTIFF'S MOTION TO REMAND**

Now come the Defendants, Home Depot U.S.A., Inc., Black & Decker, Inc. and Dewalt Industrial Tool Co. and object to the Plaintiff's Motion to Remand the above entitled action to the Rhode Island Superior Court, Kent County.

As grounds for this Objection, the Defendants state that 1) each of them timely filed consent to the removal of the action to the District Court of Rhode Island, 2) any defect in not timely filing consent was a defect in procedure which is waivable and 3) the consent of Home Depot, a nominal party, is not required.

I. FACTS

On March 16, 2006, Robert Esposito filed a complaint in the Rhode Island Superior Court, Kent County. The named defendants in this action are Home Depot, U.S.A., Inc. ("Home Depot"), Black & Decker, Inc. and Dewalt Industrial Tool Co. (collectively "Black & Decker"). Home Depot was served the summons and complaint on March 17, 2006. Black & Decker, Inc. and Dewalt Industrial Tool Co. were each served via certified mail on March 21, 2006.

On April 3, 2006, Black & Decker filed its *Notice of Removal* and *Notice of Filing of Notice of Removal* in the District Court of Rhode Island. On that same day, Black & Decker filed its answer, discovery requests and the entry of appearance by its counsel in Kent County Superior Court. Simultaneously, Black & Decker filed its *Notice of Filing of Notice of Removal*

in Kent County Superior Court. On April 5th, Black & Decker filed the *Defendant's Transmittal of the Certified Copy of the State Court Record* in the District Court of Rhode Island.

The only other filings in the state court are the entry of appearance by the plaintiff's new counsel and the withdrawal of his previous counsel.

Home Depot intentionally decided to file its answer and the entry of appearance of its counsel in the District Court of Rhode Island on April 13, 2006 in order to manifest its consent to removal. Home Depot's answer and the entry of appearance were each timely filed within the thirty-day removal period.[1]

It is also significant that the same counsel that signed the entry of appearance and answer for all three defendants also signed the removal petition. This is significant since it places the plaintiff and the court on notice of the consent of all defendants to have the matter removed to federal court.

The plaintiff's complaint is grounded in the law of products liability. Black & Decker allegedly manufactured, packaged and distributed a Dewalt, DW708 Sliding Compound Miter Saw. Compl. ¶¶ 6-7. Home Depot, as the retailer of the Black & Decker product, also distributed the product. Compl. ¶ 7. The complaint alleges that the "Saw failed to engage while Plaintiff was attempting to cut a piece of wood, and the Saw otherwise malfunctioned" causing injury to the plaintiff. Compl. ¶¶ 8 –9. Thus, the plaintiff seeks to impose liability on Home Depot solely on the basis of Home Depot's sale of a Black & Decker product in the same condition and in the same container as Home Depot received the product from Black & Decker.

---

[1] Although Home Depot's answer was filed outside of the twenty days permitted under the Rules of Procedure, the plaintiff's counsel agreed to extend the time in which Home Depot may answer to May 12, 2006 and agreed that the answer and/or responsive pleading would have the same force and effect as if timely filed. Attached, as **Exhibit 1** is a copy of the defendant's letter of transmittal to the plaintiff's counsel and a copy of the Late Entry Stipulation.

Based on the allegations, Black & Decker agreed to defend, indemnify and hold Home Depot harmless. As such, Home Depot is not a necessary party since complete relief can be afforded to the plaintiff in its absence and it's interest will be protected through Black & Decker's defense of the matter. The plaintiff and the court were each placed on notice of this situation when counsel for Black & Decker filed an answer and his entry of appearance on behalf of Home Depot.

## II. LAW

The requirement for unanimity when a matter is removed to federal court is the result of the Court's efforts to prevent defendants from splitting litigation requiring the plaintiff to try the matter in two or more fora simultaneously, to prevent inconsistent adjudications between federal and state courts and to avoid one defendant imposing his choice of forum upon other unwilling defendants. *Sansone v. Morton Mach. Works, Inc.*, 188 F.Supp.2d 182, 184 (D.R.I. 2002).

For the following reasons, none of these concerns are present, or could come to fruition, in this matter.

### A. Home Depot's Timely Filed Answer In The District Court Of Rhode Island Constituted Its Consent To Remove The Case.

On April 13, 2006, well within the 30 days in which to consent to removal, Home Depot filed its answer in the District of Rhode Island. Filing its answer in the District Court notified the Plaintiff and the Court of its consent to have this matter removed to that forum.

There is no requirement that all of the defendants actually sign the Removal Petition. *Sansone*, 188 F.Supp.2d 184. Rather, all that is required is that each defendant clearly and unambiguously consent to removal within the statutorily prescribed thirty days. *Id.* The consent to removal can manifest itself in a petition, written consent or oral statement to the court. *Id.*

Consenting to a co-defendant's removal of the matter to federal court via means other than signing the removal petition or filing a formal consent to removal has long been accepted in the District of Rhode Island. The reason for this is that the District of Rhode Island has never been beholden to the absurd elevation of form over substance. *Lopez v. Bulova Watch Co.*, 582 F.Supp. 755, 764-65 (D.R.I. 1984). In *Colin v. Schmidt*, 528 F.Supp. 355 (D.R.I. 1981), this District took the bold step of recognizing that a defendant's, timely, oral statement of consent to the court during a hearing would satisfy the requirements of § 1446 (b). *Colin,* 528 F.Supp. 358-59. Also, in *Gorman v. Abbott Laboratories*, 629 F.Supp. 1196 (D.R.I. 1986), Judge Selya, while not deciding the issue, recognizes that a timely filed written objection to the plaintiff's motion to remand could be considered a concurrence of the co-defendant's removal petition. *Gorman*, 629 F.Supp. 1200, n.5.

Supreme Court precedent also supports finding that filing an answer is consent to removal. In *Carson v. Dunham*, 121 U.S. 421, 7 S.Ct. 1030, 30 L.Ed. 992 (1887), the Court held that a defendant's answer could supplement the petition for removal and thus provide those facts necessary for the federal court to retain the matter. The defendant's answer, which was filed after the removal was filed, filled in the blanks regarding the controversy. Thus, the Court stated:

> As an amendment, the answer was germane to the petition, and did no more than set forth in proper form what had been imperfectly stated. To that extent, we think, it was proper to amend a petition which on its face showed a right to the transfer.

*Carson,* 121 U.S. 427. See also *Kinney v. Columbia Sav. & Loan Assoc.*, 191 U.S. 78, 24 S.Ct. 30 (1903).

Most recently this court addressed consent to removal in *Sansone*, 188 F.Supp.2d 182. In *Sansone*, defendant McKittrick Co, Inc. timely filed a notice of removal pursuant to 28 U.S.C. §

1446(b). *Sansone*, 188 F.Supp.2d 183. Defendant Morton, although it had notified McKittrick of its consent, did not actually file a notice of joinder in the removal until October 2, 2001. Morton, unlike Home Depot in this matter, therefore did not file its joinder until the period to consent had expired.

In finding that Morton's joinder was untimely, Judge Torres distinguishes, with apparent approval, the holding in *Hernandez v. Six Flags Magic Mountain, Inc.*, 688 F.Supp. 560 (C.D.Cal. 1988). In *Hernandez*, the joining defendant had filed its answer to the complaint within the thirty day period provided for in § 1446 (b), "thereby manifesting its intent to join in the removal." *Hernandez*, 688 F.Supp. 562; *Sansone*, 188 F.Supp.2d 185. See also, *Glover v. W.R. Grace Co, Inc.*, 773 F.Supp. 964 (E.D. Tex. 1991) (Holding that the co-defendant's answer to the complaint, although filed four days late, satisfied the requirement of a clear and unambiguous consent.); *Gonzalez v. American Home Products Corp.*, 223 F.Supp.2d 803 (S.D. Tex. 2002) (Finding that the co-defendant's timely filed answer satisfied the requirement for a clear statement of consent.). *Platton v. Kraftmaid Cabinetry, Inc.*, 2004 WL 350448 (E.D.Pa.) (It was within the court's discretion to accept a stipulation extending the time in which the retailer co-defendant could answer as confirmation of the retailer's consent to remove the matter.)

Lastly, in removed actions, Fed. R. Civ. P. 81 (c) requires the defendant to "answer or present the other defenses or objections available under these rules." By filing its answer in the District Court, Home Depot elected to forego filing an objection to the removal or filing motions to dismiss for lack of personal jurisdiction or improper venue. Fed. R. Civ. P. 12 (b) (2) and (3). Clearly, if Home Depot objected to having this matter heard in the federal court, then it could have filed any one of those motions as opposed to its answer consenting to the removal.

Home Depot's answer, according to *Carson*, 121U.S. 421, consents to and amends the removal petition. The cases in this District are firm in finding that form must not run roughshod over substance and in accepting alternative means of consent to removal. In the case at bar, Home Depot timely filed its answer before the thirty-day period expired. The filing of this answer can only be interpreted as Home Depot's consent to trying the matter in federal court and it clearly gave notice to the plaintiff of its consent to have the matter removed. Moreover, Home Depot's answer notified the plaintiff and the court that the same counsel represents all of the defendants. Since the same counsel represents all of the defendants, the concerns that form the basis for the unanimity rule, *supra*, are dispelled.

In the end, the plaintiff cannot now act surprised at Home Depot's consent to removal and he has not been prejudiced in any manner, therefore, the court must accept Home Depot's answer as its consent to removing the case.

B. THE COURT HAS THE DISCRETION TO DETERMINE WHETHER THE MATTER SHOULD REMAIN IN FEDERAL COURT DESPITE THE PROCEDURAL DEFECT.

If Home Depot's Answer to the Complaint is not consent to the removal petition, then Home Depot's untimely consent to jurisdiction is a procedural defect which has not prejudiced the plaintiff and which the court has discretion to remedy by permitting the filing of an Amended Answer or Supplemental Notice of Removal *nunc pro tunc*.

28 U.S.C. § 1147 (c) only requires remand if there is a jurisdictional defect in the removal petition. 28 U.S.C. § 1147 (c). "[A]n untimely notice of removal" is, however, a procedural defect under § 1447 (c). *F.D.I.C. v. Cabral*, 989 F.2d 525, 525 (1st Cir. 1992). See also, *Sansone*, 188 F.Supp.2d 184. Further, the failure of all of the defendants to consent to removal does not deprive the court of subject matter jurisdiction and is a waivable defect. *Ayers v. Watson*, 113 U.S. 594, 598099, 5 S.Ct. 641, 28 L.Ed. 1093 (1885); *In re FMC Corp.*

*Packaging Sys. Div.*, 208 F.3d 445, 451 (3rd Cir. 2000); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993)); *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991). As a procedural defect, the court has discretion in determining whether the case ought to be remanded. *Varner v. Royal Maccabees Life Ins. Co.*, 852 F.Supp. 556, 557 (S.D.Miss. 1994)

In *Hernandez*, 688 F.Supp. 562, the court determined that remand was within its discretion and that it was unwarranted. The court held that remand was unwarranted for three reasons: 1) the co-defendant had manifested its consent to removal by filing its answer to the complaint in federal court within the thirty day removal period, 2) Fed. R. Civ. P. 61 permits the court to disregard any error or defect which does not affect the substantial rights of the parties and 3) the plaintiffs were unable to assert any prejudice. *Hernandez*, 688 F.Supp. 562-63.

Given the facts of the case at bar, retaining this matter in the District Court is appropriate. As in *Hernandez*, 1) the co-defendant here has timely filed its answer, manifesting its consent to removal, in the federal court, 2) the substantial rights of neither the plaintiff nor Home Depot are affected by disregarding the procedural error, Fed. R. Civ. P. 61, and 3) the plaintiff has not and will not be prejudiced by accepting Home Depot's Answer as consent or, in the alternative, by the filing of an amended answer or removal petition.[2]

Moreover, since the same counsel represents each defendant, the concerns that form the basis of the unanimity rule, *supra*, are alleviated. The fact that the same counsel represented all of the defendants was a fact known to the plaintiff, and to the court, before the thirty-day removal period expired. It would be disingenuous for the plaintiff to now rely on a technical defect to claim that he is surprised Home Depot would consent to removing the matter.

---

[2] The plaintiff claims procedural and evidentiary prejudice if this matter is retained in the District Court. These claims, however, are inapplicable to the inquiry of whether the plaintiff will be prejudiced by correcting a procedural defect. In that setting, there is no evidence that the plaintiff will be prejudiced if this case remains in District Court.

To the extent that Home Depot's consent is untimely, it is a procedural defect which the court within its discretion can easily order remedied by allowing Home Depot to amend its answer to the complaint to include an unambiguous assertion that it consents to having the matter removed to the District Court of Rhode Island or by instructing the defendants to file a Supplemental Notice of Removal *nunc pro tunc.*

C. HOME DEPOT IS A NOMINAL DEFENDANT FROM WHOM CONSENT IS NOT REQUIRED.

The rule of unanimity only applies to parties that are necessary or indispensable; the consent of a nominal party is not necessary when a matter is removed to federal court. *Ryan v. State Bd. of Elections*, 661 F.2d 1130, 1134 (7th Cir. 1981). The seminal test of whether a party is necessary or indispensable is:

> whether in the absence of the [ ] defendants, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff.

*Stonybrook Tenants Assoc., Inc. v. Alpert*, 194 F.Supp. 552, 559 (D.Conn. 1961). See also, *S.E.C. v. Cherif*, 933 F.2d 403, 414, n.13 (7th Cir. 1991) ("By definition a nominal defendant cannot be a 'necessary' or 'indispensable' party, as those terms are used in Fed. R. Civ. P. 19.")

Home Depot is a nominal party to this matter. The plaintiff seeks to impose liability on Home Depot solely on the basis of Home Depot's sale of a Black & Decker product in the same condition and in the same container as Home Depot received the product from Black & Decker. Compl. ¶¶ 6-7. Home Depot has no interest in the outcome of this matter and its connection is merely incidental. Any liability that may be imposed upon Home Depot will pass though to Black & Decker by virtue of it agreeing to assume Home Depot's defense, to indemnify Home Depot and to hold Home Depot harmless. Home Depot, therefore, will not be prejudiced by any judgment rendered in this matter. More importantly, declaring Home Depot as a nominal party

does not prejudice the plaintiff: he will receive the full amount of any judgment awarded even in Home Depot's absence.

In the event that the court requires Black & Decker to plead Home Depot's status as a nominal party, such an amendment to the removal petition is permitted under 28 U.S.C. § 1653. The removing party is permitted to amend the petition, pursuant to § 1653, to correct a technical jurisdictional defect even after the passage of the thirty-day removal period. *Odishelidze v. Aetna Life & Cas. Co.*, 853 F.2d 21, 24 (1st. Cir. 1988). Section 1653 "is normally construed liberally so as to avoid dismissals of complaints on technical grounds." *Id.* Failing to name Home Depot as a nominal party would be considered a technical jurisdictional defect that is curable. *N. Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273-74 (7th Cir. 1982).

In *Miller v. Principal Life Ins. Co.*, 189 F.Supp.2d 254 (E.D.Pa. 2002), the primary defendant timely removed the matter to federal court noting the complete diversity of the parties and the requisite jurisdictional amount. *Miller*, 189 F.Supp.2d 256-7. The removing defendant, after the plaintiff had filed its motion to remand and after the expiration of the thirty-day removal period, filed an amended notice of removal wherein he identified the co-defendant as a nominal party. *Id.* at 257. The court, acknowledging that failing to assert in the removal petition that a co-defendant is nominal is not a defect, states that even if it was a defect, pursuant to Supreme Court precedence and § 1653, it could permit the removing defendant to amend the removal petition to explain that the co-defendant was a nominal party. *Id.* at 257-58. The court thus denied the plaintiff's motion to remand the matter. See also, *N. Illinois Gas Co.*, 676 F.2d 270.

Similarly, in *Platton v. Kraftmaid Cabinetry, Inc.*, 2004 WL 350448 (E.D.Pa.) the court permitted the defendants to amend the removal petition *nunc pro tunc* under the auspices of § 1653 since the co-defendant retailer's failure, aside from entering a stipulation in the federal

court, to consent to removal was a technical defect which did not affect the subject matter jurisdiction of the court. *Platton*, 2004 WL 350448, *2-3.

The removal petition can be corrected if the petition and record of the state court proceedings reveal that Home Depot is a nominal party. *N. Illinois Gas Co.*, 676 F.2d 273; *Miller*, 189 F.Supp.2d 257. The plaintiff's complaint in this matter is grounded in the law of products liability. Again, the plaintiff seeks to impose liability on Home Depot solely on the basis of Home Depot's sale of a Black & Decker product in the same condition and in the same container as Home Depot received the product from Black & Decker. Compl. ¶¶ 6-7. Moreover, the record reflects that the same counsel represents all the defendants. This was a fact that was known to the court and to the plaintiff before the expiration of the removal period and it placed everyone on notice that Black & Decker had agreed to defend, indemnify and hold Home Depot harmless.

Cumulatively, the record in this matter clearly outlines Home Depot's status as a nominal defendant. As such, the defendants can amend the removal petition, *nunc pro tunc*, to reflect Home Depot's status as a nominal party and the plaintiff's motion to remand should be denied.

III. CONCLUSIONS

For the foregoing reasons, the defendants argue that the procedural and jurisdictional requirements to remove a matter to federal court have been satisfied. To the extent that there was a procedural defect, that defect is waivable and within the court's discretion to permit correction. Alternatively, Home Depot is a nominal defendant which is not required to consent to removal. However, to the extent that it was required to consent, its lack of consent was a technical jurisdictional defect which is curable by virtue of 28 U.S.C. § 1653. Thus, the court can order these defects corrected through ordering either an amended answer by Home Depot or the filing of a Supplemental Notice of Removal *nunc pro tunc*.

BLACK & DECKER (U.S.) INC., mistakenly named BLACK & DECKER, INC., DEWALT INDUSTRIAL TOOL CO. and HOME DEPOT U.S.A., INC.
By Their Attorneys
CARROLL, KELLY & MURPHY

C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
401-331-7272
401-331-4404 – facsimile

## CERTIFICATION

I hereby certify that a true and accurate copy of the within document was mailed by regular mail, postage prepaid, or hand delivered, from Carroll, Kelly & Murphy, One Turks Head Place, Suite 400, Providence, RI 02903 on this 12th day of May 2006, to counsel of record as follows:

Richard Abrams, Esq.
Abrams & Veri
999 Chalkstone Avenue
Providence, RI 02908

Paul S. Cantor, Esq.
Law Office of Paul S. Cantor
321 South Main Street, Suite 302
Providence, RI 02903