UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| ROBERT ESPOSITO,<br><br>       Plaintiff,<br><br>  v.<br><br>HOME DEPOT U.S.A., INC.,<br>BLACK & DECKER, INC.,<br>DEWALT INDUSTRIAL TOOL CO.,<br>and XYZ CORP.,<br><br>       Defendants. | C.A. No. 06-153S |

**DECISION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

The motion before this Court involves the important, if technical, requirement of unanimity among defendants when removing a case from state to federal court. Plaintiff Robert Esposito filed suit in Rhode Island Superior Court seeking to recover for injuries he suffered when a saw malfunctioned. The saw was manufactured by one of the Defendants and sold by Defendant Home Depot. Plaintiff has moved to remand the case to state court, invoking the rule of unanimity.

I. Background

Plaintiff alleges that he was injured on March 31, 2003 when a blade guard on a DW708 Sliding Compound Miter saw failed to engage. On March 16, 2006, Plaintiff filed a complaint in Rhode

Island Superior Court against three[1] defendants: Home Depot, U.S.A., Inc.; Black & Decker, Inc.; and Dewalt Industrial Tool Co. (collectively, Defendants). Home Depot was served on March 17, 2006, and Black & Decker and Dewalt were served on March 21, 2006.

On April 3, 2006, Black & Decker and Dewalt removed the case to this Court based on diversity jurisdiction. See 28 U.S.C. § 1332. Home Depot did not join the removal petition, and the petition was silent as to Home Depot.

On April 13, 2006, the same attorney who had filed the removal petition entered his notice of appearance on behalf of Home Depot and filed Home Depot's Answer in this Court.[2] Home Depot's Answer, however, did not specifically indicate its consent to removal.

On May 3, 2006, Plaintiff filed a Motion to Remand, arguing that removal was defective because Home Depot did not independently and unambiguously manifest its consent to removal within 30 days of service as required by 28 U.S.C. § 1446(b). Defendants objected, arguing that Home Depot's answer, filed in this Court within the 30-day period, sufficiently manifested its consent to removal.

---

[1] XYZ Corporation appears to be a fictitious party.

[2] Thus, all three Defendants are now represented by the same attorney.

II. <u>Analysis</u>

In order to remove an action from state court, a defendant must file in the district court of the United States a notice of removal within 30 days of service. <u>See</u> 28 U.S.C. § 1446(b). When there are multiple defendants, the "rule of unanimity" requires that all of the defendants "join" the removal petition.[3] <u>Sansone v. Morton Mach. Works, Inc.</u>, 188 F. Supp. 2d 182, 184 (D.R.I. 2002). While the rule of unanimity does not require that all of the defendants literally sign the removal petition, each defendant must independently manifest its consent to removal "clearly and unambiguously to the Court" within the 30 days allotted by the removal statute. <u>Id.</u>

Removal statutes are strictly construed in favor of state court jurisdiction. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-109 (1941); <u>Gorman v. Abbott Labs.</u>, 629 F. Supp. at 1198. Failure of all parties to manifest their consent to the court "constitutes a 'defect in removal procedure' and is grounds for remand." <u>Sansone</u>, 188 F. Supp. 2d at 184 (quoting <u>F.D.I.C. v. Loyd</u>, 955 F.2d 316, 320 (5th Cir. 1992)). Remand, however, is not

---

[3] Three exceptions to the rule of unanimity exist in a diversity case: nominal parties are not required to join in removal; defendants who have not yet been served with process at the time of the removal petition need not join; and distinct and independent claims or causes of action are separately removable. See <u>Gorman v. Abbott Labs.</u>, 629 F.Supp. 1196, 1200 (D.R.I. 1986).

3

mandatory unless the district court lacks jurisdiction. Hernandez v. Six Flags Magic Mountain, Inc., 688 F.Supp. 560, 562 (C.D. Cal. 1988) (citing 28 U.S.C. § 1447).

Courts differ with regard to what constitutes consent sufficient to establish compliance with the rule of unanimity. Id. For example, some courts require written consent, while others accept oral consent expressed directly to the court. Compare Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (requiring that each served defendant timely file a written indication of consent to removal) with Clyde v. Nat'l Data Corp., 609 F. Supp. 216, 218 (N.D. Ga. 1985) (permitting defendants to express their consent to removal orally to the court) and Colin K. v. Schmidt, 528 F. Supp. 355, 358 (D.R.I. 1981) (accepting an attorney's statement that he consented to removal at a conference before the court). Regardless of form, however, each individual defendant must independently manifest its own consent to the court. Sansone, 188 F. Supp. 2d at 185.

Plaintiff urges that the instant case follow the lead of Sansone. In Sansone, the two defendants' attorneys agreed by telephone to remove the case to federal court, but only one defendant filed for removal or otherwise notified the court of consent to removal within the statutorily prescribed 30 days. Id. at 183. The court remanded the case for defective removal because

consent communicated among defendants cannot take the place of each individual defendant's consent communicated directly to the court. Id. at 185. Thus, Plaintiff here argues that, like the second defendant in Sansone, Home Depot did not independently and unambiguously manifest its consent to removal by either joining the removal petition or explicitly stating its consent in another form, such as the Answer.

Defendants counter that Home Depot announced its consent to removal by filing its Answer in this Court, and contend that this case is more similar to Hernandez, which the Sansone Court distinguished. See Sansone, 188 F. Supp. 2d at 185. In Hernandez, a defendant failed to explicitly join the removal petition within the 30-day period, but did file an answer in the district court within the allotted 30-day period.[4] See Hernandez, 688 F. Supp. at 561. The Hernandez court denied the plaintiff's motion for remand, finding that the defendant "arguably satisfied the thirty day requirement in the statute when it answered the federal complaint within the thirty day period, thereby manifesting its intent to join in the removal." Id. at 562.

The Hernandez court is not alone in holding that an answer filed in district court within the 30-day period may satisfy the

---

[4] The defendant also filed an official consent to removal one day after the 30-day period expired. Hernandez, 688 F.Supp. at 561.

5

requirement that every defendant independently and timely manifest consent. Hernandez, 688 F. Supp. at 562. In Glover v. W. R. Grace & Co., Inc., 773 F. Supp. 964 (E.D. Tex. 1991) a plaintiff's motion to remand was denied where a defendant did not join the removal petition, but did manifest its consent to removal by filing an answer in the district court. Glover, 773 F. Supp. at 965.[5]

While Hernandez and Glover stand for the proposition that an answer silent on removal can serve as proper notification of consent, several courts have held that an answer filed in district court only provides the required manifestation of consent if the answer specifically manifests such consent. The Sixth Circuit, for example, held that a defendant's answer filed within the 30-day period, which explicitly stated that proper jurisdiction and venue were in the district court, was sufficient to manifest consent to removal. Harper v. Autoalliance Int'l, Inc., 392 F.3d 195, 202 (6th Cir. 2004); accord Local Union No. 172, Int'l Ass'n of Bridge, Structural Ornamental & Reinforcing Ironworkers v. P.J. Dick Inc., 253 F. Supp. 2d 1022, 1025 (S.D. Ohio 2003) (an answer filed without an explicit statement of consent to removal does not satisfy the rule of unanimity); Unicom Sys., Inc. v. Nat'l Louis Univ., 262 F. Supp. 2d 638, 643 (E.D. Va. 2003) (remand was

---

[5] In fact, the court accepted the defendant's answer as consent despite that the fact that it was filed four days after the 30-day period for removal had expired. Id.

required because defendant's answer, silent on removal, was not an affirmative and unambiguous manifestation of consent as required by the statute); Spillers v. Tillman, 959 F. Supp. 364, 372 (S.D. Miss. 1997) (same); Jarvis v. FHP of Utah, Inc., 874 F. Supp. 1253, 1254 (D. Utah 1995) (defendant's motion to dismiss filed in the district court did not sufficiently manifest consent to removal); Clyde, 609 F. Supp. at 218 ("His filing of an answer in this court . . . is not significant, since the answer was not only silent as to removal but also fell outside the thirty day period."). At least one court has gone ever further, holding that a defendant's answer, which stated that venue was proper, did not fulfil the consent requirement because the filing of an answer is not necessarily an expression of consent, but rather could have been a cautious lawyer's effort to avoid default. Prod. Stamping Corp. v. Md. Casualty Co., 829 F. Supp. 1074, 1077 (E.D. Wis. 1993).

The authorities that hold an answer silent on removal cannot fulfil the rule of unanimity are, for the most part, well reasoned and sensible. But in each of those cases, the non-assenting defendant was represented by separate counsel and may not have shared the desire to remove with the removing defendants. In such circumstances, for example, it is possible that counsel might file an answer yet still object to removal. Here, however, that possibility is virtually eliminated by the joint representation of

the Defendants. This is so because if Home Depot objected to removal by the other defendants, attorney Bengston would have been placed in a conflict situation that may well have required him to withdraw as counsel for either Home Depot or Black & Decker and Dewalt, or all three. (He could not very well file a removal petition for two defendants on one day and an objection on behalf of the third on the next.) Thus, any doubt about whether consent is manifested by the Home Depot Answer is eviscerated in these circumstances.

The rule of unanimity exists "to prevent the defendants from gaining an unfair tactical advantage by splitting the litigation and requiring the plaintiff to pursue the case in two fora simultaneously, thereby creating needless duplication of effort and additional expense." Sansone, 188 F. Supp. 2d at 184. In addition, the unanimity requirement works to "eliminate the risk of inconsistent state and federal adjudications and to prevent one defendant from imposing his choice of forum upon other unwilling defendants and an unwilling plaintiff." Id. Furthermore, maintaining a bright line rule regarding removal procedures minimizes the expenditure of precious judicial resources to determine whether all of the defendants did in fact consent to removal within the 30-day period, and whether the plaintiff was

prejudiced by the delay of communication of consent. Id. at 185-186.

Here, the fact that all of the Defendants are represented by the same counsel eliminates many of the concerns that drive the unanimity requirement. There is no risk that Plaintiff will be forced to sue the Defendants in two fora, or that Black & Decker and Dewalt have imposed their choice of forum upon Home Depot. Thus, while Home Depot should have formally joined Black & Decker and Dewalt's removal petition, or at least explicitly stated its consent to removal in its answer, remanding this case to state court based on Home Depot's procedural misstep does not serve any of the purposes of the rule of unanimity. Indeed it works the opposite way: remand potentially duplicates the action; increases the usage of judicial resources; delays the litigation; and likely increases costs. Moreover, even if Home Depot's Answer did not officially provide consent to the Court, Plaintiff was clearly put on notice, within the 30-day period, of Home Depot's consent to removal when Home Depot filed its Answer and notified this Court that it was represented by the same attorney who had removed the case on behalf of Black & Decker and Dewalt. See Hernandez, 688 F. Supp. at 562 ("At a minimum, plaintiffs were on notice that defendant's consent was forthcoming."). So, there is no prejudice to Plaintiff, and in fact, Plaintiff has not pointed to any

prejudice suffered as a result of Home Depot's failure to explicitly join Black & Decker and Dewalt in removal.

III. Conclusion

Home Depot manifested its consent to removal to this Court when its attorney, who had filed Black & Decker and Dewalt's removal petition, filed its Answer in this Court. Because this Court finds that Home Depot's Answer is consent in the factual context of this case, this Court need not reach Defendants' other arguments.[6]

Accordingly, Plaintiffs Motion to Remand is DENIED.

_____
William E. Smith
United States District Judge
Date: 7/6/06

---

[6] Defendants also argued that this Court had discretion to keep the case in federal court despite the procedural defect, and that Home Depot is a nominal party whose consent is not required for proper removal.