AO 88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

ROBERT ESPOSITO

V.

HOME DEPOT, U.S.A., INC.
BLACK & DECKER, INC., DEWALT
INDUSTRIAL TOOL CO., and XYZ CORP.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:[1] 06-153S

TO: Keeper of Medical Records, Kent County Hospital
455 Tollgate Road, Warwick, RI 02886

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit 1

| PLACE | DATE AND TIME |
|---|---|
| Carroll Kelly & Murphy before C. Russell Bengtson<br>One Turks Head Place, Suite 400<br>Providence RI 02903 | October 6, 2006<br>1:30 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendant | 9-14-06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
C. Russell Bengtson
Carroll Kelly & Murphy
One Turks Head Place Suite 400 Providence RI 02903 (401) 331-7272

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

A true and accurate copy of all medical records, reports and memoranda for and bills for treatment rendered to Robert J. Esposito, d/o/b – 9/22/1931, now or formerly of 66 Stillwater Road, Esmond, RI 02917 for each, all and every injury, disease or malady up to and including the present; including, but not limited to intake sheets, health history questionnaires, all copies of all office notes and notations; treatment notes; reports (either yours or received by others); correspondence to or from third parties such as attorneys; insurers or other health care facilities; laboratory test results; x-ray reports; records for payment and bills; and any other document, not already described above, relating to Robert J. Esposito. This subpoena is intended to be all-encompassing and is **NOT** restricted to any one accident or course of treatment.

**Copies of the Records may be sent by Certification Pursuant to R.I.G.L. §9-19-39.**

## ATTACHMENT 1

## SUPERIOR COURT RULES OF CIVIL PROCEDURE

**Rule 45.**

*Subpoena*

(a) *Form; Issuance.* Every subpoena shall be issued by the clerk of court or a notary public or other officer authorized by statute, shall state the name of the court and the title of the action, and shall command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated documents or tangible things in the possession, custody or control of that person or to permit inspection of premises at a time and place therein specified. The subpoena shall set forth the text of subdivisions (c) and (d) of this rule.

A command to produce evidence or to permit inspection may be joined with a command to appear at trial or hearing or at deposition, or may be issued separately.

(b) *Service.* A subpoena may be served by the sheriff, by the sheriff's deputy, by a constable, or by any other person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law. When the subpoena is issued on behalf of the state or an officer or agency thereof, fees and mileage need not be tendered. Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b). A subpoena may be served at any place within the state.

*(c) Protection of Persons Subject to Subpoenas.*

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iii) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the

subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

*(d) Duties in Responding to Subpoena.*

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(e) *Contempt.* Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court in which the action is pending.

**ATTACHMENT 2**
**Rhode Island General Laws § 5-37.3-6.1**

**§ 5-37.3-6.1. Court proceedings--Confidential health care information**

(a) Except as otherwise provided in section 5-37.3-6, a health care provider or custodian of health care information may disclose confidential health care information in a judicial proceeding if the disclosure is pursuant to a subpoena and the provider or custodian is provided written certification by the party issuing the subpoena that:

(1) A copy of the subpoena has been served by the party on the individual whose records are being sought on or before the date the subpoena was served, together with a notice of the individual's right to challenge the subpoena; or, if the individual cannot be located within this jurisdiction, that an affidavit of that fact be provided; and

(2) Twenty (20) days have passed from the date of service on the individual and within that time period the individual has not initiated a challenge; or

(3) Disclosure is ordered by a court after challenge.

(b) Within twenty (20) days after the date of service of a subpoena, an individual or his/her authorized representative may file a motion to quash the subpoena in the court in which the case is pending or, if no case is pending, in superior court. A copy of the motion to quash shall be served by the movant upon the party issuing the subpoena in accordance with the rules of civil procedure.

(c) The party issuing the subpoena may file with the court such papers, including affidavits and other sworn documents, as sustain the validity of the subpoena. The movant may file with the court reply papers in response to the issuing party's filing. The court, upon receipt of these papers may proceed in camera. The court may conduct such proceedings as it deems appropriate to rule on the motion, but shall endeavor to expedite its determination.

(d) The court shall grant a motion to quash unless the requesting party can demonstrate that there is reasonable ground to believe the information being sought is relevant to the proceedings, and the need for the information clearly outweighs the privacy interest of the individual.

(e) In determining whether the need for information clearly outweighs the privacy of the individual, the court shall consider:

(1) The particular purpose for which the information was collected;

(2) The individual's reasonable expectation of privacy in the information;

(3) The degree to which disclosure of the information would embarrass, injure, or invade the privacy of the individual;

(4) The effect of the disclosure on the individual's future health care;

(5) The importance of the information to the lawsuit or proceeding; and

(6) Whether the information is available from another source, including rule 35 of the rules of civil procedure.

(f) If the court determines that a subpoena should issue, the information shall not be disclosed for any other purpose except as otherwise authorized by this chapter.

(g) Nothing contained herein shall be construed to bar a health care provider or custodian of health care information from filing a motion to quash a subpoena for such information in accordance with the rules of civil procedure.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO | : | |
| | : | |
| VS. | : | C.A. NO. 06-153 S |
| | : | |
| HOME DEPOT U.S.A., INC., | : | |
| BLACK & DECKER, INC., DEWALT | : | |
| INDUSTRIAL TOOL CO., and XYZ CORP. | : | |

CERTIFICATION OF NOTICE OF RIGHT TO CHALLENGE SUBPOENA

I, C. Russell Bengtson, Esquire, counsel for defendant pursuant to Rhode Island General Laws Section 5-37.3-6.1, as amended, hereby certify that:

(a) A copy of the within Subpoena Duces Tecum was served upon the plaintiff's legal counsel more than twenty (20) days before the date set for said deposition;

(b) The plaintiff's legal counsel has been served with notice of the right to challenge said Subpoena; and

(c) The plaintiff has placed his/her medical condition at issue in the instant litigation.

(d) Defendant has not received an objection or a challenge to the aforementioned Subpoena Duces Tecum from any party.

CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile

CERTIFICATION

I hereby certify that on September 14, 2006, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Richard I Abrams, Esq. rabrams@abrams-verri.com will receive notice through the ECF system and that a true copy of the within document was mailed to Paul S. Cantor, Esq., 321 South Main Street, Suite 302, Providence, RI 02903.

/s/ C. Russell Bengtson