STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

ROBERT ESPOSITO :
:
VS. : C.A. NO. KC06-238
:
HOME DEPOT U.S.A., INC., :
BLACK & DECKER, INC., DEWALT :
INDUSTRIAL TOOL CO., and XYZ CORP. :

INTERROGATORIES

To: Robert Esposito
From: Black & Decker (U.S.), Inc.

Pursuant to Rhode Island Rules of Civil Procedure, you are requested to answer the following Interrogatories:

Definitions and Instructions

A. Definitions

1. **Document** -- When used in these Interrogatories, the term "document" shall be used in its broadest sense so as to include recorded information in any form, and shall include without limitation both an original and any non-identical copy, writing, any printed or graphic representation, catalogue, circular, advertisement, brochure, label, manual, report, letter, drawing, sketch, note and memorandum. The term "document" shall also include any information stored in, maintained on or accessible through computers, disk drives, or other electronic storage media, or other information storage or retrieval systems including without limitation program files, data files and data compilations from which information can be obtained (translated, if necessary, by you, into a reasonably useable form), together with the codes or programming instructions and other materials necessary to understand and use such systems.

2. **Governmental Agency** -- When used in these Interrogatories, the term "Governmental Agency" shall mean any local, state or federal agency or organization whatsoever, or anyone acting on their behalf, including without limitation fire department, police department, fire marshal, Consumer Product Safety Commission or similar local or state agency.

3. **Identify/Identity** -- When used in these Interrogatories, the term "identify" or "identity" when used in connection with a person, shall mean that you provide the full name, business and home address, business and home telephone number, employer, date of birth, and

social security number. When used in connection with a document, the term "identify" or "identity" shall mean that you provide either the document itself, or the following:

a. date(s) the document was generated,
b. identify the author(s) of the document,
c. description of the document (e.g., letter, deed, memorandum, etc.),
d. identify any indicated recipients) of the document,

e. identify every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure,
f. subject matter of the document,

4. **Incident** -- When used in these Interrogatories, the term "Incident" shall mean the alleged incident referred to in the complaint in this matter, and from which you seek to impose liability on this defendant.

5. **Person** -- When used in these Interrogatories, the term "person" includes any individual, partnership, corporation or other business or legal entity, unincorporated association, or society, municipal or other corporation, local, state or federal government, their agencies or political subdivisions, any court or Governmental Agency. The singular shall include the plural, and the male shall include the female.

6. **Photograph** -- When used in these Interrogatories, the term "photograph" shall mean any visual photographic or electronic reproduction of any type whatsoever, including without limitation negatives, slides, photographs, motion pictures, films, videotapes and computer graphics files. When copies of photographs are provided, you shall produce (at the expense of this defendant), unretouched (or otherwise modified by electronic or photographic means) full-frame 8 inch by 10 inch glossy photographs from original negatives of all frames of all rolls of film, together with a contact sheet showing each such negative. When copies of videotapes are provided, you shall produce (at the expense of this defendant) an unretouched (or otherwise modified by electronic or photographic means) copy from the original tape recording.

7. **Product** -- When used in these Interrogatories, the term "Product" shall mean any and all products alleged by you to be defective, and shall include, without limitation, the product itself and any component parts, whether or not contained within the product.

8. **Property** -- When used in these Interrogatories, the term "Property" shall mean the real property on which the Incident occurred, including without limitation any buildings or other improvements.

9. **You/Your** -- When used in these Interrogatories, the term you" or "your" shall refer to the party to whom this request is directed, and shall include anyone acting on behalf of that party, over whom that party has control, or which is, or may be, subrogated to that party's interests, including without limitation any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, or other person or entity.

B. Instructions

1. Your response to these Interrogatories shall be made within thirty (30) days after its service on you.

2. If you refuse to respond to any of these Interrogatories, or to identify any document, on the basis of a claim of privilege or exemption from discovery, please furnish the following information for each such document:

a. date(s) the document was generated,
b. identify the author(s) of the document,
C. description of the document (e.g., letter, deed, memorandum, etc.),
d. identify any indicated recipients) of the document,
e. identify every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure,
f. subject matter of the document,
g. basis for claiming privilege or exemption from discovery, and
h. all facts upon which you rely to support your claim or privilege or exemption from discovery.

3. In the event you object to any Interrogatory in whole or in part, state in complete detail in your response the nature of your objection, and comply with any part of the request to which you do not object.

4. These Interrogatories require you to provide information within your knowledge, and the knowledge of anyone over whom you have control, including, without limitation any officer, agent, servant, employee, attorney, insurance company, investigator or independent adjusting company.

5. These Interrogatories are continuing in character so as to require you to promptly supplement your response if you obtain further or different information after filing your response, in accordance with [insert appropriate state procedural rule reference or, if in federal court, Rule 26(e), Federal Rules of Civil Procedure].

Interrogatories

1. Identify yourself as defined above, and identify any person who assisted in, or who was consulted concerning, the preparation of your response.

2. Describe in complete detail each defect in the design, manufacture, or materials of the Product or any of its component parts, that you contend caused or contributed to the Incident or your damages, including without limitation in your description, the exact electrical,, mechanical or chemical nature of the defect; the parts or components defective; and the hazard or risk created by each such defect and identify any documents concerning, involving or in any way related to your response.

3. If you contend that the Product was defective, describe in complete detail each alternative design or modification that you contend was possible to reduce or eliminate the hazard, including without limitation in your description, whether or not each design or modification is commercially available; the identity of any product using the commercially available alternative design; and identify any document concerning, involving or in any way related to your response.

4. Describe in complete detail any warranty or other contractual provision you contend was breached by this defendant, including without limitation in your description, whether you contend the warranty was express or implied and identify any documents concerning, involving or in any way related to your response.

5. Describe in complete detail any warning or instruction you contend this defendant provided improperly or failed to provide in connection with the Product, including without limitation in your description, the manner in which you contend any warning or instruction provided by this defendant was improper, the content of any warning or instruction you contend was proper or required, the manner in which you contend that warning or instruction should have been provided, whether any commercially available alternative product uses the warning or instruction you contend was proper or required, the identity of any commercially available alternative product that uses the warning or instruction you contend was proper or required, and identify any documents concerning, involving or in any way related to your response.

6. Describe in complete detail any act of omission or commission by which you contend this defendant was negligent and which you contend caused or contributed to the Incident, including without limitation in your response, the date, time and place of each act of omission or commission and identify any documents concerning, involving or in any way related to your response.

7. Identify each person whom you expect to call as an expert witness at any hearing or trial in this matter, and describe in complete detail the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify, the grounds for each opinion, and the substance of any written report prepared by any such expert.

8. If you contend that any statute; code; regulation; or industry, trade or voluntary standard applied to the design, testing, creation, manufacture, assembly, sale, distribution, packaging, use, instruction for the use of, or warnings concerning the use of, the Product or any component parts (including without limitation any packaging, manual or other documents accompanying the Product at the time of sale), describe such contention in complete detail, including without limitation in your description, the identity of the statute; code; regulation; or industry, trade or voluntary standard that you contend applies, each instance in which you contend the Product fails to comply, each section of the statute, code, regulation or industry, trade or voluntary standard with which you contend the Product fails to comply, each change to the Product that you contend is required so that the Product would comply with any such statute;

code; regulation; or industry, trade or voluntary standard and identify any documents concerning, involving or in any way related to your response.

9. Describe in complete detail any testing, analysis, or other inspection of the Product undertaken by you, or anyone on your behalf, and indicate whether and in what way the Product was disassembled or altered in any way during such testing, analysis, or other inspection.

10. Describe in complete detail any testing, analysis, or other inspection undertaken by you, or anyone on your behalf, of any product that you contend is the same or a similar model as the Product, or any other product or exemplar (whether or not designed, tested, created, manufactured, assembled, sold or distributed by this defendant) that you contend is relevant to any of the issues in this case and identify any documents concerning, involving or in any way related to your response.

11. Identify any person who was a witness to or has knowledge of the facts, circumstances and events surrounding the Incident or that caused or resulted in your claim against this defendant or any damages sought by you, or who otherwise has knowledge relevant to the issues in this case and identify any documents concerning, involving or in any way related to your response.

12. Identify any person known to you or to your attorney who arrived at the scene of the Incident within 48 hours of the happening of the Incident.

13. Identify every person with whom you spoke within 3 hours after the Incident and provide the details of the information conveyed by you during any such conversation.

14. Describe in complete detail all losses, expenses or damages you seek to recover from this defendant, including without limitation in your description, the full itemized amount of all money damages you seek; the manner in which that amount was calculated; and the amount, date and type of personal injury, property loss, additional living expenses, lost wages, loss of earning capacity, or other expense or damage you claim.

15. If you claim to be entitled to lost income due to the alleged Incident, please state the place or places from which you lost income; each employer's name and address for the past five years; the type and nature of each such employment; your rate of pay for the thirty day period before the Incident; your rate of pay now; your yearly reported income for the three year period before the Incident and each year since the Incident; and the total amount of income you claim was lost as a result of the Incident.

16. Identify each known written, signed, or recorded statement or report concerning any facts relating to the alleged Incident, including the identity of the person who gave the statement or report, the date of each statement or report, and the present custodian of each statement or report.

17. State whether you contend this defendant or any of its officers, agents, or employees, or any other person you contend was acting on behalf of, with the authority of, or who could otherwise bind this defendant, made any oral statements that constitute an admission concerning, involving or in any way related to the f acts, circumstances, and events that caused or resulted in your claim against this defendant or any damages sought by you, or which are otherwise relevant to the issues in this case, and if so, describe each statement in complete detail, including in your description without limitation, the identity of the person making the statement; that person's relationship to this defendant; the content of the statement; the date, time and place of the statement; the identity of each person who was a witness to or heard the statement or who otherwise has personal knowledge of the statement; ' and identify any documents concerning, involving or in any way related to your response.

18. If you contend that a person other than this defendant acted in such a manner to cause or contribute to the Incident, please identify that person and give a concise statement of the facts upon which you rely in support of your contention.

19. State whether you have entered into any settlements or releases with any person other than this defendant in connection with the Incident, and if so, identify the parties to each settlement or release; the terms of each settlement or release; the date of each settlement or release; and identify any document concerning, involving or in any way related to your response.

20. If you consumed any alcoholic beverage of any type, or any sedative; tranquilizer; or other drug, medication, or pill during the eight hour period immediately preceding the Incident, state the nature, amount, and type of each such item consumed; the amount of time over which consumed; and the identity of any and all persons who have any knowledge as to your consumption of any of these items.

21. State whether you have ever been convicted of or have pleaded guilty to any crime (other than minor traffic violations) and state the nature of any such offense, the date of said conviction or plea, the name of the court, the court docket reference involved in that conviction or plea, and whether you were represented by counsel at the time of the conviction or plea.

22. Describe in complete detail the manner in which you contend the Incident occurred, and provide a detailed chronology of every movement and event that occurred during the 15 seconds prior to and leading up to your injury, including without limitation in your description, the position of your hands, feet, and body in relation to the Product and work piece; the manner in which your hand contacted the blade, including the approximate angle of approach to the blade and the area or portion of the blade contacted; the type of clothing you were wearing, including a description of the shoes and any gloves you were wearing; the nature of any protective gear or devices you were wearing or using at the time of the Incident; the type and dimension of any work piece you were cutting at the time of the Incident; whether and in what manner the Product was mounted to anything; whether and in what manner the work piece was secured or supported at the time of the Incident; the type of cut, including the depth and/or angle of cut you were making at the time of the Incident; a description, by dimension or otherwise, of any cut you had made immediately prior to the Incident; the position of the Product at the time of

the Incident; whether the Product was under power at the time you contacted the blade; if the Product was not under power at the time you contact the blade, a description of how much time had elapsed between when the Product was last under power and the time you contacted the blade; the purpose for which you were making the cut or the intended use of the work piece; and a description of the blade on the Product at the time of the Incident.

23. Identify every person or entity, including without limitation any Governmental Agency, who conducted an investigation of the Incident, including without limitation in your description, the identity of each person contacted or interviewed in connection with the investigation; the date of each contact or interview; the identity of each person from whom statements in any form were taken; the date of each such statement; the identity of any person taking each statement; and identify any documents concerning, involving or in any way related to your response.

24. If you are claiming personal injury arising from the Incident, describe in complete detail the nature and extent of the injury and any treatment you received therefore, including without limitation in your description, the present status of the injury; whether and to what extent you claim any injury is permanent; whether you contend you will be required to undergo future medical treatment and the nature or cost of any such future medical treatment; the identity of any health care provider from which you sought treatment; the date and nature of the treatment provided by each; and the name, location, duration and date of each admission or out-patient visit to a hospital or other health care provider and identify any documents concerning, involving or in any way related to your response.

25. If you are claiming personal injury arising from the Incident, describe in complete detail any other demand, claim or lawsuit (including without limitation any claim for workers' compensation or Social Security benefits or a claim against any life, health, homeowners, accident or disability insurance policy) asserted, made or pursued by you for personal injury relating to this or any other incident, including without limitation in your description, the nature of the injury claimed, the identity of the person against whom each claim was made ' the date of each claim, the amount of each claim, and the disposition and result of each claim and identify any documents concerning, involving or in any way related to your response.

26. If you are claiming personal injury arising from the Incident, describe in complete detail your medical history prior to, and subsequent to, the date of the Incident, including without limitation, a description of each physical or mental illness, injury or condition which required examination or treatment by a health care provider; the date and duration of each illness; the identity of each health care provider and the date and nature of treatment provided by each; whether the illness, injury, or condition persisted with symptoms or disability at the date of the Incident; and the name, location, duration " and date of each admission or outpatient visit to a hospital or other health care provider for any illness, injury or condition; and identify any documents concerning, involving or in any way related to your response.

27. Describe in complete detail how you purchased or otherwise came into possession of the Product, including without limitation, the identity of the person from whom you purchased

or obtained the Product; the identity of the owner of the Product if it is not you; the consideration or purchase price you paid for the Product; when you purchased or first obtained the Product; a description of any accessories, parts, manuals, instructions, worksheets, warranties, warnings, or other materials or documents that accompanied the Product when you obtained it or that relate to the Product and otherwise came into your possession; any representations you contend were made by this defendant that you relied upon in purchasing or otherwise obtaining the Product; and identify any documents concerning, involving or in any way related to your response.

28. Describe in complete detail your use of the Product prior and subsequent to the Incident, including without limitation in your description, your use of the Product on the day of the occurrence, including the number of cuts you made with the Product on the day of the Incident; the frequency of use prior to the Incident; the method of use; the frequency and method of cleaning; any alteration, adjustment, modification, maintenance or repair of the Product before or after the Incident; the identity of any person who performed or participated in any alteration, modification, maintenance or repair; and identify any documents concerning, involving or in any way related to your response.

29. Describe in complete detail the use of the Product by anyone other than yourself both prior to and after the Incident and indicate each person who has knowledge or claims to have knowledge concerning the condition of the Product or its parts, pieces, or remnants at any time before, after, or during the alleged Incident.

30. Describe in complete detail any damage to; malfunction of; or problem with the Product, including any problems with the switch or any guarding mechanism, prior to or during the Incident, including without limitation in your description, the nature and manifestation of each damage, malfunction or problem; the date each damage, malfunction or problem occurred; the circumstances in which each damage, malfunction or problem occurred; any action you took to repair or rectify the damage, malfunction or problem; and identify any documents concerning, involving or in any way related to your response.

CARROLL, KELLY & MURPHY

C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile

CERTIFICATION

I hereby certify that I mailed a true copy of the within to Richard C. Tallo, Esquire, P.O. Drawer 9007, Providence, RI 02940 on the 31st day of March, 2006.

[signature]