STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

ROBERT ESPOSITO

VS. C.A. NO. KC06-238

HOME DEPOT U.S.A., INC.,
BLACK & DECKER, INC., DEWALT
INDUSTRIAL TOOL CO., and XYZ CORP.

REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rhode Island Rules of Civil Procedure plaintiff is requested to produce as provided below the following, and to file a written response to this request.

Definitions and Instructions

The items requested should be construed in accordance with the following definitions and instructions:

A. Definitions

1. **Document** -- When used in this request, the term "document" shall be used in its broadest sense so as to include recorded information in any form, and shall include without limitation both an original and any non-identical copy, writing, any printed or graphic representation, catalogue, circular, advertisement, brochure, label, manual, report, letter, memorandum, drawing, sketch and note. The term "document" shall also include any information stored in, maintained on or accessible through computers, disk drives, or other electronic storage media, or other information storage or retrieval systems including without limitation program files, data files and data compilations from which information can be obtained (translated, if necessary, by you, into a reasonably useable form), together with the codes or programming instructions and other materials necessary to understand and use such systems.

2. **Governmental Agency** -- When used in this request, the term "Governmental Agency" shall mean any local, state or federal agency or organization whatsoever, or anyone acting on their behalf, including without limitation fire department, police department, fire marshal,, Consumer Product Safety Commission or similar local or state agency.

3. **Incident** -- when used in this request, the term "Incident" shall mean the alleged incident referred to in the complaint in this matter, and from which you seek to impose liability on this defendant.

4. **Person** -- When used in this request, the term "person" includes any individual, partnership, corporation or other business or legal entity, unincorporated association, or society, municipal or other corporation, local, state or federal government, their agencies or political subdivisions, any court or Governmental Agency. The singular shall include the plural, and the male shall include the female.

5. **Photograph** -- When used in this request, the term "photograph" shall mean any visual photographic or electronic reproduction of any type whatsoever, including without limitation negatives, slides, photographs, motion pictures, films, videotapes and computer graphics files. When copies of photographs are provided, you shall produce (at the expense of this defendant), unretouched (or otherwise modified by electronic or photographic means) full-frame 8 inch by 10 inch glossy photographs from original negatives of all frames of all rolls of film, together with a contact sheet showing each such negative. When copies of videotapes are provided, you shall produce (at the expense of this defendant) an unretouched (or otherwise modified by electronic or photographic means) copy from the original tape recording.

6. **Product** -- When used in this request, the term "Product" shall mean any and all products alleged by you to be defective, and shall include, without limitation, the product itself and any component parts, whether or not contained within the product.

7. **Property** -- When used in this request, the term "Property" shall mean the real property on which the Incident occurred, including without limitation any building or other improvements.

8. **You/Your** -- When used in this request, the term "you" or "your" shall refer to the party to whom this request is directed and shall include anyone acting on behalf of that party, over whom that party has control, or which is, or may be, subrogated to that party's interests, including without limitation any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, or other person or entity.

B. Instructions

1. Your response to this request shall be made within thirty (30) days after its service on you.

2. If any documents are withheld from production on the basis of a claim of privilege or exemption from discovery, please furnish the following information for each such document:

a. date(s) the document was generated,
b. name, address, employer, title and telephone number of the author(s) of the document,
c. description of the document (e.g. , letter, deed, memorandum, etc.),
d. name, address, employer, title and telephone number of any indicated recipients) of the document,

e name, address, employer, title and telephone number of every person to whom the document has ever been disclosed, and the date(s) and circumstances of each such disclosure,

f. subject matter of the document,

g. basis for claiming privilege or exemption from discovery, and

h. all facts upon which you rely to support your claim or privilege or exemption from discovery.

3. In the event you object to any request in whole or in part, state in complete detail in your response the nature of your objection, and comply with any part of the request to which you do not object.

4. These requests require you to produce items in your possession, and items in the possession of anyone over whom you have control, including, without limitation any officer, agent, servant, employee, attorney, insurance company, investigator or independent adjusting company.

5. Items in response to this request shall be produced either as they are kept in the ordinary course of business or organized and labeled to correspond with the categories in this request. The documents shall be produced in a fashion allowing inspection of all written or graphic material on the front and back of the documents.

6. These requests are continuing in character so as to require you to promptly supplement your response if you obtain further or different information after filing your response, in accordance with [insert appropriate state procedural rule reference or, if in federal court, Rule 26(e), Federal Rules of Civil Procedure].

7. When items of physical evidence, debris, material or other items are requested, they shall be produced in the same condition as they existed at the time of the Incident.

<u>Documents to Be Produced for Inspection and Copying</u>

The following documents shall be produced for inspection and copying:

1. Any documents identified in, or responsive to, your Answers to Interrogatories propounded by this defendant.

2. Any document concerning, involving, or in any way related to the purchase of the Product, including without limitation, any sales slip, charge account statement, invoice, bill, canceled check, packing slip, delivery ticket, or purchase order.

3. If you did not purchase the Product, any document concerning, involving, or any way related to your coming into possession of the Product, including without limitation, any charge account slip, invoice, bill, canceled check, packing slip, delivery ticket, or rental order.

4. Any document concerning, involving, or in any way related to any maintenance, repair, inspection, alteration or servicing of the Product.

5. Any document concerning, involving, or in any way related to the instructions, use, installation, or performance of the Product, including without limitation, use and care manuals, warranties, directions, instructions, or warnings.

6. Any document accompanying the Product at the time of sale, or at the time it came into your possession (or, in the case of an insurance company, into the possession of your insured) , including without limitation packaging, wrapping, containers, labels, directions, instructions, warnings, catalogues, or brochures.

7. Any document concerning, involving, or in any way related to any warnings for the use of the Product.

8. Any document you contend forms the basis for any claim of breach of warranty or contract.

9. Any insurance policy which may provide coverage for any losses arising from the Incident, including without limitation any declarations page, attachments, endorsements, amendments or other attachments, whether or not in effect at the time of the Incident.

10. Any document concerning, involving or otherwise related to any changes or alterations in the limits of insurance coverage provided to you at any time.

11. The complete application file for any insurance policy that may provide coverage for any losses arising from the Incident.

12. The complete file of any insurance company to which you reported the Incident, or any losses arising from the Incident, or which is, or may be subrogated to your interests, including without limitation, any investigation, adjuster, field, desk, claim or subrogation file.

13. Any document concerning, involving, or in any way related to the Product or the Incident prepared by any Governmental Agency.

14. Any document identifying the Product as being designed, tested, created, manufactured, assembled, sold or distributed by this defendant.

15. Any document you obtained from any Governmental Agency, including through requests under the United States or any state or local Freedom of Information Act, that mentions this defendant; the Incident; the Product; any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or any product or exemplar that you contend is the same or a similar model as the Product (whether or not related to the Incident).

16. Any photograph (as defined herein) taken of the scene of the Incident, whether taken by you or by any Governmental Agency.

17. Any photograph (as defined herein) taken of the Product after the Incident occurred whether taken by you or by any other person.

18. Any photograph (as defined herein) taken of any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant, or any product or exemplar that you contend is the same or a similar model as the Product, whether taken by you or by any other person.

19. Any photograph (as defined herein) of the Product taken before the Incident occurred.

20. Any X-ray or other recorded radiographic or diagnostic study (including without limitation, fluoroscopy, ultrasonography, scanning electron microscopy, light microscopy, or energy dispersive analysis x-ray (EDAX)) of the Product; any component part thereof; any other physical evidence, debris, material or other item located at the scene of the Incident at the time of the Incident; any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or any product or exemplar that you contend is the same or a similar model as the Product, whether taken by you or by any other person.

21. Any document concerning, involving or in any way related to the damages you contend you suffered as a result of the Incident or your reimbursement for those alleged damages, including without limitation, any correspondence to or from any insurance carrier or contractors, medical bills, tax returns, pay stubs, W-2 forms, or other employment-related records.

22. Your federal and state tax returns for the five years prior to the Incident and for each year since the Incident.

23. If you claim to entitled to lost income due to the alleged Incident, any documents that you contend substantiate your claim for lost income, including any documents indicating your past and present employment status, the type and nature of each such employment, your rate of pay at any other employment, and the total amount of income you claim as lost as a result of the Incident.

24. Any document in your possession (obtained from any source whatsoever) that purports to be, or you contend was, written, created and/or received by, for, or on behalf of, this defendant, or any of its officers, agents, or employees, or any other person you contend was acting on behalf of or with the authority of this defendant, or which is in any way a business record of this defendant.

25. Any document in your possession (obtained from any source whatsoever) that records the statements or testimony of this defendant, or any of its officers, agents, or employees,

or any other person you contend was acting on behalf of or with the authority of this defendant, including without limitation transcripts of depositions.

26. Any document in your possession (obtained from any source whatsoever) concerning, involving or in any way related to litigation or claims against this defendant involving the Product; any other product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or any product or exemplar that you contend is the same or a similar model as the Product, including without limitation, transcripts of depositions and pleadings or other litigation documents.

27. Any document in your possession (obtained from any source whatsoever) concerning, involving, or in any way related to this defendant; the Incident; the Product; any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or any product or exemplar that you contend is the same or a similar model as the Product.

28. Any document in your possession (obtained from any source whatsoever) concerning, involving or in any way related to alleged defects in the Product; in any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or in any product or exemplar that you contend is the same or a similar model as the Product.

29. Any document you obtained from, or to which you have access through, any litigation clearinghouse, or any other association, organization, group or individual, including without limitation any one operated by the American Trial Lawyers Association or the Attorney's Information Exchange Group, that concerns, involves or in any way relates to this defendant; the Product; any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or any product or exemplar that you contend is the same or a similar model as the Product.

30. Any document that you contend contains any admission by this defendant or that you contend is binding on this defendant, with reference to any of the issues contained in this case, or that relates to any facts surrounding the Incident.

31. Any document (including without limitation any original recording) that contains any statement relative to any of the issues contained in this case, or that relates to any facts surrounding the Incident.

32. Any document concerning, involving or in any way related to the disposition of any physical evidence, debris, material or other item from the Property or the scene of the Incident that was not preserved.

33. Any document concerning, involving or in any way related to any decision (whether or not made by you) to preserve or not preserve any physical evidence, debris, materials or other items from the Property or the scene of the Incident.

34. Any document concerning, involving or in any way related to the date and time when you first visited or inspected the scene of the Incident after the Incident.

35. Any document concerning, involving or in any way related to the date and time when you first undertook any investigation to assess, or identify the Product as being allegedly defective.

36. Any document concerning, involving or in any way related to the date and time when you first undertook any investigation to identify this defendant as the alleged manufacturer of the Product.

37. Any document concerning, involving or in any way related to the date and time when you first notified this defendant in any way about the Incident.

38. Any document concerning, involving or in any way related to the date and time when you first undertook any investigation to determine, or when you concluded, that this defendant breached any warranty or contract pursuant to which you seek to recover in this action.

39. Any document concerning, involving or in any way related to any notice that you provided to this defendant that this defendant breached any warranty or contract pursuant to which you seek to recover in this action.

40. Any document concerning, involving or in any way related to the identity of any person who visited, inspected or was in any way present at the scene of the Incident during the twelve hour period before and the 48 hour period after the Incident.

41. Any document provided to, or prepared by, for, or at the direction of, or which in any way was relied upon or forms the basis for the opinions of, any person you expect to call as an expert witness at trial or any hearing in this matter.

42. Any document provided to, or prepared by, for, or at the direction of, any person who examined the scene of the Incident or any physical evidence, debris, materials or other items removed from the scene of the Incident.

43. Any document provided to, or prepared by, for, or at the direction of, any person who investigated the Incident, the scene of the Incident, or your alleged damages, including without limitation, any adjuster, appraiser, inspector, investigator or insurer.

44. Any document concerning, involving or in any way related to the inspection by any Governmental Agency or other person of the Product (whether occurring before or after the Incident).

45. Any document prepared by, for, or at the direction of, any person you expect to call as an expert witness at trial or any hearing in this matter, that concerns, involves or in any

way relates to this defendant; the Product; any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or any product or exemplar that you contend is the same or a similar model as the Product, whether or not prepared in connection with this matter.

46. The curriculum vitae, resume or other summary of the qualifications of any person you expect to call as an expert witness at trial or any hearing in this matter, including without limitation, a list of all publications authored or co-authored by the witness; the amount of and basis for the compensation of the witness; and a list of cases (described by name of case, jurisdiction, case number, and date of testimony) in which the witness has testified over the last 10 years.

47. Any document concerning, involving or in any way related to any testing, analysis, or other inspection of the Product; any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or any product or exemplar that you contend is the same or a similar model as the Product or any other product (whether or not designed, tested, created, manufactured, assembled, sold or distributed by this defendant) and that you contend is relevant to any of the issues in this case.

48. Any document concerning, involving or in any way related to any design, testing, analysis or other inspection of any alternative design or modification that you contend was possible to reduce or eliminate the hazard allegedly caused or contributed to by any defect in the Product.

49. Any document concerning, involving or in any way related to any destructive testing or other changes to, or alterations of, the Product or any component part thereof; any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed by this defendant; or any product or exemplar that you contend is the same or a similar model as the Product.

50. Any document concerning, involving or in any way related to any destructive testing or other changes to, or alterations of, the Product or any component part thereof; that you contend was performed or caused by this defendant or any of its officers, agents, or employees, or any other person you contend was acting on behalf of or with the authority of this defendant.

51. Any document examined, referred to, prepared for, or otherwise concerning, involving or in any way related to your preparation of responses to any discovery propounded to you by any parties in this case.

52. Any documents that have been provided to or examined by, or that in any way were relied upon or form the basis for the opinions of, any person you expect to call as an expert witness at trial or hearing in this matter.

53. Copies of any statutes; regulations; or industry, trade, or voluntary standards that you contend apply to design, testing, creation, manufacture, assembly, sale, distribution,

packaging, use, instructions for the use of, or warnings concerning the use of the Product or any component part (including without limitation any packaging, manual, or other documents accompanying the Product at the time of the sale).

54. Copies of any written, signed, or recorded statements or reports concerning any facts relating to the alleged Incident.

55. Any document concerning, involving, or any way related to any settlements or releases with any other person other than this defendant in connection with the Incident.

56. Any document concerning, involving, or any way related to any investigation conducted of the Incident by anyone, including any Governmental Agency.

57. Any document concerning, involving or in any way related to any damage to, malfunction of, repair or alteration of, or problem with the Product prior to the Incident.

58. Any document concerning, involving or in any way related to the Incident (whether prepared by you or otherwise), including without limitation any photographs, news reports or newspaper articles.

59. Any document concerning, involving or in any way related to any other demands, claims or lawsuits (including without limitation any claim for Workers' Compensation or Social Security benefits, or a claim against any life, health, accident, homeowners, or disability policy) asserted, made or pursued by you for personal injury related to this Incident.

60. Any document concerning, involving or in any way related to any other demands, claims or lawsuits (including without limitation any claim for Workers, Compensation or Social Security benefits, or a claim against any life, health, accident, homeowners, or disability policy) asserted, made or pursued by you for personal injury unrelated to this Incident.

61. Any document concerning, involving or in any way related to any personal injury you claim arises from the Incident, including without limitation, any medical record or other document concerning, involving or in any way relating to the injury, treatment for the injury, hospitalization for the injury, reimbursement for any expenses arising from the injury, the present status of the injury, and the permanency of the injury.

62. Any document concerning, involving or in any way related to your medical history other than for any personal injury you claim arises from the Incident, including without limitation any medical record or other document concerning, involving or in any way relating to any illness, injury, hospitalization, treatment by any health care provider, or reimbursement for any expenses related to your medical history.

63. Any document or photograph (as herein defined) prepared by any form of news media, concerning, involving or in any way related to this defendant; the Incident; the Product; any product or exemplar designed, tested, created, manufactured, assembled, sold or distributed

by this defendant; or any product or exemplar that you contend is the same or a similar model as the Product.

64. Any document concerning, involving or in any way related to securing the scene of the Incident after the Incident, any decision to secure or not to secure the scene of the Incident, and the identity of persons provided access to the scene of the Incident.

Items to Be Produced for Inspection, Photographing and Non-Destructive Testing

The plaintiffs shall produce for inspection, photographing and non-destructive testing the following:

1. The Product, including without limitation, the plug, plug blades, power cord and any other component parts.

2. The actual piece on which you were working at the time of Incident or, if not available, an exemplar of the work piece on which you were working at the time of the Incident.

3. Any product or component part designed, tested, created, manufactured, assembled, sold or distributed by this defendant that was provided to, examined by, or that in any way forms the basis for the opinions of any person you expect to call as an expert witness at trial or any hearing in this matter.

4. Any other product or component part (whether or not designed, tested, created, manufactured, assembled, sold or distributed by this defendant) that was provided to, examined by, or that in any way forms the basis for the opinions of any person you expect to call as an expert witness at trial or any hearing in this matter.

5. Any models or mock-ups of any product or component part that you intend to introduce at any trial or hearing in this matter that was prepared by you, on your behalf, or by any person you expect to call as an expert witness at any trial or any hearing in this matter.

6. Any flexible or extension cord or other device (including without limitation cube blocks, tap blocks, "double or triple taps", or grounded cord adapter), into which the Product, or any flexible or extension cord connected to the Product, was plugged or connected.

7. Any product or component part designed, tested, created, manufactured, assembled, sold or distributed by this defendant or any product that you contend is the same or a similar model as the Product and that you contend is relevant to any of the issues in this case, including without limitation, any alternative design, state of the art, or alternative warnings.

8. Any other product or component part (whether or not designed, tested, created, manufactured, assembled, sold or distributed by this defendant) that you contend is relevant to

any of the issues in this case, including without limitation, any alternative design, state of the art, or alternative warnings.

CARROLL, KELLY & MURPHY

C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile

CERTIFICATION

I hereby certify that I mailed a true copy of the within to Richard C. Tallo, Esquire, P.O. Drawer 9007, Providence, RI 02940 on the 31st day of March, 2006.