UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO | : | |
| | : | |
| vs. | : | C.A. No.: 06-153S |
| | : | |
| HOME DEPOT U.S.A., INC., | : | |
| BLACK & DECKER, INC., DEWALT | : | |
| INDUSTRIAL TOOL CO., and XYZ CORP. | : | |

DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT AND FOR A FED. R. CIV. P. 54(b) DETERMINATION

Defendants, Black & Decker (U.S.) Inc. (improperly named as Black & Decker, Inc. and Dewalt Industrial Tool Co.), and Home Depot U.S.A., Inc., hereby state the following as undisputed facts:
.

1) Plaintiff, Robert Esposito, received a new Dewalt DW708 Sliding Compound Miter Saw as a gift from his two daughters, Susan Esposito and Karen Esposito, which came with an instruction manual and a bracket. See Exhibit A, Answers to Interrogatories, #11, 27.

2) When screwed onto the saw, the bracket provides stabilization. See Exhibit A, Answers to Interrogatories, #27.

3) The incident at issue occurred on March 31, 2003, in the Plaintiff's basement office at 4237 Post Road in East Greenwich, Rhode Island. See Exhibit A, Answers to Interrogatories, #22.

4) At the time of the incident at issue, the Plaintiff had previous woodworking experience. See Exhibit B, Deposition, Pg. 22.

5) Prior to the incident at issue, Plaintiff had never before operated a saw like the one at issue here. See Exhibit B, Deposition, Pg. 35.

6) Prior to March 31, 2003, the day of the incident at issue, the Plaintiff had not read the entire instruction manual. See Exhibit B, Deposition, Pg. 36.

7) At no time did the Plaintiff conduct research, including but not limited to speaking with any of the Defendants concerning the saw, its operation, or its applicability to his various uses. See Exhibit B, Deposition, Pgs. 24-26.

8) At no time did the Plaintiff's daughters conduct research, including but not limited to speaking with any of the Defendants concerning the saw, its operation, or its applicability to the Plaintiff's various uses. See Exhibit B, Deposition, Pgs. 25,26.

9) Plaintiff used the saw without difficulty, at least once prior to the incident at issue. See Exhibit A, Answers to Interrogatories, #2.

10) The piece of wood the Plaintiff was attempting to cut on the date of the incident at issue was approximately 30 –36 inches long. See Exhibit B, Deposition, Pg. 94.

11) Plaintiff did not clamp the piece of wood while attempting to cut it on March 31, 2003. See Exhibit B, Deposition, Pg. 47.

12) At the time of the incident at issue, the Plaintiff set the saw on a 45-degree angle. See Exhibit B, Deposition, Pg. 62.

13) On March 31, 2003, Plaintiff attempted to make what was referred by Plaintiff as a "rip cut," down the length of a 30-36 inch piece of wood. See Exhibit B, Deposition, Pg 62, 94.

14) The saw could only extend far enough to make a cut 12 to 15 inches long. See Exhibit B, Deposition at 90, 94.

15) Plaintiff extended the saw 12 to 15 inches into his 30 to 36 inch piece of wood. See Exhibit B, Deposition at 94.

16) With the blade still spinning, Plaintiff raised the saw with his right hand. See Exhibit A, Answers to Interrogatories, #22.

17) As the Plaintiff raised the saw with his right hand, and while holding the piece of wood with his left hand, the saw blade simultaneously lifted the piece of wood and his left hand. See Exhibit A, Answers to Interrogatories, #22.

18) On March 31, 2003, Plaintiff's left hand came into contact with the Dewalt DW708 Sliding Compound Miter Saw blade. See Exhibit A, Answers to Interrogatories, #22.

19) On March 31, 2003, The Plaintiff's first, second, and fourth fingers were severed and were not subsequently re-attached. See Exhibit A, Answers to Interrogatories, #24.

20) To date, the Plaintiff has not identified which, if any, expert witnesses will be called to testify. See Exhibit A, Answers to Interrogatories, #7.

21) The Scheduling Order of January 18, 2007 required the Plaintiff to disclose experts on or before April 12, 2007. See Exhibit C, Scheduling Order of January 18, 2007.

22) The Scheduling Order of April 16, 2007 required the Plaintiff to disclose experts on or before June 21, 2007. See Exhibit D, Scheduling Order of April 16, 2007.

Black & Decker (U.S.) Inc. (improperly named as Black & Decker, Inc. and Dewalt Industrial Tool Co.), and Home Depot U.S.A., Inc.
By their Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile

CERTIFICATION

I hereby certify that on August 3rd, 2007 a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Richard I. Abrams, Esq. rabrams@abrams-verri.com and Paul S. Cantor, Esq., psc@pcantorlaw.com will receive notice through the ECF system. Richard I. Abrams, Esq. Will not receive the attachments and Paul S. Cantor, Esq. Will receive the attachments by mail.

/s/ C. Russell Bengtson________________