UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

ROBERT ESPOSITO :
Plaintiff :
:
VS. : C.A. NO. 06-153 S
:
HOME DEPOT U.S.A., INC., :
BLACK & DECKER, INC., :
DEWALT INDUSTRIAL TOOL :
CO., and XYZ CORP. :

DEFENDANTS, HOME DEPOT U.S.A., INC. AND
BLACK & DECKER (U.S.), INC.'S OBJECTION TO PLAINTIFF'S
MOTION TO EXTEND PRE-TRIAL AND TRIAL DATES

Now come the defendants, Home Depot U.S.A., Inc. and Black & Decker (U.S.), Inc. and object to plaintiff's motion to extend pre trial and trial dates and for grounds state:

- On or about April 13, 2007 plaintiff filed a Motion to Extend Pre-trial Dates which was not opposed by these defendants;

- Thereafter, Stephen Vick, of Black & Decker, was deposed on April 27, 2007. During the deposition inquiry was made of Mr. Vick as to those portions of the instruction manual that the plaintiff violated when he made the ill-fated cut. Mr. Vick enumerated various breaches of the instruction manual and warning labels affixed to the saw. A review of the defendants' expert disclosures would show that those breaches form a basis for Mr. Vick's expert opinion which was filed with the Court on July 13, 2007. To date the plaintiff has not identified any specific defect in the saw or indicated that anything other than a breach of the instruction manual was the proximate cause of the incident, although requested in discovery;

- Following Mr. Vick's deposition I advised plaintiff's counsel that the documents defendants' deemed responsive to a Request for Production and otherwise not objectionable would be provided once the plaintiffs had executed a Confidentiality Agreement. That Confidentiality Agreement was forwarded to the plaintiff's attorney on May 5, 2007. The covering letter with the executed Confidentiality Agreement is dated July 10, 2007 (the plaintiff had previously forwarded an executed agreement as to his expert dated July 6, 2007);

- After receiving the signed Confidentiality Agreement detailed responses to the plaintiff's Request for Production including deposition transcripts and other pleadings relating to other so-called similar incidents were delivered on July 13, 2007. The defendants' provided all of the information currently in its possession as to those claims;

- While the plaintiff has complained that the discovery responses are inadequate, no explanation has been provided as to how any of the so-called inadequacies will in any way lead to relevant information or relevant facts;

- The plaintiff has indicated in the motion that documents have been forwarded to his expert for review, yet has failed to advise when the documents were so forwarded; how long the expert believes it will take to review the documents; and how these documents or any other documents may be relevant to his expert opinion. Furthermore, the plaintiff has not advised the court as to whether or not the plaintiff's expert has in fact formulated any opinions based upon his expert's review and examination of the saw (it should be noted that the plaintiff's expert and the defendant's experts examined the saw together on April 20, 2007);

- It is unexplained by the plaintiff as to why the plaintiff let the discovery closure date as well as the plaintiff's expert disclosure date expire prior to filing the Motion to Extend Pre-Trial and Trial Dates, especially in light of the fact that the defendants' disclosures were filed in a timely manner;

- Based upon the fact that the plaintiff failed to file any discovery motions or to amend the Court's Pre-Trial Order, defendants' prepared and filed a Motion for Summary Judgment within the Court's deadlines.

For the reasons stated, the defendants move that the plaintiff's motion be denied.

HOME DEPOT U.S.A., INC. and
BLACK & DECKER (U.S.), INC.
By their Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile

CERTIFICATION

I hereby certify that on August 3rd, 2007 a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Richard I. Abrams, Esq. rabrams@abrams-verri.com and Paul S. Cantor, Esq., psc@pcantorlaw.com will receive notice through the ECF system.

/s/ C. Russell Bengtson