UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO,<br>Plaintiff<br><br>v.<br><br>HOME DEPOT U.S.A. INC.,<br>BLACK & DECKER, INC.,<br>DEWALT INDUSTRIAL TOOL CO.,<br>and XYZ CORP.<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 06-153 S |

**PLAINTIFF'S MOTION TO COMPEL FURTHER DOCUMENT RESPONSES**

Now comes the Plaintiff, Robert Esposito, in the above-entitled matter and moves to compel Defendant to more fully produce documents as appears below.

**Brief Background**

This case involves serious personal injury on March 31, 2003 arising from the use of a power miter saw manufactured by Defendant, Black and Decker, Inc . The subject model is the DW708 miter saw; the successor model is the DW718 miter saw. Plaintiff's claim in general is that he suffered amputation of his fingers when his hand came in contact with the blade of the saw which was not properly protected when the lower blade guard failed to descend to protect the blade as he raised the blade from the workpiece. Plaintiff conducted the 30(b)(6) deposition of the Defendant's witness most familiar with other claims of personal injury from the two saw models, and other related topics, and then requested certain documents from Defendant.

Defendant either objected to the requests or produced incomplete documents and accordingly, Plaintiff moves as follows to compel more complete production.

**Request:**

1. Copies of any and all documents within Defendant's possession or control **sent to Defendant** by claimants or their representatives related to claims of personal injury from alleged defect(s) in the subject model saw (Dewalt DW708 Sliding Compound Miter Saw) or the successor model saw (DW718 Double Bevel Sliding Compound Miter Saw). As to any such requested documents which exist, but which are claimed to be privileged, please identify with precision the documents claimed to be privileged.

**Response:**

1. Objection. Defendant objects to this Request because it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence and to the extent the Request seeks information and documents protected from discovery by the attorney-client privileged and/or work product doctrine. Additionally, Defendant objects to this Request because it is not limited to a reasonable period of time; because it is not limited to a request for information pertaining to incidents involving facts and circumstances the same as or substantially similar to those presented by the instant Complaint; and because it is not limited to the DW708. The Request also calls for hearsay. Without waiving these objections, based on a reasonable and diligent search of currently available documents, the Defendant is aware of the following claims or lawsuits filed against it and known to involve the DW708 miter saw (or DW718 miter saw) and allegations related to improper operation of the blade guard. The Defendant, however, denies that these claims or lawsuits are substantially similar to the present lawsuit.

| Name | Date of accident | Court |
|---|---|---|
| Randy Hitchcock | 11/19/98 | n/a |
| Ray Fenili<br>State: MI | 6/01/99 | n/a |
| Nicolis Alberino<br>State: MO | 5/22/00 | n/a |
| Larry Kane<br>State: OH | 6/19/00 | n/a |
| James Grindstass<br>State: VA | 1/21/01 | n/a |
| Steven Linnemeyer<br>State: CO | 6/4/01 | USDC<br>District of CO<br>#01-B-2469 |
| Duane Johnson<br>State: WA | 9/04/02 | n/a |
| Herman Fanger<br>State: OR | 12/31/02 | n/a |

Subject to the protective order, non-privileged documents from the computer-based claims management system called the Product Liability Litigation Support System, or "LSS" will be produced. Black & Decker also will undertake review for any additional non-privileged documents regarding these claims. A corresponding privileged log will be provided. See Schedule of Documents hereunto annexed as Exhibit A.

**Relief Requested:**

In its response, Defendant objects to the request on multiple boilerplate grounds, while identifying eight claimants alleging injury related to improper operation of the blade guard on Defendant's miter saws. Because Defendant incorporates its response to request number 1 in subsequent responses, **Plaintiff asks that the boilerplate objections be stricken.** The request is

not vague or overly broad and is clearly calculated to lead to discovery of admissible evidence, as Plaintiff will have an opportunity to discuss claims with other claimants and their legal representatives. The request is limited to a reasonable period of time as Defendant testified that the DeWalt DW708 was first produced in July, 2000.

With due respect to Defendant's position, Plaintiff is entitled to determine for himself whether the incidents of other claimants involve facts and circumstances similar to those presented by the instant Complaint. Information relative to the DW718 is equally discoverable because it is the successor saw to the saw in question. Plaintiff confesses that he does not understand the hearsay objection; the request is directed to discovery rather than to trial materials.

**Wherefore, Plaintiff asks that Defendant's objection to the Request be stricken.**

**Request:**

2. Copies of any and all documents within Defendant's possession or control from any source relating to claims of personal injury from alleged defect(s) in the subject model saw (Dewalt DW708 Sliding Compound Miter Saw) or the successor model saw (DW718 Double Bevel Sliding Compound Miter Saw). As to any such requested documents which exist, but which are claimed to be privileged, please identify with precision the documents claimed to be privileged.

**Response:**

2. See Response to Request No. 1.

**Relief Sought:**

The documents produced in Response No. 1 contain the contact information for

only one legal representative of the eight claimants. Rule 26 provides for liberal discovery and relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Plaintiff wishes to speak with other claimants who suffered personal injury through operation or non-operation of the blade guard of the DW708 or DW718. Plaintiff requested information which would permit him to speak with claimants and their representatives in an effort to obtain discoverable information, and in order to permit Plaintiff's expert to speak with or review documents from other claimants' experts. Defendant refused to provide Plaintiff with the requested information. **Plaintiff requests that Defendant be required to provide all documents response to the request.**

The Plaintiff is entitled to all requested documents and Defendant has not produced them.

**Request:**

3. Copies of all documents within Defendant's control relating to communications with the U.S. Consumer Product Safety Commission, "CPSC" with regard to either the DW708 or the DW718.

**Response:**

3. Objection. Defendant objects to this Request because it is vague and overly broad. Defendant also objects to the extent this Request seeks information confidential in nature and/or statutorily privileged and/or otherwise protected from public disclosure. In addition, Defendant objects to this Request to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or work product doctrine. Without waiving these objections, the DW708 and DW718 have not been the subject of a recall.

**Relief Sought:**

**Plaintiff requests that the objection be stricken.** Plaintiff has requested documents relative to communications between Defendant and the U.S. Consumer Product Safety Commission with regard to the subject saw or the successor saw. The request is designed to produce discoverable information. To the extent that documents requested are protected from public disclosure, Plaintiff requests that the information requested which Defendant claims is privileged or otherwise protected be identified with reasonable particularity. Otherwise, Plaintiff is entitled to a complete response to the Request.

**Request:**

4. Copies of any documents within Defendants' control relative to modifications of the design, manufacture or operation of the lower blade guard on either the DW708 or DW718 since the DW708 was first manufactured in or about July, 2000.

**Response:**

4. Objection. Defendant objects to this Request as vague, ambiguous, overbroad and unduly burdensome. Specifically, the Request is not limited to the DW708 and is not limited to the component of the product alleged by the Plaintiff to be defective. Defendant also objects to the extent the Request seeks inadmissible information under the doctrine of subsequent remedial measures. Further, Defendant objects to the reference to July, 2000 and assumes the Plaintiff meant to refer to the manufacture date of the 26th week of 2001. Without waiving these objections, if the Plaintiff will identify, using the attached Service Parts Bulletin, that component of the guard assembly he alleges was defective, then the Defendant will attempt to respond with respect to that area of the product.

**Relief Sought:**

**Plaintiff requests that the Objection be stricken and that Defendant be required to produce the requested documents.** The request is limited in reference to the lower blade guard of either the subject saw or the successor saw, and is limited in time from July, 2000 forward (the date the DW708 was first manufactured.), to the present. Although evidence concerning subsequent remedial measures may be excluded at trial, that is not grounds for objection to the Request.

**Request:**

5. All documents within Defendant's control relating to the eight claimants identified in Exhibit 3 of deposition of Steven L. Vick on April 27, 2007. (Copy enclosed). Mr. Vick testified that additional information exists in "LSS" relative to the claimants identified on Exhibit 3. This request is intended to encompass print outs of all information in "LSS" relative to such claimants, together with any other documents within Defendant's possession and control relative to same.

**Response:**

5. See Response to Request No. 1.

**Relief Sought:**

**Plaintiff requests that Defendant be ordered to produced a complete response to the request.** Plaintiff incorporates the arguments raised above. Plaintiff believes incomplete records

have been produced. Plaintiff asks that Defendant be ordered to produce complete records.

Plaintiff
By his Attorney,

/s/ Paul S. Cantor
Paul S. Cantor, Esq. (#3177)
321 South Main Street, Suite 302
Providence, RI 02903
Tel: 401-351-8200
Fax: 401-351-9032

/s/ Richard Abrams
Richard Abrams (#0362)
Abrams & Verri
999 Chalkstone Avenue
Providence, RI 02908
401-351-5700
401-351-3493

**CERTIFICATION**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 7, 2007.

/s/ Paul S. Cantor