UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO,<br>Plaintiff<br><br>v.<br><br>HOME DEPOT U.S.A. INC.,<br>BLACK & DECKER, INC.,<br>DEWALT INDUSTRIAL TOOL CO.,<br>and XYZ CORP.<br>Defendants | : | C.A. No. 06-153 S |

**PLAINTIFF'S MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATORIES**

Now comes the Plaintiff, Robert Esposito, in the above-entitled matter and moves to compel Defendant to more fully answer interrogatories as appears below.

**Brief Background**

This case involves serious personal injury on March 31, 2003 arising from the use of a power miter saw manufactured by Defendant, Black and Decker, Inc . The subject model is the DW708 miter saw; the successor model is the DW718 miter saw. Plaintiff's claim in general is that he suffered amputation of his fingers when his hand came in contact with the blade of the saw which was not properly protected when the lower blade guard failed to descend to protect the blade as he raised the blade from the workpiece. Plaintiff conducted the 30(b)(6) deposition of the Defendant's witness most familiar with other claims of personal injury from the two saw models, and other related topics, and then posed additional written interrogatories to Defendant.

Defendant either objected to the interrogatories or answered them incompletely and accordingly, Plaintiff moves as follows to compel more complete answers.

**Interrogatory:**

23. Identify any and all complaints, lawsuits, or claims made to you relating to claim(s) of personal injury from alleged defect(s) in the subject model saw (Dewalt DW708 Sliding Compound Miter Saw), or the successor model saw (DW718 Double Bevel Sliding Compound Miter Saw).

**Answer:**

23. Objection. Defendant objects to this Interrogatory because it is vague, overly broad and not reasonably calculated to lead to the discovery of admissible evidence and to the extent the Interrogatory seeks information and documents protected from discovery by the attorney-client privileged and/or work product doctrine. Additionally, Defendant objects to this Interrogatory because it is not limited to a reasonable period of time; because it is not limited to a request for information pertaining to incidents involving facts and circumstances the same as or substantially similar to those presented by the instant Complaint; and because it is not limited to the DW708. The Interrogatory also calls for hearsay. Without waiving these objections, based on a reasonable and diligent search of currently available documents, the Defendant is aware of the following claims or lawsuits filed against it and known to involve the DW708 miter saw (or DW718 miter saw) and allegations related to improper operation of the blade guard. The Defendant, however, denies that these claims or lawsuits are substantially similar to the present lawsuit.

| **Name** | **Date of accident** | **Court** |
|---|---|---|
| Randy Hitchcock | 11/19/98 | n/a |

| | | |
|---|---|---|
| Ray Fenili<br>State: MI | 6/01/99 | n/a |
| Nicolis Alberino<br>State: MO | 5/22/00 | n/a |
| Larry Kane<br>State: OH | 6/19/00 | n/a |
| James Grindstass<br>State: VA | 1/21/01 | n/a |
| Steven Linnemeyer<br>State: CO | 6/4/01 | USDC<br>District of CO<br>#01-B-2469 |
| Duane Johnson<br>State: WA | 9/04/02 | n/a |
| Herman Fanger<br>State: OR | 12/31/02 | n/a |

Subject to the protective order, non-privileged documents from the computer-based claims management system called the Product Liability Litigation Support System, or "LSS" will be produced. Black & Decker also will undertake review for any additional non-privileged documents regarding these claims.

**Relief Requested:**

In its answer, Defendant objects to the question on multiple boilerplate grounds, while identifying eight claimants alleging injury related to improper operation of the blade guard on Defendant's miter saws. Because Defendant incorporates its answer to number 23 in subsequent answers, **Plaintiff asks that the boilerplate objections be stricken.** The interrogatory is not vague or overly broad and is clearly calculated to lead to discovery of admissible evidence, as Plaintiff will have an opportunity to discuss claims with other claimants and their legal

representatives. The interrogatory is limited to a reasonable period of time as Defendant testified that the DeWalt DW708 was first produced in July, 2000.

With due respect to Defendant's position, Plaintiff is entitled to determine for himself whether the incidents of other claimants involve facts and circumstances similar to those presented by the instant Complaint. Information relative to the DW718 is equally discoverable because it is the successor saw to the saw in question. Plaintiff confesses that he does not understand the hearsay objection; the interrogatory is directed to discovery rather than to trial materials.

**Wherefore, Plaintiff asks that Defendant's objection to the Interrogatory be stricken.**

**Interrogatory:**

24. As to each such complaint, lawsuit, or claim identified in answer number 23, please provide the following information:

A. Name and address of claimant;

B. Name and address of claimant's legal representative(s), if any;

C. Date of alleged accident;

D. Date of initial notice to you;

E. Alleged defect of the product;

F. Alleged injury suffered;

G. Whether the claim ripened into litigation;

H. As to all claims which ripened into litigation, the name of the lawsuit, court in which it was or is pending and docket number;

I. Whether each such claim is pending or closed;

J. As to all such claims which are closed, the manner of disposition, (settled, verdict, dismissed, etc.) including amount of money paid on any claim on which money was paid.

K. Please identify with as much precision as possible what documents exist within Defendant's possession or control related to each such claim.

**Answer:**

24. See Answer and documents referenced in Answer to Interrogatory No. 23.

**Relief Sought:**

The documents referenced in Defendant's answer contain the contact information for only one legal representative of the eight claimants. Rule 26 provides for liberal discovery and relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Plaintiff wishes to speak with other claimants who suffered personal injury through operation or non-operation of the blade guard of the DW708 or DW718. Plaintiff requested information which would permit him to speak with claimants and their representatives in an effort to obtain discoverable information, and in order to permit Plaintiff's expert to speak with or review documents from other claimants' experts. Defendant refused to provide Plaintiff with the requested information. **Plaintiff requests that Defendant be required to provide the following information:**

a. Name and address of each claimant;

b. Name and address of claimants' legal representatives, if any;

c. Whether each such claim is pending or closed;

d. As to all such claims which are closed the manner of disposition (settled, verdict, dismissed, etc…) including amount of money paid on any claim on which money was paid; and

e. What documents exist within Defendant's position or control related to each claim.

The Plaintiff is entitled to the requested information and Defendant has not produced it.

**Interrogatory:**

25. Please state whether Dewalt or Black and Decker has had any communications with the U.S. Consumer Product Safety Commission, "CPSC" with regard to either the DW708 or the DW718, and if so, please identify the date(s) of all such communication, and the substance of all such communications.

**Answer:**

25. Objection. Defendant objects to this Interrogatory because it is vague and overly broad. Defendant also objects to the extent this Interrogatory seeks information confidential in nature and/or statutorily privileged and/or otherwise protected from public disclosure. In addition, Defendant objects to this Interrogatory to the extent it seeks information or documents protected from discovery by the attorney-client privilege and/or work product doctrine. Without waiving these objections, the DW708 and DW718 have not been the subject of a recall.

**Relief Sought:**

**Plaintiff requests that the objection be stricken.** Plaintiff has requested information relative to communications between Defendant and the U.S. Consumer Product Safety Commission with regard to the subject saw or the successor saw. The interrogatory is designed to produce discoverable information. To the extent that information requested is protected from public disclosure, Plaintiff requests that the information requested which Defendant claims is

privileged or otherwise protected be identified with reasonable particularity. Otherwise, Plaintiff is entitled to a complete answer to the Interrogatory.

**Interrogatory:**

26. Please state whether Defendants have modified the design, manufacture or operation of the lower blade guard on either the DW708 or DW718 since the DW708 was first manufactured in or about July 2000, and as to any such modifications, please describe the substance of same.

**Answer:**

26. Objection. Defendant objects to this Interrogatory as vague, ambiguous, overbroad and unduly burdensome. Specifically, the Interrogatory is not limited to the DW708 and is not limited to the component of the product alleged by the Plaintiff to be defective. Defendant also objects to the extent the Interrogatory seeks inadmissible information under the doctrine of subsequent remedial measures. Further, Defendant objects to the reference to July, 2000 and assumes the Plaintiff meant to refer to the manufacture date of the 26th week of 2001. Without waiving these objections, if the Plaintiff will identify, using the attached Service Parts Bulletin, that component of the guard assembly he alleges was defective, then the Defendant will attempt to respond with respect to that area of the product.

**Relief Sought:**

**Plaintiff requests that the Objection be stricken and that Defendant be required to answer the interrogatory.** The interrogatory is limited in reference to the lower blade guard of either the subject saw or the successor saw, and is limited in time from July, 2000 forward (the date the DW708 was first manufactured.), to the present. Although evidence concerning

subsequent remedial measures may be excluded at trial, that is not grounds for objection to the interrogatory.

Plaintiff
By his Attorney,

/s/ Paul S. Cantor
Paul S. Cantor, Esq. (#3177)
321 South Main Street, Suite 302
Providence, RI 02903
Tel: 401-351-8200
Fax: 401-351-9032

/s/ Richard Abrams
Richard Abrams (#0362)
Abrams & Verri
999 Chalkstone Avenue
Providence, RI 02908
401-351-5700
401-351-3493

**CERTIFICATION**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 7, 2007.

/s/ Paul S. Cantor