UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO<br>Plaintiff | : | |
| VS. | : | C.A. NO. 06-153 S |
| HOME DEPOT U.S.A., INC.,<br>BLACK & DECKER, INC.,<br>DEWALT INDUSTRIAL TOOL<br>CO., and XYZ CORP. | : | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL FURTHER ANSWERS TO INTERROGATOIRES AND MOTION TO COMPEL FURTHER DOCUMENT RESPONSES**

## INTRODUCTION

This product liability action initially was filed in state court and was then timely removed to this Court on July 5, 2006. Plaintiff alleges that on March 31, 2003, he was using a DW708 miter saw when his hand contacted the blade "because the lower blade guard failed to descend to protect the blade as he raised the blade from the workpiece." (PL. Motion to Compel p. 1). Plaintiff alleges that the design of the guard is defective.

On March 8, 2007, prior to any inspection of the miter saw at issue , Black & Decker filed Answers to Plaintiffs Interrogatories.. Thereafter, on April 20, 2007, Black & Decker inspected the DW708 miter saw and was able to identify it as a DW708 Type 3 manufactured during the 26th week of 2001. On April 27, 2007, Black & Decker produced Mr. Steven Vick for a 30(b)(6) deposition. Mr. Vick is a Senior Safety Assurance Manager with Black & Decker and is the individual who performed the product inspection. During his deposition, Mr. Vick identified eight prior claims or lawsuits filed against Black & Decker involving the DW708 (or the successor model DW718) and allegations related to improper operation of the blade guard.

On or about May 8, 2007, Plaintiff filed a Request for Production of Documents and a Second set of Interrogatories. Black & Decker responded to these Requests and produced, inter alia, currently available documents (a total of 1977 pages) relating to the eight prior claims identified during Mr. Vick's deposition.[1] The documents produced by Black & Decker included available Complaints and claim documents and printouts of data maintained in Black & Decker's Litigation Support System ("LSS") database. [2] In addition, in response to a Request for all documents related to any design changes to the miter saw, Black & Decker produced a diagram and parts bulletin showing the numerous components of the miter saw blade guard assembly and requesting Plaintiff to simply circle the components of the guard assembly he alleges are defective. Black & Decker then will attempt to Respond to the Request with respect to that area of the product. To date, Plaintiff has not provided this information.

Without ever contacting counsel for Black & Decker, Plaintiff filed a Motion to Compel on August 7, 2007 seeking the Court to strike Black & Decker's "boilerplate objections" and to compel Black & Decker to respond fully and completely to five Document Requests and four Interrogatories. The Plaintiff's Motion should be denied for several reasons. First, in violation of the Federal Rules of Civil Procedure, the Plaintiff filed the Motion without making any attempt first to resolve this dispute without Court intervention. Further, the Motion should be denied because Black & Decker has fulfilled its discovery obligations and sufficiently responded to these discovery requests.

## ARGUMENT

[1] Black & Decker produced this information , but expressly denies that these eight claims are substantially similar to the incident made the basis of this lawsuit.
[2] The LSS is an internal system developed by Black & Decker as a detailed method of logging, tracking, managing, analyzing, and assessing product liability claims made against Black & Decker.

**I. Plaintiff's Motion Should Be Denied Because It Is In Violation Of The Federal Rules of Civil Procedure.**

Plaintiff's Motion to Compel does not meet the requirements of Rule 37 (a)(2)(A) of the Federal Rules of Civil Procedure. The concurrence requirement states that the Motion must include a certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to resolve the dispute without court intervention. At no time has Plaintiff's counsel attempted to confer with Black & Decker counsel prior to filing this Motion and no certification is included with the Motion. On these grounds alone, Plaintiff's Motion should be dismissed.

**II. Plaintiff's Motion Should Be Denied Because Black & Decker Has Sufficiently Responded To The Discovery Requests.**

**A. Discovery Requests Related to Prior Claims (Interrogatory 23 and 24 and Document Requests 1, 2 and 5).**

Plaintiff's first issue with these discovery responses is that Black & Decker sets forth objections prior to providing the requested information. Black & Decker, however, is entitled to assert valid objections such as relevance, over-breadth, attorney-client privilege and work product doctrine. These requests are not reasonably limited in time[3] and are not limited to a request for information pertaining to incidents involving facts and circumstances substantially similar to those presented in the Complaint. Accordingly, Black & Decker set forth valid objections and then proceeded to identify eight claims involving the DW708 (or DW718) and allegations of personal injury related to alleged improper operation of the blade guard.[4] This limitation by Black & Decker is entirely

---

[3] Contrary to Plaintiff's assertion that the DW708 was first produced in July, 2000, the design of the DW708 dates back to the 1996 time frame (See Answer to Interrogatory No. 12).

[4] Black & Decker denies that these other incidents are substantially similar to the incident at issue.

proper given the allegations in this case relate to an alleged failure of the blade guard (See Plaintiff Motion to Compel at p. 1).

The 1977 pages of documents produced by Black & Decker related to these other claims includes non-privileged documents from currently available claims files for three of the eight claims (Linnemeyer, Fanger and Johnson). Black & Decker provided a privilege log covering the documents withheld as privileged. The claim files for the other five claims were closed pursuant to Black & Decker's document retention policy. According to this policy, claim files are maintained for a period of two years following resolution of the matter. Information relating to all claims is maintained in the LSS database.

Black & Decker produced pages from the LSS database related to all eight claims. The LSS database itself, because it was developed in order to manage and analyze claims made against Black & Decker, consists almost entirely of confidential and proprietary information. For instance, the LSS printouts contain information on precisely how the Defendant tracks, values, and handles claims from their first notice thereof. Access to the LSS system is strictly limited to only the Black & Decker employees whose jobs specifically require access to the information. Accordingly, Black & Decker produced all pages from the LSS database that contain factual information about these claims. Black & Decker redacted privileged information and provided a privileged log covering the redacted information. Thus, Plaintiff has the factual information needed to assess whether these claims are similar.[5] Black & Decker has every right under the

[5] Contrary to Plaintiff's allegations, Black & Decker has not refused to provide information enabling Plaintiff to contact these claimants. The State where the incident occurred is available for all eight of these claims and the entire addresses for three of the claimants is set forth in the documents produced (Fanger,

Federal Rules of Civil Procedure to redact privileged information and has fully complied with Plaintiff's request for non-privileged documents and information.. The information produced includes the claimant's name, claimant's address (if available), date of accident, date of notice, the status of the claim, and available factual information related to the nature of the claim. Accordingly, Plaintiff's Motion to Compel should be denied.

**B. Discovery Requests Related to Design Changes to the Miter Saw (Interrogatory No. 26 and Document Request No. 4).**

Plaintiff takes issue with Black & Decker's objections to these discovery requests. Again, Black & Decker, however, is entitled to assert valid objections such as relevance, over-breadth, attorney-client privilege and work product doctrine. These requests are not reasonably limited in time and are not limited to the component or components the Plaintiff alleges are defective in this case. The blade guard assembly includes numerous component parts. All Plaintiff has to do is simply circle the components of the guard assembly he alleges are defective on the Service Parts Bulletin and Black & Decker then will attempt to Respond to the Request with respect to that area of the product.

**C. Discovery Requests Related to Communications with the CPSC (Interrogatory No. 25 and Request No. 3).**

In responding to these discovery requests, Black & Decker set forth valid objections and then responded that the DW708 and DW718 have not been the subject of a recall campaign with the CPSC. Black & Decker is in possession of one correspondence to the CPSC regarding the DW708 that is statutorily protected from discovery and will provide a privilege log identifying this communication. Black & Decker does not have any similar documents relating to the DW718.

---

Johnson and Linnemeyer). In other words, all currently available address information has been provided by Black & Decker.

HOME DEPOT U.S.A., INC. and
BLACK & DECKER (U.S.), INC.
By their Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile

CERTIFICATION

I hereby certify that on August 15th, 2007 a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Richard I. Abrams, Esq. rabrams@abrams-verri.com and Paul S. Cantor, Esq., psc@pcantorlaw.com will receive notice through the ECF system.

/s/ C. Russell Bengtson