UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO,<br>Plaintiff,<br>v.<br><br>HOME DEPOT U.S.A., INC.,<br>BLACK & DECKER, INC., DEWALT<br>INDUSTRIAL TOOL CO., and<br>XYZ CORP.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CA 06-153 S |

**ORDER**
**DENYING MOTIONS**
**TO EXTEND AND TO COMPEL**

Before the Court are three motions filed by Plaintiff Robert Esposito ("Plaintiff"):

1. Motion to Extend Pretrial and Trial Dates (Document ("Doc.") #37) ("Motion to Extend");

2. Plaintiff's Motion to Compel Further Document Responses (Doc. #42); and

3. Plaintiff's Motion to Compel Further Answers to Interrogatories (Doc. #43).

The Court refers to the second and third motions as the "Motions to Compel." A hearing was held on August 17, 2007.

**Motion to Extend**

By the Motion to Extend, Plaintiff seeks to extend by ninety days previously established pre-trial and trial dates. See Motion to Extend at 1. The Court denies the Motion to Extend for the following reasons.

First, the deadlines which Plaintiff seeks to extend have already been extended twice, most recently at the request of Plaintiff. See Text Order of 1/18/07 (granting sixty day

extension requested by Defendant Black & Decker, Inc.[1] ("Black & Decker"); Text Order of 4/16/07 (granting sixty day extension requested by Plaintiff).

Second, the Motion to Extend was not filed until August 1, 2007, two full months after the close of discovery. See Text Order of 4/16/07; cf. Torres v. Puerto Rico, 485 F.3d 5, 8 (1st Cir. 2007)(affirming denial of motion for judgment on the pleadings which was filed "well beyond the court-appointed deadline for the filing of dispositive motions"). Three of the dates for which Plaintiff seeks an extension, fact discovery closure (May 31, 2007) and expert discovery disclosure (June 21, 2007, and July 14, 2007), had already passed at the time the Motion to Extend was filed.

Third, Defendants Black & Decker and Home Depot, U.S.A., Inc. ("Defendants"), have complied with the existing scheduling dates and have made their expert witness disclosure. See Tape of 8/17/07 Hearing. If the Motion to Extend is granted and Plaintiff is permitted to make belated expert witness disclosure, Defendants presumably will be forced to have their expert review Plaintiff's expert's report and then make a new disclosure which responds to that report. Defendants have also filed a motion for summary judgment. If the Motion to Extend is granted, the record which formed the basis of that motion will be altered. Presumably, Defendant will have to file a new summary judgment

[1] The Court identifies Defendant Black & Decker, Inc. ("Black & Decker"), as it is identified in the Complaint. The Court notes, however, that the objection to the Motion to Extend identifies Black & Decker as "Black & Decker (U.S.), Inc." See Defendants, Home Depot U.S.A., Inc., and Black & Decker (U.S.), Inc.'s Objection to Plaintiff's Motion to Extend Pre-trial and Trial Dates (Doc. #40) ("Defendants' Objection") at 1.

motion or withdraw the one already filed.[2]

Fourth, although Plaintiff seeks to justify his request for an extension on the grounds that Black & Decker did not respond to Plaintiff's May 3, 2007, discovery requests until July 9, 2007, and that the response was voluminous, see Motion to Extend at 2, counsel for Defendants had advised Plaintiff after an April 27, 2007, deposition that the documents would be provided once Plaintiff's counsel executed a confidentiality agreement, see Defendants, Home Depot U.S.A., Inc., and Black & Decker (U.S.), Inc.'s Objection to Plaintiff's Motion to Extend Pre-trial and Trial Dates (Doc. #40) ("Defendants' Objection") at 1. Defendants' counsel forwarded that confidentiality agreement to Plaintiff's counsel on May 5, 2007, but Plaintiff did not return the executed agreement until on or about July 10, 2007. See id. Defendants then promptly provided the documents to Plaintiff. Thus, the Court is not persuaded that the reason Plaintiff needs the extension is because of Defendants' actions.

Fifth, granting the Motion to Extend would suggest to other litigants that scheduling deadlines established by this Court can be ignored or overlooked without significant consequence. The Court's ability to manage its docket would be adversely affected. See Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 46 (1st Cir. 2002)("To manage a crowded calendar efficiently and effectively, a trial court must take an active role in case management. Scheduling orders are essential tools in that process-and a party's disregard of such orders robs them of their utility. For that reason, litigants have an 'unflagging duty to comply with clearly communicated case-management orders.'").

Accordingly, the Motion to Extend is DENIED. See id. at

[2] At the hearing, Plaintiff's counsel indicated that the basis of the motion for summary judgment is Plaintiff's failure to make expert discovery disclosure in accordance with the existing scheduling order. See Tape of 8/17/07 Hearing.

45-46 ("[A] litigant who ignores case-management deadlines does so at his peril.").

**Motions to Compel**

As the Motion to Extend has been denied, the Motions to Compel must also be denied as they were filed on August 7, 2007, more than two months after the close of fact discovery on May 31, 2007. Accordingly, the Motions to Compel are DENIED.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
August 17, 2007