UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

ROBERT ESPOSITO

plaintiff

CA No. 06-153 S

v

PROVIDENCE, RI
AUGUST 17, 2007

HOME DEPOT U.S.A., INC.

defendant

BEFORE MAGISTRATE JUDGE DAVID L. MARTIN
(MOTIONS)

APPEARANCES:

FOR THE PLAINTIFF:

PAUL S. CANTOR, ESQ.
321 South Main St.
Suite 302
Providence, RI 02903
351-8200

FOR THE DEFENDANT:

C. RUSSELL BENGTSON, ESQ.
Carroll, Kelly & Murphy
One Turks Head Place
Suite 400
Providence, RI 02903
331-7272

August 17, 2007 - MORNING SESSION

THE COURT: Good morning. This is the matter of Robert Esposito vs. Home Depot U.S.A., Inc., et al. Civil Action Number 06-153 S. This matter is before the Court this morning on the plaintiff's motion to extend pretrial and trial dates. That's Document Number 37 in the clerk's file. Also before the Court this morning is the plaintiff's motion to compel further document responses. That's Document Number 42. And the plaintiff's motion to compel further answers to interrogatories. Document Number 43. The attorneys will identify themselves please.

MR. CANTOR: Paul Cantor for the plaintiff Robert Esposito.

MR. BENGTSON: My name is Russell Bengtson. I represent Home Depot and Black & Decker.

THE COURT: Thank you, counsel. All right. Mr. Cantor, I will take up first the motion to extend pretrial and trial dates.

MR. CANTOR: Good morning, your Honor. Thank you.

THE COURT: Good morning.

MR. CANTOR: As the Court indicated this is my motion to extend by 90 days pretrial and trial dates previously established. I should say at the outset that as I reviewed the dates and the pleadings in this case I acknowledge that this motion should have been filed earlier.

I filed the motion to extend after some deadlines had passed. It's my mistake. I apologize to the Court and to defendants. And at this point with the filing of the motion I'm simply trying to get things back on track.

The previous date for closure of fact discovery was May 31st of '07. I filed interrogatories in this case initially and got answers with, virtually to my way of reading them, complete substantiative objections on March 8th of '07. Rather then filing a motion to compel at that point, or filing additional interrogatories, I thought that the best way to expedite matters was to take the deposition, the 30(b)(6) deposition, of defendant's representative who had the most knowledge of the information I needed. I took that deposition on April 27th of '07. It seemed to me that I was enlightened as to some information that I was entitled to but not all of it. Accordingly, within a few days I followed up by filing interrogatories and a document request on May 3rd of '07. To follow-up what I've previously said to the Court, I acknowledge that as the May 31st '07 date approached really just a few weeks later. I should have requested an extension because that discovery was still outstanding from defendants but I didn't do so. In the interim, as Mr. Bengtson has pointed out in his paperwork, there was a confidentiality agreement which was discussed between the parties, sent to me, sent to my expert for his review. There were some

discussions about some of the substance of the agreement between me and my expert. And I accept that the delay in getting that back to Mr. Bengtson may have delayed defendant's response on the discovery. In any event, the responses ultimately came to me, interrogatory answers and document responses, on July 9th of '07. Two issues with the responses. First, there was voluminous material that sort of came in a box and I forwarded it immediately to my expert for his review. Secondly, it appeared to me that there was information which I was still entitled to, the plaintiff was still entitled to, which we didn't have and I filed motions to compel which is sort of related to this situation. My view is that given that timetable, the plaintiff needs additional time for his expert to review the materials we got, fine-tune and finalize his opinion on this matter which he's discussed with me and co-counsel verbally. And, also I believe we're entitled to additional materials which are subject to the motion to compel. With all of that, I've asked for what I think is a fairly brief extension of time, 90 days. Note that this is a 2006 filing. In fact a remand that was filed in the state court removed to the federal court in the middle of 2006. And I'd suggest that this is not a situation where a party is looking for unreasonable or unusual delay. No prejudice will arise to the defendants and I'd ask that the motion be granted.

THE COURT: All right. Thank you. Mr. Bengtson.

MR. BENGTSON: May it please the Court. I certainly don't take any pleasure in having to come here this morning. And although the objection in this case says it's the objection of Home Depot and Black & Decker, I think I'm really here on behalf of the Court. The Court entered an order in this case sometime ago setting forth pretrial and trial dates. Plaintiff filed a motion to extend it, no objection. Motion to extend the dates was granted and an order entered. Plaintiff conducted discovery. Before plaintiff conducted discovery there was an inspection of the saw, a joint inspection. It lasted several hours and almost most of the day. The saw was taken apart, examined, photographs were taken. At the end of the inspection plaintiff's expert, a man by the name of Thomas, said, "I've done everything that I can possibly do. See ya later." We said, "We've taken a look at it. We've done everything that we can possibly do." And we said, "See ya later." A deposition was taken a week after on April 27th. Plaintiff asked questions. We gave him information. I'm not sure what the plaintiff did with the information he obtained at that time. I'm going to submit to the Court probably nothing. The plaintiff's expert disclosure date comes and goes. Our expert disclosure date comes and we respond to it. Plaintiff is probably going to argue ultimately and kind of hinted at

it, that, "Well, he didn't have some documents that he needed." Yet the plaintiff in this case has not told the Court what the documents that we produced. In the response to the motion to compel we indicate that we produced one thousand seven hundred -- one thousand nine hundred and some documents. The documents are a stack like this, and I would assume that I'm going to have to get to that motion at sometime. But we're not sure what they did with those documents. With the documents was a report from Underwriters Laboratories, some in-house inspection reports, and documentation concerning three other cases one of which is substantial. In the Lindermyer case so-called there were documents produced in that case including the plaintiff's deposition, expert disclosure. And those documents indicate that the so-called defect in that case has got nothing to do with the defect in this case. But be it as it may, that case involved a so-called defect in a spring. I'm not sure what the defect is in this case because none was found when we examined the saw. But documents were produced. Two other files contained documents including inspection reports by the Black & Decker people that looked at those two other saws. I'm not sure because we haven't heard what they've done with those documents since they received them almost a month ago now.

We had a settlement conference the other day with

Magistrate Judge Lovegreen and the plaintiff indicated at that time that he had a theory. Told Judge Lovegreen what the theory was. Whether or not it makes sense or not is certainly not the subject matter of the hearing today. But we still don't know what they've done since the inspection back in April of 2007. What I'm trying to say in a kind of a long round about way is, I'm sorry that this happened to Mr. Cantor. But, likewise, we complied with the order. We did what the Court told us to do. And I think that's what the Court will ultimately say when all is said and done.

Do I have a strenuous objection to this? No, I don't. But I don't think it's for me to say whether or not my objection is strenuous or not strenuous. I think that's ultimately for the Court to say. And I think I would be remiss if I didn't stand here and tell your Honor that I'm surprised that this happened, I'm sorry it happened, and whatever the Court deems fit to do in this case I'll abide by it. Good, bad, or indifferent.

THE COURT: Mr. Bengtson, you indicated in your response that you filed a motion for summary judgment.

MR. BENGTSON: Yes.

THE COURT: Is that correct?

MR. BENGTSON: Yes.

THE COURT: I believe you filed that on August 3rd?

MR. BENGTSON: Yes. And I did that because there

was an August 16th deadline, may it please the Court. And I probably stubbed my toe on that one because I got criticized that I didn't set up a conference with Judge Smith before I filed it. But be that as it may that's what happened.

THE COURT: Expert disclosure, discovery disclosure was due by June 21st and July 14th?

MR. BENGTSON: Correct.

THE COURT: June 21st for the -- for whose expert was that?

MR. BENGTSON: That was the plaintiff's, your Honor.

THE COURT: But no disclosure was made by the plaintiff's expert?

MR. BENGTSON: Correct.

THE COURT: As of today there's been no disclosure?

MR. BENGTSON: Correct.

THE COURT: July 14th was the defendant's expert disclosure?

MR. BENGTSON: Yes, your Honor.

THE COURT: Defendant complied?

MR. BENGTSON: On the 13th.

THE COURT: All right. Thank you, Mr. Bengtson.

MR. BENGTSON: You're welcome.

THE COURT: Mr. Cantor, if you'd go back to the podium, please. What about the fact the defendant has

complied with the order, filed a motion for summary judgment, and now you want to conduct, in effect, additional discovery, additional fact discovery. You have pending motions for further responses to interrogatories and document production. Doesn't that prejudice the defendant to have the dates changed at this point? He's already put forward his motion for summary judgment based on the state of the record as it now exists. You want to continue discovery in this case which I guess you will then intend to use to object to his motion for summary judgment. Doesn't that prejudice the defendant? Isn't there some prejudice to the defendant by that course of procedure?

MR. CANTOR: If I understand the Court correctly, I think the Court is suggesting that defendant has gone to time and expense in order to prepare the motion which may be -- the motion essentially says the plaintiff hasn't produced an expert opinion therefore he can't get to a jury, therefore, we're entitled to summary judgment. I filed a motion to extend the time that plaintiff has to respond to that because it seems to me the motion is sort of intimately bound up with extension of deadlines and additional discovery. And if I understood the docket correctly, Judge Smith granted that extension. But --

THE COURT: Which extension?

MR. CANTOR: The extension for plaintiff to respond

to the summary judgment motion pending the resolution of these motions today. I think I saw -- I'm pretty positive about that.

THE COURT: All right. I'll accept your representation.

MR. CANTOR: Okay. In any event, if the Court is saying that because plaintiff hasn't finalized his expert opinions which in turn he believes is at least partly due to the fact that he doesn't have all information he's entitled to, but plaintiff didn't move to extend deadlines accordingly and, therefore, defendant went to time and expense to prepare a motion. I have to agree with that. But other than that I don't see any other -- there is prejudice in terms of time and expense, Judge. But in terms of merits, I'm not sure that I perceive any prejudice.

THE COURT: The problem, Mr. Cantor, is that the Court establishes deadlines. In this case the deadlines were extended twice. And the fact discovery was to close by May 31st. More than two months go by before the instant motion to extend is filed. If the Court grants your motion what message does that send to all other litigants regarding the deadlines that the Court sets? It sounds to the Court that it sends the message that deadlines are fairly loose, they're fairly flexible. That when the Court says you got to make expert witness disclosure by a certain date if you don't

do it there are no real consequences. That's not my understanding of the law.

MR. CANTOR: I understand that, Judge. I can't say that I disagree with it. On the other side of the coin, ultimately I think that the overriding goal here is to decide the case on the merits and at least plaintiff, I, have articulated why some of this happened and a good deal of it is that in my, in my mind, I was waiting for discovery responses which I felt were still outstanding and which I was entitled to and those hadn't come by the time the deadlines were coming up. And I sort of missed the boat on it, Judge. But it's not as if I failed to file discovery responses, the time passed, and then I moved to extend. I was waiting for information to pass along to my expert so that he could then review it and complete his opinion and we could disclose that.

THE COURT: But Mr. Bengtson had informed you back in May that he had this information. I'll provide it to you as soon as you return to me the executed confidentiality agreement.

MR. CANTOR: Well, he didn't -- that's --. No, he sent me the confidentiality agreement in early May. I'll confess that I don't think we had any further discussions before May 31st to the effect of, "Listen, I have this stuff. I'll send it to you as soon as you send me the disclosure

information -- the confidentiality agreement." That may have been clear in his mind. I'll simply tell the Court I did not consider that discovery responses were being delayed because we hadn't returned the confidentiality agreement.

THE COURT: Well, in Mr. Bengtson's objection, the third bullet paragraph states: "Following Mr. Vick's deposition I advised plaintiff's counsel that the documents defendants deemed responsive to a request for production and otherwise not objectionable would be provided once the plaintiffs had executed a confidentiality agreement." That confidentiality agreement was forwarded to the plaintiff's attorney on May 5th, 2007. The covering letter with the executed confidentiality agreement is dated July 10, 2007. So, Mr. Bengtson is saying --

MR. CANTOR: I don't --

THE COURT: -- it's more than two months between his sending you the confidentiality agreement which he indicated was, you know, a prerequisite to the furnishment of the other documents. More than two months go by before he gets back that executed confidentiality agreement and can then send you the documents.

MR. CANTOR: I can't argue with that, Judge. I could explain it. I mean my expert was -- he's up in New Hampshire, I sent it to him. He was away. He had issues, because he's a scientist not a lawyer, over some of the

language in the confidentiality agreement. We discussed those, he sent it back. We needed the plaintiff's signature we needed my signature and co-counsel's signature. I had always indicated that we had no problem with the confidentiality agreement. And shame on me. I did not understand that any delay in my receipt of the discovery materials was because that confidentiality agreement was outstanding. I can tell you that after -- to my recollection, after the discussion which Mr. Bengtson references at the deposition, I'm quite certain we never -- nobody ever said, "Hey, where's the confidentiality agreement" before May 31st came and went. It never entered my mind to be candid with the Court.

THE COURT: What about the deadline for expert witness disclosure by the plaintiff which was July 21st, 2007? I assume that would be a red letter date.

MR. CANTOR: I think it was -- in fairness to the Court, I think it was June 21st.

THE COURT: June 21st?

MR. CANTOR: Yeah. And again, Judge, my mistake but it was my sort of thinking that it couldn't be possible that I would have to disclose my expert's opinion and that he would have to finalize his opinion while we were still waiting for discovery that I thought I was entitled to. That was my thinking. It doesn't excuse the fact that I -- sort of

the first words out of my mouth were, "My mistake. I should have moved to extend earlier." But at least it explains to the Court I wasn't doing this willy-nilly. In my mind I thought the order of operations was we get the information we're entitled to. The schedule says that comes first. I thought we waiting for stuff that we were entitled to and our expert needed to review before he formulated and finalized his opinion. And since we didn't have that I sort of lost track of the fact that, you know, this deadline had come and gone. I agree that it was a mistake, Judge. I mean, I've said it three times I won't say it again but.

THE COURT: I commend you for you candor, honesty, and willingness to accept the responsibility, Mr. Cantor.

MR. CANTOR: And sort of in keeping with that, I represent a client who doesn't, you know, who had a bad personal injury and doesn't think about or know about discovery deadlines and related deadlines and is just seeking to have his case decided on the merits. And my view is -- and I understand the Court's position that there's an issue over what the grant of my motion might mean. But I'm representing a client and I'm hoping that the Court will agree that the most important thing is to decide his claim on the merits.

THE COURT: Thank you. Mr. Bengtson, when the confidentiality agreement was forwarded to the plaintiff's

attorney was there a covering letter with that?

MR. BENGTSON: There was, but I think it, and I could be wrong, but I think the confidentiality -- the letter with the confidentiality agreement just said, enclosed please find a copy of, or please find the confidentiality agreement. Please sign it and return it to me.

MR. CANTOR: Judge.

THE COURT: Yes.

MR. CANTOR: I looked at it this morning (inaudible). I think it said something close to that. I think it actually said, "Please review and call me with your thoughts."

MR. BENGTSON: I should say, I should say this also, is that the responses did in fact refer to that. They indicated there in the responses you sign -- you give us a confidentiality agreement and we'll give you the documents.

THE COURT: What responses, please? You mean the responses to the interrogatories --

MR. BENGTSON: Yes.

THE COURT: -- or requests for production?

MR. BENGTSON: Yes.

THE COURT: That are the subject of the other motions scheduled for hearing this morning?

MR. BENGTSON: Yes. For example, I'm just looking at one. I'm looking at 18. The answer to Interrogatory 18

which was filed on March -- on or about March 8th, 2007. Eighteen says, for example, "After the product inspection..." which we were waiting for, "...a copy of the UL report for the DW-708 and testing documents related to the blade guard assembly will be produced pursuant to a protective order." It says. And there are other responses in there. The answers to interrogatories, the first response to the answers to interrogatories, let me just take a look at that if I might. Again, looking at a similar request and a response. For example, Request Number 6 asks for, copies of any documents --. I'm sorry. That's the --. I'm sorry. There was not a response to the Requests for Production until after the deposition. That response is dated July 13, 2007 is when we responded to that so it's not applicable, may it please the Court.

MR. CANTOR: Judge, may I comment?

THE COURT: Yes, you may.

MR. CANTOR: Because that's actually help. I don't mean to belabor this or quibble about this I mean. But if the original response on March 9th said, the original interrogatory answers on March 9th said, "We'll give you more stuff upon receipt of a confidentiality agreement." The confidentiality agreement was not sent to us for two months after that so I -- again, I'm here hat in hand but it's a bit of a two-way street. And then in fact once I filed

additional interrogatory answers which was in early -- additional interrogatories to the defendant which was in early May. When I finally got the answers back I still believe they're incomplete and that's obviously the subject of the other motions. That's all, Judge.

THE COURT: Before the Court is the plaintiff's motion to extend pretrial and trial dates. The plaintiff seeks to extend the present pretrial dates and trial dates by 90 days. Counsel for plaintiff acknowledges that this motion to extend was filed after the expiration of the date for close of discovery. After the expiration of the date for expert discovery disclosure which, for the plaintiff, was due on June 21st, 2007. After the date for disclosure by the defendant's expert which was July 14, 2007. It was filed on August 1st, 2007. The defendant has filed a motion for summary judgment which counsel for the plaintiff indicates is based on essentially the plaintiff's failure to make expert witness disclosure as provided for by the last scheduling order of the Court.

Like Mr. Bengtson, the Court takes no pleasure in having to make a ruling like that which I feel compelled to make. I cannot justify granting this motion on the facts before me. The deadlines for discovery were previously extended twice before. The instant motion was not filed until well after the expiration of the close of fact discovery. Not

filed until well after the date for disclosure of the plaintiff's expert report. The defendant filed an expert report which indicates that the defendant had his expert look at something and render some opinion.

If the Court were to grant this extension, presumably the plaintiff at some point in the future would comply with the disclosure of his expert witness. The defendant would then have to have its expert look at that report and make a new report and formulate a new opinion.

The Court understands and is sympathetic to the position of plaintiff's counsel that the plaintiff suffered a serious injury in this case and that cases should be decided on their merits and not on procedural defaults. But that argument is available to almost any litigant on these sort of motions. That's almost always the case.

I find it impossible to justify granting this motion without basically opening the doors to wholesale abandonment of the deadlines that the Court sets. The factors that weigh against granting this motion are first, that the deadlines had twice already been extended. Second, that the motion or extension was not filed before the expiration of the deadlines for close of discovery, disclosure of experts. The defendant has already made its expert witness disclosure. The defendant has filed a motion for summary judgment. For these reasons the Court denies the motion.

I'll issue a written order. The Court's ruling compels a denial of the other two motions. I can't very well order further responses to interrogatories and requests for production after the Court has ruled that the previously established deadlines for close of fact discovery on May 31st remains in effect. So those motions are denied. I'll issue a written order. The Court will stand in recess.

THE CLERK: All rise.

(R E C E S S)

C E R T I F I C A T I O N

I, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

Joseph A. Fontes

JOSEPH A. FONTES, COURT REPORTER

August 22, 2007

DATE