UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO<br>Plaintiff | : | |
| | : | |
| VS. | : | C.A. NO. 06-153 S |
| | : | |
| HOME DEPOT U.S.A., INC.,<br>BLACK & DECKER, INC.,<br>DEWALT INDUSTRIAL TOOL<br>CO., and XYZ CORP. | : | |

OBJECTION OF DEFENDANTS, HOME DEPOT U.S.A., INC. AND BLACK & DECKER (U.S.) INC. TO PLAINTIFF'S APPEAL OF THE ORDER ENTERED ON AUGUST 17, 2007

Now come the defendants, Home Depot U.S.A., Inc. and Black & Decker (U.S.) Inc. and object to plaintiff's Appeal of the Order of Magistrate Judge Martin entered on August 17, 2007. See Memorandum of Law hereunto annexed and made a part hereof.

HOME DEPOT U.S.A., INC. and
BLACK & DECKER (U.S.) INC.
By their Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile

CERTIFICATION

I hereby certify that on September 13, 2007 a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Richard I. Abrams, Esq. rabrams@abrams-verri.com and Paul S. Cantor, Esq., psc@pcantorlaw.com will receive notice through the ECF system.

/s/ C. Russell Bengtson

UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO<br>Plaintiff | : | |
| VS. | : | C.A. NO. 06-153 S |
| HOME DEPOT U.S.A., INC.,<br>BLACK & DECKER, INC.,<br>DEWALT INDUSTRIAL TOOL<br>CO., and XYZ CORP. | : | |

MEMORANDUM IN OPPOSTION TO PLAINTIFF'S APPEAL
OF THE ORDER ENTERED ON AUGUST 17, 2007

The defendants, Home Depot U.S.A. Inc. and Black & Decker (U.S.) Inc. reasons for objecting to the plaintiff's Appeal of the Magistrate Judge's Order are adequately set forth in the Order of August 17, 2007. They include the following:

- The pre-trial deadlines had been previously extended. Therefore the plaintiff knew the procedure required to further extend the pre-trial dates;

- The Motion to Extend was not filed on a timely basis. For some unexplained reason, the motion was not filed until after the defendants had made their expert disclosure;

- The defendants have complied with the existing deadlines and have now filed a Motion for Summary Judgment. If the plaintiff is now permitted to extend the pre-trial and trial dates and to file his expert report, further and costly discovery will ensue. The plaintiff's theory as expounded in the expert report will need to be reviewed; the plaintiff's expert's deposition will need to be taken and ultimately a Motion to Exclude the Expert Testimony as purely speculative will need to be filed. The defendants' expert disclosure will probably need to be modified as well;

- The plaintiff delayed discovery. While the plaintiff had not filed a document request at the time of Mr. Vick's deposition, the production of documents and the filing of a Request for Production was certainly discussed. The proposed Confidentiality Order was forwarded to the plaintiff's attorney on May 8, 2007. This followed the aforementioned discussion at Mr. Vick's deposition and the

filing of a formal Request for Production on May 3, 2007. The plaintiff has not explained why the Confidentiality Order was not returned until July 2007.

- It should be noted that in Black & Decker's Answers to Interrogatories filed on March 8, 2007, a copy of which is enclosed, Black & Decker made reference to numerous documents which would be provided once a "Protective Order" was executed. The plaintiff has no explanation as to why he did not propose a Protective Order or Confidentiality Order prior to Mr. Vick's deposition. The plaintiff has no explanation as to why he waited until May to formally file a Request for Production. As the plaintiff notes, once a Confidentiality Order was received, documents were forwarded to the plaintiff on a timely basis; and

- As argued before the Magistrate Judge it is the Court's Order which has been ignored. As Magistrate Judge Martin observed "granting the Motion to Extend would suggest to other litigants that scheduling deadlines established by this Court can be ignored or overlooked without significant consequence".

WHEREFORE, defendants, Home Depot U.S.A. Inc. and Black & Decker (U.S.) Inc. move that the plaintiff's Appeal be denied.

HOME DEPOT U.S.A., INC. and
BLACK & DECKER (U.S.) INC.
By their Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile

CERTIFICATION

I hereby certify that on September 13, 2007 a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Richard I. Abrams, Esq. rabrams@abrams-verri.com and Paul S. Cantor, Esq., psc@pcantorlaw.com will receive notice through the ECF system.

/s/ C. Russell Bengtson