UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT ESPOSITO,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A. INC.,<br>BLACK & DECKER, INC.<br>DEWALT INDUSTRIAL TOOL CO.<br>and XYZ CORP.<br><br>Defendants. | C.A. No. 06-153 S |

OPINION AND ORDER

William E. Smith, United States District Judge.

Before this Court is an appeal of the Order of Magistrate Judge Martin denying Plaintiff's Motion to Extend Discovery Deadlines and Plaintiff's Motion to Compel Further Document Responses and Further Answers to Interrogatories. Magistrate Judge Martin denied these motions for reasons set forth in his well-reasoned Order. Plaintiff now appeals that Order arguing that the sanction of exclusion of Plaintiff's expert is effectively a dispositive ruling because, if affirmed, Defendants' already-filed Motion for Summary Judgment will inevitably be granted absent Plaintiff's ability to utilize expert testimony.

For the reasons described below, and recognizing that this is a difficult call, this Court will deny Plaintiff's appeal and

affirm the Order of Judge Martin. While the Order of Judge Martin is affirmed, the Court writes separately to address several points raised by the Plaintiff in his appeal.

I. Background and Chronology

This is a product liability case in which Plaintiff Esposito alleges that a product defect in a saw manufactured by Black & Decker/DeWalt and sold by Home Depot, malfunctioned resulting in the loss of Plaintiff's fingertips. The original discovery deadlines imposed by this Court's pretrial order required that fact discovery would close on January 31, 2007; the Plaintiff's expert report was due on February 21, 2007; and Defendants' expert report was due on March 14, 2007. On January 16, 2007, the Defendants moved to extend the pretrial deadlines. This motion was granted and discovery deadlines were extended as follows: fact discovery to close on March 31, Plaintiff's expert report due on April 21; and Defendants' expert report due on May 14, 2007. On March 8, 2007 the Defendants responded to the discovery request by Plaintiff with a series of objections. Plaintiff's counsel considered the possibility of filing a motion to compel but, instead opted to notice a 30(b)(6) deposition on the Defendants. This was filed on April 13, 2007. At the same time Plaintiff filed a motion (which was granted) to extend discovery deadlines further as follows: fact discovery to close on May 31, Plaintiff's expert disclosures

due on June 21; and Defendants' expert disclosures due on July 14, 2007.

On April 27, 2007, Plaintiff conducted the noticed 30(b)(6) deposition. As a result of this deposition, Plaintiff believed more material was discoverable and sent a new document production request to Defendants on May 3, 2007. On May 8, 2007 Plaintiff received a proposed confidentiality order from the Defendants which, he states, he sent to his expert. The expert apparently raised some concerns about the contents of the confidentiality agreement. As Plaintiff's counsel recounts the story, he was not surprised that he did not get an immediate response from his expert given some delays that had occurred previously with exchanges of information. Finally, on July 9, 2007, Plaintiff's counsel received the proposed confidentiality agreement back from the expert, returned an executed copy to Defendants, and soon after, on July 13, received responses to his second document production request. Also on July 13, Plaintiff received Defendants' expert disclosures. At this point, Plaintiff's counsel realized that he had failed to provide Plaintiff's expert disclosures by the required June 21, 2007 date, and had failed to move for an extension in the discovery deadlines to accommodate the delays and transmission of information and execution of the confidentiality agreement. Plaintiff's counsel readily admits that the error in

this case was his own and not due to any dilatory or obstructionist conduct by his client or by the expert.

Upon realizing his situation, Plaintiff filed a motion to extend the discovery deadlines. Magistrate Judge Martin heard argument with respect to this motion and denied Plaintiff's request stating that Plaintiff had failed to provide a sufficient justification for his failure to meet the discovery deadlines and/or seek a timely extension of the same. The Magistrate Judge reasoned that discovery deadlines had already been extended twice; that the motion to extend was filed a full two months after the date for close of discovery; that the Defendants had fully complied with the scheduling dates including making their expert witness disclosures even where Plaintiff had not. Further, the Magistrate Judge noted that the Plaintiff's attempt to lay some of the blame for his failure to comply with the deadlines at the feet of the Defendants did not ring true; rather Defendants timely submitted proposed confidentiality agreements and would have submitted documents in reply to the document production request if Plaintiffs had returned the executed agreement. Finally, and importantly, the Magistrate Judge stated that "extending the pretrial deadlines would send a message to other counsel that court scheduling deadlines established by this Court can be ignored or over looked without significant consequence."

## II. Standard of Review

The first issue raised by the Plaintiff that the Court must resolve is the standard of review to be applied to this appeal of the Magistrate Judge's Order. Usually, a pretrial matter referred to a Magistrate Judge for determination is governed by 28 U.S.C. § 636(B)(1)(a). Such decisions of the Magistrate Judge may be reconsidered only "where it has been shown that the Magistrate Judge's Order is clearly erroneous or contrary to law." However, Senior Judge Pettine of this Court found in Yang v. Brown Univ., 149 F.R.D. 440 (D.R.I. 1993) where the decision of the magistrate judge imposing a sanction for a discovery violation "crosses the line from non-dispositive to dispositive decision making . . . . [u]nder these circumstances, [the] Court is obliged to treat the Magistrate's sanction as a recommendation to this Court and to review the record de novo." 149 F.R.D. 442-43. Such appears to be the case here. Both of the parties acknowledge that the decision to exclude the Plaintiff's expert as a result of missing the discovery deadlines will, without much doubt, effectively dispose of the case. Therefore, in order to give the benefit of the doubt to the Plaintiff (but without adopting Judge Pettine's formulation as a hard and fast rule), the Court will consider the Magistrate

Judge's Order under the de novo standard of review set forth in 28 U.S.C. § 636(B)(1) and give this matter de novo review.[1]

III. Discussion

As noted by the Magistrate Judge, the Court of Appeals for the First Circuit has held on numerous occasions that district courts enjoy considerable latitude in managing their dockets and imposing sanctions where parties fail to comply with a court's pretrial orders. "When noncompliance occurs, the ordering court should consider the totality of events and then choose from the broad universe of available sanctions in an effort to fit the punishment to the severity and circumstances of the violation." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003). In Tower Ventures, Inc. V. City of Westfield, 296 F.3d 43 (1st Cir. 2002), the Court of Appeals again acknowledged the broad discretion afforded to district judges to mete out sanctions for failure to comply with discovery requirements and case management deadlines. As the Court said, "when noncompliance occurs, the court may choose from a broad universe of possible sanctions. This flexibility is necessary because the circumstances attendant to noncompliance are apt to differ widely. In the last analysis, then, the choice of an

[1] If this Order were reviewed under 28 U.S.C. § 636(B)(1)(a) it would clearly survive the challenge as it is not clearly erroneous or contrary to law.

appropriate sanction must be handled on a case-by-case basis." 296 F.3d at 46 (citing Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir. 1996)).

In Tower Ventures, the court was considering the determination of the district judge to dismiss an action for failure to comply with discovery and case management orders. "From a plaintiff's standpoint, the most dreaded sanction is dismissal with prejudice. Although this is strong medicine, not casually to be dispensed, a court may, in appropriate circumstances, dismiss a case with prejudice for violation of a judicial order without consideration of lesser sanctions." 296 F.3d at 46. However, the court held that such sanctions "ordinarily should be employed only when a plaintiff's misconduct is extreme." Id. (citing Enlace Mercantil Int'l, Inc. v. Senior Indus., Inc. 848 F.2d 315, 317 (1st Cir. 1988)).

Reluctantly, this Court must agree with the Magistrate Judge's assessment. I have given consideration to a myriad of alternative remedies such as imposition of fines or costs, but these send the message that noncompliance or inattention to deadlines can be purchased for a price. If this becomes the standard, unscrupulous counsel for Plaintiffs might seek to avoid initial expert disclosure in order to gain unfair advantage in litigation, on the expectation that fines or sanctions are a price worth paying. This

cannot be allowed to happen. Moreover, this Court has shown consideration to counsel when circumstances outside of his/her control caused the party to miss a filing deadline. See Vigilant Ins. v. East Greenwich Oil Co., 234 F.R.D. 20 (D.R.I. 2006). But here there are no such mitigating circumstances. So for the reasons set forth in the Order of Magistrate Judge Martin, the Plaintiff's Motion is DENIED.

It is so ordered.

WESmith

William E. Smith
United States District Judge
Date: 10/30/07