UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO | ) | |
| | ) | |
| V. | ) | C.A. No. 06-153S |
| | ) | |
| HOME DEPOT U.S.A., INC., BLACK & DECKER, INC. DEWALT INDUSTRIAL TOOL CO., and XYZ CORP. | ) ) ) ) | |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Now comes the Plaintiff, Robert S. Esposito, and submits this Memorandum in support of his opposition to Defendants' Motion for Summary Judgment.

## I. BACKGROUND AND TRAVEL

This is a product liability case involving amputation of three fingers on Plaintiff's hand arising from use of Defendant's miter saw on March 30, 2003. After a period of discovery, extensions of discovery deadlines, and motions concerning discovery, Defendant has filed the instant Motion for Summary Judgment. The thrust of Defendants' Motion is that Plaintiff has not identified expert testimony which will permit him to withstand summary judgment or carry this case to a jury. Since the filing of the Motion Plaintiff has produced the report of his expert, but the Court has denied Plaintiff's Motion to Extend Discovery Deadlines and/or to Permit Expert Testimony notwithstanding the Court's refusal to extend discovery deadlines. Plaintiff's opposition to the instant Summary Judgment Motion is twofold:

1) the opinion of Plaintiff's expert as reflected in Steven Thomas' report dated August 24, 2007 demonstrates that there are genuine issues of material fact which preclude entry of judgment for Defendant as a matter of law; and

2) under the circumstances of this case, this Court's denial of Plaintiff's Motion to Permit Expert Testimony was unwarranted and Steven R. Thomas' expert opinion testimony should be considered.

**GENUINE ISSUES OF MATERIAL FACT**

Mr. Thomas' engineering report of August 24, 2007 is attached as *Exhibit 1.* In that report Mr. Thomas reflects that he has made two inspections of the subject saw, has purchased and inspected an exemplar of the subject saw, and has reviewed extensive materials which bear on his expert opinion. It is undisputed that on April 20, 2007, Mr. Thomas and Defendants' experts participated in a joint disassembly and inspection of the subject saw.

Based on Mr. Thomas' inspection and review of materials as detailed in his report, he offers the opinion "that the design of the subject DeWalt DW708 Sliding Compound Miter Saw was defective in that the lower blade guard could be rendered ineffective by contamination potentially created during its use . . ." He offers the further opinion "that the circumstances reported by the witnesses indicate that the described defect was casually related to Mr. Esposito's injury . . ." Further, "the guard arrangement was such that, when operating properly, the guard provided effective protection for the blade when approached from the near (operator's) side and would likely have prevented Mr. Esposito's injury if working properly." Mr. Thomas offers the further opinion that the identified defect could be corrected without negative effect on the tool utility and/or cost, and that a simple redesign of the spring cover to correct the defect could be made at a negligible cost. Accordingly, Plaintiff has identified expert testimony which

he is prepared to introduce at trial which raise material issues of fact with regard to Defendant's liability and therefore, Defendant is not entitled to judgment as a matter of law.

**THE COURT'S PRECLUSION OF MR. THOMAS' TESTIMONY.**

This Court has previously ruled on Plaintiff's Appeal of Order Denying his Motion to Extend and Compel, and on Plaintiff's Motion to Permit Expert Testimony. Plaintiff attaches hereto and specifically incorporates in this Memorandum, Plaintiff's Memorandum in Support of his Appeal of Order Denying Motions to Extend and Compel (*Exhibit 2*), Judge Smith's Opinion and Order dated October 30, 2007 denying that Appeal, (*Exhibit 3*), Plaintiff's Motion to Permit Expert Testimony (*Exhibit 4*) and Text Order Denying the Motion for Disclosure of Expert Testimony dated November 27, 2007 (*Exhibit 5*). In substance, this Court has refused to permit Plaintiff's introduction of expert testimony because of Plaintiff's inadvertent omission to request extension of a discovery deadline.

Judge Smith's Opinion and Order on page 7 reflects that such sanctions "ordinarily should be employed only when a plaintiff's misconduct is extreme." The record in this case reflects that any failures on the part of Plaintiff were purely inadvertent and not intentional. There is no suggestion in the record to the contrary. In addition, there is no showing of prejudice in substance to Defendant as a result of Plaintiff's inadvertence. As noted in the attached documents, the identity of Plaintiff's expert was known to Defendant months before the date for expert disclosure, defense counsel and experts met and interacted with Mr. Thomas, and Mr. Thomas' report has now been produced more than three months ago. Preclusion of expert testimony under the circumstances is unduly harsh and Plaintiff should be able to offer Mr. Thomas' opinion to defend the instant Motion at trial.

For the forgoing reasons, Plaintiff requests that Defendants' Motion for Summary Judgment be denied.

Plaintiff
By his Attorneys

/s/ Paul S. Cantor
Paul S. Cantor, (#3177)
321 South Main Street, Suite 302
Providence, RI 02903
Tel: 401-351-8200
Fax: 401-351-9032

/s/ Richard Abrams
Richard Abrams, (#0362)
Abrams & Verri
999 Chalkstone Avenue
Providence, RI 02908

CERTIFICATION

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 4, 2007.

/s/ Paul S. Cantor