UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO, Plaintiff | : | |
| v. | : | C.A. No. 06-153 S |
| HOME DEPOT U.S.A. INC., BLACK & DECKER, INC., DEWALT INDUSTRIAL TOOL CO., and XYZ CORP. Defendants | : | |

**PLAINTIFF'S MOTION TO PERMIT EXPERT TESTIMONY**

Now comes the Plaintiff in the above-entitled matter and moves for permission to present expert testimony in opposition to summary judgment and at trial. As grounds therefore, Plaintiff states that denial of a previous motion in this matter may preclude presentation of such testimony, and Plaintiff has appealed the ruling on such previous motion. However, to the extent that the appeal is denied, Plaintiff files the instant motion in the alternative. Plaintiff attaches and incorporates a Memorandum and a report from his expert in support of this motion.

Plaintiff
By his Attorney,

/s/ Paul S. Cantor
Paul S. Cantor, Esq. (#3177)
321 South Main Street, Suite 302
Providence, RI 02903
Tel: 401-351-8200
Fax: 401-351-9032

/s/ Richard Abrams
Richard Abrams (#0362)
Abrams & Verri
999 Chalkstone Avenue
Providence, RI 02908
401-351-5700
401-351-3493

**CERTIFICATION**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 27, 2007.

/s/ Paul S. Cantor

UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO,<br>Plaintiff<br><br>v.<br><br>HOME DEPOT U.S.A. INC.,<br>BLACK & DECKER, INC.,<br>DEWALT INDUSTRIAL TOOL CO.,<br>and XYZ CORP.<br>Defendants | : | C.A. No. 06-153 S |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO PERMIT EXPERT TESTIMONY**

Now comes the Plaintiff, Robert Esposito, and submits this Memorandum in support of his Motion to Permit Expert Testimony.

As a general summary for the Plaintiff's Motion, Plaintiff states that rulings on previous motions in this case may fatally damage his ability to present expert testimony. Plaintiff has appealed the rulings on those previous motions, and hopes to prevail on that appeal. However, Plaintiff files this motion in the alternative should his appeals be denied.

**General Background**

This is a product liability case involving amputation of three fingers on Plaintiff's hand arising from use of a miter saw on March 31, 2003. On March 16, 2006 Plaintiff filed a Complaint in the Rhode Island Superior Court against the three-named Defendants. In April, 2006 Defendants removed the case to this Court based on diversity jurisdiction. On May 3, 2006

Plaintiff filed a Motion to Remand alleging certain procedural defects in the removal procedure, and after hearing thereon, the Court denied the Motion to Remand on July 6, 2006. Thereafter, litigation on the merits began.

In pertinent part, the initial pre-trial order in this case required that all factual discovery be closed by January 31, 2007 and that expert witness disclosures be made by Plaintiff by February 21, 2007 and by Defendant by March 14, 2007. On January 16, 2007 Defendant moved that the pertinent dates be extended by sixty days; Plaintiff assented and discovery closure was extended to March 31, 2007, expert disclosure was extended to April 21, 2007 for Plaintiff and May 14, 2007 for Defendant. Thereafter, discovery continued and the parties arranged for their respective experts to inspect the saw in question. (It was agreed that disassembly and inspection of the saw should be done with experts from both sides present.) The saw was inspected on April 20, 2007. At that time, counsel for Defendants met Plaintiff's expert, Steven Thomas ("Thomas"), and, in fact, Thomas' C.V. had previously been provided to defense counsel on November 16, 2006.

In addition, on or about March 8, 2007, Defendant provided answers to interrogatories propounded by Plaintiff and broadly objected to interrogatories requesting information regarding similar claims. (The interrogatory answers were provided without any request for or discussion of a confidentiality agreement.) Because of the objections, and in an effort to expedite discovery on the subject of similar claims, Plaintiff scheduled the Rule 30(b)(6) deposition of the person most knowledgeable on the subject of such claims; ultimately, the deposition was rescheduled for April 27, 2007. Because of these ongoing discovery activities, Plaintiff filed a Motion to Extend pretrial dates by sixty days so that fact discovery would close on May 31, 2007 and

expert disclosures would be due on June 21, 2007 and July 14, 2007. That motion was filed on April 13, 2007 and was granted, unopposed, on April 16, 2007.

Thereafter, the 30(b)(6) deposition of Steven Vick was, in fact, conducted on April 27, 2007 and revealed that additional material existed concerning other related claims and other discoverable information which Plaintiff required. Accordingly, on May 3, 2007 Plaintiff propounded a second set of interrogatories upon Defendant seeking specific information regarding related claims, and also propounded a document request seeking documents regarding related claims and other pertinent information.

On or about May 5, 2007 Defendant sent Plaintiff a proposed Confidentiality Agreement which Plaintiff received on May 8, 2007. (Defendants suggest that the Confidentiality Agreement was first discussed at Mr. Vick's deposition, and Plaintiff does not dispute that. However, Defendant asserts that at that time "Plaintiff was advised that documents Defendants deemed responsive to a request for production and otherwise not objectionable would be provided once Plaintiff had executed a Confidentiality Agreement." Plaintiff does not agree with this assertion, as no document request was made by Plaintiff until a week after the Vick deposition on May 3, 2007.)

In any event, Plaintiff circulated the Confidentiality Agreement among Plaintiff , whose signature was required, to co-counsel whose assent was required, and to Thomas whose confidentiality pledge was required. Discussions ensued between Plaintiff's counsel and Thomas concerning details of the Confidentiality Agreement which troubled Thomas, but ultimately Thomas signed and returned the confidentiality pledge. The Confidentiality Agreement was returned to defense counsel in two stages in early July.

During the period of time the Confidentiality Agreement was outstanding, Plaintiff's counsel did not understand (rightly or wrongly), that it might delay Defendant's response to the outstanding second set of interrogatories and the document request. This impression was bolstered by the fact that Defendants' initial interrogatory answers were filed approximately two and a half months after the interrogatories were propounded and after two requests for extensions to which Plaintiff assented, and were provided before any discussion of a confidentiality agreement.

In any event, on July 9, 2007 Defendant responded to the second set of interrogatories and to the document request by producing voluminous materials, which were forwarded to Plaintiff's expert, but also by continuing to object to requests for additional information which Plaintiff's counsel believed pertinent and discoverable. While Plaintiff's counsel was evaluating these discovery responses, Defendant filed his expert disclosures on July 13, 2007.
This caused Plaintiff's counsel to focus on the fact that the previously imposed set of deadlines had expired while the discovery remained outstanding, and he filed the Motion to Extend Pre-Trial and Trial dates on August 1, 2007. At no time has Plaintiff's counsel or Thomas reviewed Defendants' expert disclosures. On August 3, 2007, before the Motion to Extend was heard, Defendant filed a Motion for Summary Judgment essentially based on Plaintiff's failure to produce an expert opinion.

**Discussion of Case Law**

The plaintiff here in essence is asking this Court to permit the use of the expert notwithstanding the late disclosure of his report. In this context it is important to note that Plaintiff identified the expert and provided his C.V. to Defendant in November 2006, fully three months before the original disclosure deadline. In addition, prior to expiration of the extended

deadline, defense counsel met the Plaintiff's expert in person at the product inspection meeting, and the Defendant's expert had the opportunity to interact with the Plaintiff's expert during the course of the inspection. Plaintiff produces his expert's report together with this Memorandum.

Plaintiff recognizes that Rule 37 provides a framework in which exclusion is an available remedy for late disclosure; the rule also provides, however, that there should be no exclusion where the late disclosure is either "without substantially justification" or "harmless." Fed. R. Civ. P. 37(c). Other courts that have addressed this issue have concluded that exclusion was inappropriate. For example, in Galentine v. Holland America Line-Westours, Inc., , 333 F. Supp. 2d 991 (W.D. Wash. 2004), a negligence case, the court refused to exclude the plaintiff's expert because of a late-disclosed report. In that case the court noted that the defendant knew the expert's identity before expiration of the deadline. The court noted that defendant would have the opportunity to depose the expert prior to his testimony at trial, and the court rejected the defendant's claim that plaintiff had gained an unfair advantage because his expert had an opportunity to review defendant's expert report prior to producing one on behalf of the plaintiff[1]. The court concluded that the exclusionary sanction was too harsh and that any potential for prejudice could be ameliorated through other means[2]. Galentine, 333 F. Supp. 2d at 993-95.

Similarly, in Maritime-Ontario Freight Lines v. STI Holdings, Inc., 481 F. Supp. 2d 963 (W.D. Wis. 2007), the court declined to exclude the plaintiff's expert as a sanction for late disclosure. In this product liability case the plaintiff alleged a structural defect in shipping containers manufactured by the defendant. Plaintiff failed to designate an expert in accordance

[1] In the instant case, as noted supra, neither Plaintiff's counsel nor his expert have reviewed the expert report prepared by the Defense expert. Thus, there can be no claim in this case that the Defendant has suffered a tactical prejudice by virtue of the Plaintiff's delayed disclosure.
[2] The court in Galentine decided that the proper remedy would be for the jury to be informed of the plaintiff's delay in disclosure.

with the applicable disclosure deadline. The defendant sought summary judgment, claiming that the plaintiff could not meet his burden on the structural defect claim without expert testimony. The court determined that the defendant would have an opportunity to despose the late-disclosed expert prior to trial, and that the court would also permit defendant to file a supplemental report in response to anything learned during the deposition. Because there was no prejudice from the late disclosure the court declined to exclude the plaintiff's expert and likewise denied the defendant's motion for summary judgment, which was based entirely on the plaintiff's failure to identify an expert. 481 F. Supp. 2d at 972.

Similarly, in Spray-Tek v. Robbins Motor Transport, 426 F. Supp. 2d 425 (W.D. Wis. 2006), the court rejected a defendant's motion to strike an expert report that the plaintiff produced in response a motion for summary judgment. The court reasoned that the late-disclosed expert had been identified a few weeks before trial, enabling the defendant to depose the expert and engage his own expert to respond if necessary. The court reasoned that the defendant had suffered no prejudice from the late disclosure and it was therefore harmless within the meaning of Fed. R. Civ. P. 37(c).

**Argument**

Plaintiff acknowledges that grant or denial of this Motion is discretionary based on the facts and circumstances of this case. However in this case, Plaintiff suggest that the following factors support the Motion:

1. Although counsel's failure to attend to a request to extend the dates before certain deadlines expired was clearly a mistake, this is not a case where discovery was dormant; in fact, the record indicates that extensive discovery was ongoing.

2. The outstanding Confidentiality Agreement apparently delayed completion of discovery but counsel was unaware of Defendants' position that discovery would not be provided until the Confidentiality Agreement was returned.

3. Counsel's errors in this matter were entirely innocent, if misguided, and in no way were intended to delay or prejudice Defendants.

4. All errors as reflected above were entirely counsel's errors, not errors of the Plaintiff, who has been fully compliant in all aspects of discovery. Accordingly, if sanctions are appropriate, counsel suggests they should be levied against counsel and not against the Plaintiff, who should be given his day in Court.

5. As noted above, Plaintiff provided his expert's C.V. to Defendant in November, 2006, and Defendants' expert and counsel met and interacted with him at the joint inspection of the saw on April 20, 2007.

6. In view of counsel's representation that he has not reviewed Defendant's expert disclosures, nor has he provided them to his expert, there is no prejudice to Defendants outside of the expenditure of time and money, and appropriate sanctions in this regard can restore the parties to their proper positions.

Wherefore, Plaintiff requests that the Motion to Permit Testimony be granted.

Respectfully submitted,
Plaintiff
By his Attorneys,

/s/ Paul S. Cantor

Paul S. Cantor, Esq. (#3177)
321 South Main Street, Suite 302
Providence, RI 02903
Tel: 401-351-8200
Fax: 401-351-9032

/s/ Richard Abrams
Richard Abrams (#0362)
Abrams & Verri
999 Chalkstone Avenue
Providence, RI 02908
401-351-5700
401-351-3493

**CERTIFICATION**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 27, 2007.

/s/ Paul S. Cantor