UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO | ) | |
| | ) | |
| V. | ) | C.A. No. 06-153S |
| | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| BLACK & DECKER, INC. | ) | |
| DEWALT INDUSTRIAL TOOL | ) | |
| CO., and XYZ CORP. | ) | |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S EXHIBIT 1 TO HIS MEMORANDUM IN SUPPORT OF HIS OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant correctly points out in its Memorandum that the Plaintiff has been told twice by this Court that he may not use the testimony of Mr. Thomas in this action, and specifically in connection with the Defendant's Motion for Summary Judgment. The Court's direction in this regard arises from Plaintiffs single instance of non-compliance with a Discovery Order, namely, his failure to timely request an extension of discovery and case management deadlines. Both parties and the Court acknowledge that the Court's decision in that regard is tantamount to a dismissal of Plaintiff's case, because in a products liability case such as this the Plaintiff cannot proceed without the assistance of expert testimony.

Plaintiff has previously argued to this Court that its decision denying the Motion to Extend Discovery Deadlines, which would have enabled him to use expert testimony, was unduly harsh and unjustified under the circumstances. Plaintiff reincorporates those arguments in the context of the instant opposition. However, in addition, the Plaintiff cites a 2007 First

Circuit case, *Malot v.Dorado Beach Cottages Associates*, which is particularly on point and which has not been previously argued to the Court. *Malot* concerned the District Court's dismissal of plaintiff's case for disregard of discovery and management orders and for failure to proceed. The First Circuit acknowledged that although "claims that a court has abused its discretion in dismissing a case for failure to adhere to discovery orders or for failure to prosecute have 'not received a sympathetic ear from us' . . . **nevertheless we must fairly balance the court's venerable authority over case management with the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits.**" *Torres-Vargas v. Pereira*, 431 F.3d 389 (1st Cir.2005); *Batiz Chamorro v. Puerto Rican Cars, Inc.*, 403 F.3d 1, 4 (1st Cir.2002). Malot @ p. 44. The Court noted **"In fact, we recently noted that we were unable to find a case in this Circuit in which we had upheld a dismissal with prejudice based on a single instance of non-compliance with a discovery order."** *Benitez-Garcia*, 468 F.3d at 5. Malot @ p. 44. The Court continued to note, **"we tend to reserve dismissal with prejudice for delays measured in years, while reversing dismissals for conduct resulting in delays of merely a few months."** *Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 48 (1st Cir.2003); *see also Benitez-Garcia*, 468 F.3d at 5. Malot @ p. 44. In addition, the Court noted that although prior notice that further non-compliance with orders would result in a dismissal is not a pre-requisite to dismissal with prejudice, it is an important consideration.

In the instant case, Plaintiff's failure to request a timely extension of discovery deadlines and case management deadlines represents a single instance of non-compliance. Accordingly, there was no prior notice of the consequences of further non-compliance, because there had been no previous non-compliance. In addition, the extension sought was for good cause, and only concerned a few months. Accordingly, the Plaintiff argues that because the First Circuit's

direction in this regard is so clear, and because this Court's failure to consider Mr. Thomas' expert opinion would be tantamount to a dismissal in the case, the expert opinion must be considered. Accordingly, Plaintiff asks that the Motion to Strike be denied.

Plaintiff
By his Attorneys

/s/ Paul S. Cantor

Paul S. Cantor, (#3177)
321 South Main Street, Suite 302
Providence, RI 02903
Tel: 401-351-8200
Fax: 401-351-9032

/s/ Richard Abrams

Richard Abrams, (#0362)
Abrams & Verri
999 Chalkstone Avenue
Providence, RI 02908

CERTIFICATION

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 11, 2008.

/s/ Paul S. Cantor