UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT ESPOSITO, :
Plaintiff, :
v. :
: CA 06-153 S
HOME DEPOT U.S.A., INC., :
BLACK & DECKER, INC., DEWALT :
INDUSTRIAL TOOL CO., and :
XYZ CORP., :
Defendants. :

**ORDER**
**FOR SUPPLEMENTAL MEMORANDA**

Before the Court are two motions filed by Defendants:

1. Motion to Strike Plaintiff's Exhibit 1 (Doc. 58-2) to His Memorandum in Support of His Objection to Defendants' Motion for Summary Judgment (Doc. 58) ("Motion to Strike") (Doc. #60); and

2. Defendants' Motion for Summary Judgment and for a Fed. R. Civ. P. 54(b) Determination ("Motion for Summary Judgment") (Doc. #38).

Plaintiff's opposition to the Motion for Summary Judgment relies upon the expert witness report of Steven Thomas ("Mr. Thomas"). See Plaintiff's Memorandum in Support of His Objection to Defendants' Motion for Summary Judgment ("Plaintiff's Mem.") (Doc. #58) at 2-3. Plaintiff argues that the Court's prior preclusion of Mr. Thomas' testimony is unduly harsh and apparently seeks reconsideration of the Court's prior rulings excluding such testimony. See id. at 3. Accordingly, the Court directs the parties to submit supplemental memoranda which address the following facts and answer the questions posed below.

On August 17, 2007, this Magistrate Judge denied Plaintiff's Motion to Extend Pretrial and Trial Dates (Doc. #37), which ruling had the effect of precluding Plaintiff from using Mr.

Thomas as an expert witness. That ruling was affirmed by District Judge Smith on October 30, 2007. See Opinion and Order (Doc. #56). Judge Smith also subsequently denied Plaintiff's Motion to Permit Expert Testimony (Doc. #50). See Docket entry for 11/28/07.

**1. Do these rulings constitute the "law of the case" on the issue of whether Plaintiff may use Mr. Thomas as an expert witness?**

**2. If they are the "law of the case," may the Court reconsider and alter the prior rulings?**[1]

**3. Does this Magistrate Judge have any authority to recommend that District Judge Smith reconsider his prior rulings on this issue?**

Plaintiff is also to include in his memorandum a clear statement of the specific recommendation which he is asking this Magistrate Judge to make to Judge Smith (beyond simply recommending that the Motion for Summary Judgment be denied). For example, if Plaintiff believes that this Magistrate Judge has the authority to recommend that Judge Smith reconsider his prior rulings and permit the expert testimony of Mr. Thomas and that is the relief which Plaintiff seeks, he should state this specifically in the memorandum.

The memoranda, not to exceed seven[2] pages, are due on January 30, 2008. After receiving the memoranda, the Court will

[1] If either party believes that the answer to this question is yes, the party should state whether the authority exists not only as to District Judge Smith, but also as to this Magistrate Judge. The party should address specifically the effect, if any, of Judge Smith's affirmation of this Magistrate Judge's order.

[2] This is an increase from the page limit stated at the January 16, 2008, hearing.

determine whether a hearing is necessary.[3]

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
January 16, 2008

[3] This is a change from the procedure which the Court announced from the bench at the hearing on January 16, 2008.