UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO | : | |
| | : | |
| VS. | : | C.A. NO. 06-153 S |
| | : | |
| HOME DEPOT U.S.A., INC., | : | |
| BLACK & DECKER, INC., DEWALT | : | |
| INDUSTRIAL TOOL CO., and XYZ CORP. | : | |

DEFENDANTS' **SUPPLEMENTAL** MEMORANDUM
PURSUANT TO THE COURT'S ORDER DATED 1/16/08

Magistrate Judge Martin's Order dated January 16, 2008 (doc. #63) requests supplemental memoranda from the parties relative to two pending motions: the defendants' Motion for Summary Judgment (doc. #38) and the defendants' Motion to Strike plaintiff's Exhibit 1 (doc. #58-2) to his objection to defendants' Motion for Summary Judgment. Specifically, the parties have been directed to respond to three questions posed in the Order relative to the application of the law of the case doctrine.

1. The Prior Rulings By Judge Smith Constitute The Law Of The Case Precluding The Plaintiff's Ability To Use Mr. Thomas As An Expert Witness In Connection With The Pending Motion For Summary Judgment Or For Any Other Reason.

The law of the case doctrine is well established in both the federal and Rhode Island state court systems. Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391 (1983), Taveira v. Solomon, 528 A.2d 1105, 1107 (RI, 1987). It is a rule of practice utilized by courts to refrain from reopening what has already been decided in the case. Messigner v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 740 (1912). It is not a limit to the court's power. Id. Law of the case has developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.

Wright & Miller, *Federal Practice and Procedure*, §4478, p. 788. It may properly be invoked where the arguments advanced by a party are in clear conflict with a prior decision in the case. US v. DeJesus, 752 F.2d 640, 643-644 (1st Cir., 1985). As noted in an oft-quoted paragraph from the Fifth Circuit case of White v. Murtha, 377 F.2d 428, 431-432 (5th Cir., 1967):

> The 'law of the case' rule is based on the salutary and sound public policy that litigation should come to an end. It is predicated on the premise that 'there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions or speculate of chances from changes in its members,' and that it would be impossible for an appellate court 'to perform its duties satisfactorily and efficiently' and expeditiously 'if a question, once considered and decided by it were to be litigated anew in the same case any and every subsequent appeal' thereof.

Application of the doctrine is not limited to appeals, but governs interlocutory decisions made during the course of a case as well. Messinger v. Anderson, 225 U.S. at 444, 32 S.Ct. at 740. As noted by Wright and Miller, *Federal Practice and Procedure*, §4478, pp.789-790:

> Although courts are often eager to avoid reconsideration of questions once decided in the same proceeding, it is clear that all federal courts retain power to reconsider if they wish. Law of the case principles in this aspect are a matter of practice that rests on good sense and the desire to protect both court and parties against the burdens of repeated reargument by indefatigable diehards.

Here, Judge Smith has now ruled twice on the specific issue of the use of the expert testimony of Mr. Thomas: in a lengthy, written decision he affirmed this Magistrate Judge's recommendation to deny the plaintiff's Motion to Extend Pretrial and Trial Dates – a motion that sought specifically to present expert testimony in opposition to the defendants' Motion

for Summary Judgment, and he denied by text order the plaintiff's Motion to Permit Expert Testimony. No matter how one looks at the plaintiff's argument in opposition to the Motion for Summary Judgment, which includes Mr. Thomas's expert opinions as the critical basis for the opposition, it is obvious that the attempt to now place such evidence before the court is a violation of those rulings or, more charitably viewed, is an effort to request a third bite at this apple – a bite that is improper under the law of the case doctrine as it concerns the identical issue that has been ruled upon twice by Judge Smith during the course of these proceedings. Indeed, the plaintiff may well set a new standard for the phrase "indefatigable diehard", here. There is simply no question that the law of the case doctrine applies to this situation.

2. There Are Exceptions To The Law Of The Case Doctrine, But None Of Them Apply Here To Justify Reconsideration Of Judge Smith's Prior Two Rulings

Since the law of the case doctrine is a rule of practice or convenience and not a jurisdictional bar, it is within the sound discretion of the Court to determine its application. The Fifth Circuit in Paul v. US, 734 F.2d 1064,1066, identified the exceptions to application of the law of the case doctrine stating that while it is not "an inexorable command", it must be followed in all subsequent proceedings in the same case in the trial or on a later appeal in the appellate court, unless 1. the evidence on a subsequent trial is substantially different, 2. controlling authority has since made a contrary decision of the law applicable to such issues or 3. the decision was clearly erroneous and would work a manifest injustice. *See also*, Wright & Miller, *Federal Practice and Procedure*, §4478, p. 790 ["most recent decisions suggest that the major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."]

In analyzing the exceptions to the law of the case doctrine as they might apply to this case, the Court is at a decided disadvantage since, it should be noted, no motion for reconsideration has been filed by the plaintiff – he simply filed documents in clear violation of the court's rulings. In doing so, he failed to follow the proper procedures for seeking review or reconsideration of Judge Smith's decisions. As noted by the First Circuit in the US v. DeJesus case, *supra*, in applying the law of the case doctrine to refuse to reconsider an issue previously decided by the court en banc which resulted in remand to the district court:

> If appellants doubted the correctness of the law of the case as established by the en banc decision, it was incumbent upon them either to petition for rehearing or to move for recall of the mandate. *See* J. Moore, J. Lucas, T. Currier, 1B *Moore's Federal Practice* ¶0.404[10] (1983). Failure to challenge our decision in the proper manner bound the district court to our instructions on remand, and we feel it would be an improper use of judicial resources to reconsider the questioned ruling at this time. Id., at 643.

Here the plaintiff has taken no such steps to obtain appropriate reconsideration or review of Judge Smith's rulings. Because of this, the posture of the case is not conducive to a full "law of the case" analysis. The plaintiff has not identified why he believes the law of the case doctrine should not apply here or what exception to the doctrine he is seeking to exploit. It is certainly true that the plaintiff has cited no new controlling law and no evidentiary revelations that warrant a reconsideration of Judge Smith's rulings a bare two months after they were issued.

While the plaintiff seeks to rely upon the case of Malot v. Dorado Beach Cottages Associates, 478 F.3d 40 (1st Cir., 2007) as "new" authority to support his position that the exclusion of Mr. Thomas's testimony was unduly harsh, Malot was decided on February 23, 2007 and was available to the plaintiff at the time the original motions were heard. In

addition, Malot covers no new ground and is not controlling in any sense in this situation. Indeed, Malot reiterates the well-worn standard that in imposing sanctions upon parties for violation of court orders, judges should exercise their discretion to dismiss an action as a penalty only sparingly and notes the case-specific nature of such rulings. Id., at 43-44. Both points are made by Judge Smith in his Opinion and Order, pp. 6-7, so Malot adds nothing of substance to the discussion. It should, perhaps, also be noted that the Court observes at page 43 in Malot:

> Claims that a court has abused its discretion in dismissing a case for failure to adhere to discovery orders or for failure to prosecute have not received a sympathetic ear from us." Damiani v. RI Hosp., 704 F.2d 12, 17 (1st Cir., 1983).

It is equally true that Judge Smith's written decision adopting this Magistrate Judge's recommendation on the plaintiff's original motion is a complete and considered determination of the expert witness issue that does not indicate any inherent weakness or flaw in the argument such that the "clear error" or "manifest injustice" exceptions would apply. The plaintiff simply persists in advancing Mr. Thomas as an expert in this case in the face of two rulings to the contrary.

Absent proper action to seek review of Judge Smith's rulings and an appropriate demonstration by the plaintiff as to why the law of the case doctrine should not apply to this issue, there is nothing properly before this Court for reconsideration.

3. Although This Magistrate Judge May Have The Authority To Recommend That Judge Smith Reconsider His Prior Rulings, This Court Should Not Do So

The Motion for Summary Judgment and the Motion to Strike were referred to this Magistrate Judge by Judge Smith pursuant to 28 U.S.C. §636(b)(1)(B). Under that section of the statute, this Magistrate Judge may make whatever recommendations on those motions

he deems advisable to Judge Smith who may then act on them accordingly. There is no specific bar of which the defendants are aware to prohibit a recommendation to Judge Smith that he reconsider his prior rulings. However, in this case, this Magistrate Judge would be issuing a recommendation on a motion that was <u>not</u> directly referred to him by the District Judge – which is what would happen in the event that this Court ruled on a Motion for Reconsideration that has not been filed by the plaintiff or referred to this Magistrate Judge by Judge Smith. In fact, since a Motion for Reconsideration would be seeking a review of rulings issued by Judge Smith, it is at least possible that Judge Smith would chose to rule on such a motion himself and not refer it for consideration by the Magistrate Judge at all.

Further, in the absence of the filing of an actual Motion for Reconsideration by the plaintiff, neither the Court nor the defendants know what, precisely, the plaintiff is seeking to have reconsidered, if anything, or the grounds for it. The defendants are entitled to respond to any Motion for Reconsideration, will be prejudiced if they are not allowed an opportunity to file an objection once they understand what the plaintiff is seeking, and suggest that it would be helpful to the Court to have such a full exploration of the relevant issues before either Judge Smith or this Magistrate Judge is called upon to render a decision about reconsideration of the prior rulings. To this point, the plaintiff has not sought any affirmative relief but has simply filed oppositions to the defendants Motion for Summary Judgment and defendant's Motion to Strike. At a bare minimum, if the plaintiff seeks to have this Court entertain reconsideration of Judge Smith's prior rulings, it is incumbent upon him to file an appropriate motion, state his position clearly and subject his request to full scrutiny by the defendants and this Court. To simply consider the documents as filed by the plaintiff as sufficient to rise to the level of a Motion for Reconsideration is to reward the

plaintiff for deliberately violating Judge Smith's prior rulings and refusing to follow appropriate, established procedures of the Court for bringing the matter back before Judge Smith for reconsideration.

Wherefore, the defendants respectfully request:

a. that this Magistrate Judge not reconsider Judge Smith's prior rulings or recommend to him that he reconsider his prior rulings on this record;

b. that Exhibit 1 to the plaintiff's Memorandum in opposition to the defendants' Motion for Summary Judgment be stricken from the record and that the plaintiff be precluded from using the report or making reference to Mr. Thomas's expert testimony to support his opposition to the defendants' Motion for Summary Judgment; and

c. that the defendants Motion for Summary Judgment be granted.

Defendants,
By their attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on January 30, 2008 a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Richard I Abrams, Esq. rabrams@abrams-verri.com and Paul S. Cantor, Esq. psc@pcantorlaw.com will receive notice through the ECF system.

/s/ C. Russell Bengtson