UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO | ) | |
| | ) | |
| V. | ) | C.A. No. 06-153S |
| | ) | |
| HOME DEPOT U.S.A., INC., BLACK & DECKER, INC. DEWALT INDUSTRIAL TOOL CO., and XYZ CORP. | ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM PURSUANT TO MAGISTRATE JUDGE MARTIN'S ORDER DATED JANUARY 16, 2008**

Plaintiff submits this Memorandum in response to Magistrate Judge Martin's Order dated January 16, 2008.

**1. Do the rulings referenced in Judge Martin's Memorandum constitute the "Law of the Case" on the Issue of Whether Plaintiff May Use Mr. Thomas as an Expert Witness?**

Plaintiff's position is that the above-noted rulings may constitute the law of the case depending on what definition of law of the case, from the various definitions articulated in the case law, this Court chooses to apply. For instance, the Rhode Island Supreme Court recently stated "The law of the case doctrine provides that, after a judge has decided an interlocutory matter in a pending suit, a second judge, confronted at a later stage of the suit with the same question in the identical matter, should refrain from disturbing the first ruling." *Balletta v. McCale*, 823 A.2d 292 (R.I. 2003); *Greensleeves Inc. v. Phillip V. Smiley, Sr., et al*, R.I. S.Ct. 2006, 107, Dec 14, 2007. If that definition is accepted, then the law of the case doctrine would not apply to Judge Magistrate Martin's Decision dated August 17, 2007, but would apply to Judge Smith's Decisions on October 30, 2007 and November 28, 2007. Other Courts have

defined the law of the case doctrine slightly differently: "Under the law of the case doctrine, a Court is ordinarily precluded from re-examining an issue that has already been decided by the same Court, or a higher Court in the identical case." *United States v. Smith*, 389 F.3d 944 (9th Cir. 2004), at 948. Under such a definition, all three rulings referenced in Judge Magistrate Martin's Order might be subject to the law of the case doctrine. However, the Ninth Circuit Court of Appeals recently suggested, at least implicitly, its doubt over whether the Doctrine is ever applicable in circumstances such as these: "We need not resolve here whether the law of the case doctrine **ever** applies in District Court to previous rulings of that District Court." (emphasis added). *Mark H. v. Lemahieu*, 011708 FED9, 05-16236; U.S. Ct. App., 9th Cir. Jan. 17, 2008. In any event, because Plaintiff argues to this Court below that even if these rulings do constitute the law of the case on whether Plaintiff may use Mr. Thomas as an expert witness, the Court may reconsider and alter the prior rulings, Plaintiff suggests that a definitive answer to this question need not be reached.

**2. If the prior rulings are the law of the case, may the Court reconsider and alter the prior rulings?**

Assuming that the prior rulings referenced by Judge Magistrate Martin are law of the case, this Court may reconsider and alter the prior rulings. The case of *Smith v . United States*, 389 F.3d 944 (9th Cir. 2004) contains language which makes this clear:

The law of the case doctrine is "not an inexorable command," *Hanna Boys Center v. Miller*, 853 F.2d 682, 686 (9th Cir. 1988) (citation omitted), nor is it "a limit to [a court's] power." *Houser*, 804 F.2d at 567-568. Rather, "[a]pplication of the doctrine is discretionary." *Lummi Indian Tribe*, 235 F.3d at 452; see also *Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000) (stating that the "doctrine is highly flexible")(citation omitted); *Prisco v. A & D Carting Corp.*, 168 F.3d 593, 607 (2d Cir. 1999); *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d

1219, 1227 (7th Cir. 1995)("A judge may reexamine his earlier ruling ... if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefitted from it.") (citation omitted); Moore's Federal Practice §134.2[1] (3d ed. 2003) ("When a court applies the law of the case doctrine to its own prior decisions ... the traditional formulations of the doctrine must be conceived as rules of thumb and not as straightjackets on the informed discretion and sound practical judgment of the judge")... The legal effect of the doctrine of the law of the case depends upon whether the earlier ruling was made by a trial court or an appellate court. All rulings of a trial court are subject to revision at any time before the entry of judgment. A trial court may not, however, reconsider a question decided by an appellate court.

Other decisions have reached similar conclusions; *see United States v. Alexander*, 103 F.3d 874 (9th Cir. 1977); *City of L.A. v. Santo Monica Bay Keeper*, 254 F.3d 882 (9th Cir. 2001); *Mark H. v. Lamahieu*, (011708 FED9, 05-16236), Jan. 17, 2008. Accordingly, it seems clear that the Court may reconsider and alter the prior rulings.

Judge Smith has referred the pending Summary Judgment Motions and Motion to Strike to Magistrate Judge Martin for decision under 28 U.S.C. § 636 b(1)(a). As such, Plaintiff suggests that the Judge Magistrate has been designated to take all steps necessary to rule on the pending motions including reconsideration and alteration of the prior rulings, to the extent that that is necessary in view of existing case law presented to the Magistrate Judge.

Contemporaneous with the filing of this Supplemental Memorandum, Plaintiff has filed a Motion for Reconsideration of the three earlier rulings referenced in Magistrate Judge Martin's Order, together with a supporting Memorandum. Accordingly, as an alternative, Plaintiff suggests that as a matter of comity and protocol, Magistrate Judge Martin may defer ruling on

the Summary Judgment Motion and Motion to Exclude until the Court considers the Motions for Reconsideration.

**3. Does Magistrate Judge Martin have any authority to recommend that District Court Judge Smith reconsider his prior rulings on this issue?**

Plaintiff suggests that 28 U.S.C. § 636 § © empowers the Magistrate Judge with authority to make any recommendations necessary or appropriate in connection with his designation to determine matters referred to him by Judge Smith. In this way, Plaintiff suggests that Magistrate Judge Martin does have authority to recommend that District Court Judge Smith reconsider his prior rulings on these issues to the extent that Magistrate Judge Martin believes that is appropriate. However, as noted above, Plaintiff has contemporaneous with this Memorandum filed with the Court a Motion for Reconsideration supported by a Memorandum. Accordingly, Plaintiff suggests it is within Magistrate Judge Martin's authority, and appropriate, to recommend consideration of the Motion for Reconsideration before decision on the pending Motion for Summary Judgment and Motion to Exclude.

**4. Plaintiff's statement of specific relief requested of Magistrate Judge Martin.**

Plaintiff believes that the best course of conduct given this stage in the proceedings is for Magistrate Judge Martin to recommend that Judge Smith rule on the Motions for Reconsideration before Magistrate Judge Martin considers the Motion for Summary Judgment and Motion to Exclude. Plaintiff asks for that specific relief from Magistrate Judge Martin. Plaintiff is also asking Magistrate Judge Martin to affirmatively recommend that Judge Smith reconsider his prior rulings and permit the expert testimony of Mr. Thomas if Magistrate Judge Martin believes that is appropriate as a result of the First Circuit's rulings in *Malot v. Dorado Beach Cottages Associates*, 478 F.3d 40 (1st Cir. 2007), as necessary to correct a clear error or prevent manifest injustice.

Respectfully submitted
Plaintiff
By his Attorneys

/s/ Paul S. Cantor
Paul S. Cantor, (#3177)
321 South Main Street, Suite 302
Providence, RI 02903
Tel: 401-351-8200
Fax: 401-351-9032

/s/ Richard Abrams
Richard Abrams, (#0362)
Abrams & Verri
999 Chalkstone Avenue
Providence, RI 02908

CERTIFICATION

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 30, 2008.

/s/ Paul S. Cantor