UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT ESPOSITO :
:
VS. : C.A. NO. 06-153 S
:
HOME DEPOT U.S.A., INC., :
BLACK & DECKER, INC., DEWALT :
INDUSTRIAL TOOL CO., and XYZ CORP. :

DEFENDANTS' OBJECTION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION

The defendants hereby object to the plaintiff's Motion for Reconsideration of His Motion to Extend Pretrial and Trial Dates and Motion to Permit Expert Testimony (doc. #65). As grounds therefore, the defendants assert that the plaintiff has offered no new facts, law or argument justifying this Court's reconsideration of its previous rulings. In further support of this Motion, the Court is respectfully referred to the Memorandum of Law filed contemporaneously herewith.

Defendants,
By their attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on February 14, 2008 a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Richard I Abrams, Esq. rabrams@abrams-verri.com and Paul S. Cantor, Esq. psc@pcantorlaw.com will receive notice through the ECF system.

/s/ C. Russell Bengtson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO | : | |
| | : | |
| VS. | : | C.A. NO. 06-153 S |
| | : | |
| HOME DEPOT U.S.A., INC., BLACK & DECKER, INC., DEWALT INDUSTRIAL TOOL CO., and XYZ CORP. | : | |

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
OBJECTION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

The plaintiff has filed a Motion for Reconsideration seeking review by this Court of its prior two rulings denying the plaintiff's previously filed Motion To Extend Pretrial And Trial Dates (denied by this Court's Opinion and Order on October 30, 2007, doc. #56) and his Motion to Permit Expert Testimony (denied by Text Order on November 27, 2007). This Motion for Reconsideration comes three months after the Court's ruling on the former motion and two months after the Court's ruling on the latter motion. It also comes before the Court only after the plaintiff appended the excluded expert's report as an exhibit (doc. #58-2) to his objection to the defendants' Motion for Summary Judgment in this case. The plaintiff appended the expert report to his objection even though he had been told directly by this Court twice that his failure to comply with the Court's expert disclosure deadline precluded his use of the proffered expert evidence. Further, since the plaintiff's Motion to Permit Expert Testimony had specifically sought permission to "present expert testimony in opposition to summary judgment and at trial", the plaintiff's action in simply appending the expert evidence to his objection to the defendants' Motion for

Summary Judgment was a flagrant violation of the rulings of this Court. This Motion for Reconsideration was filed only after the defendants then moved to have the offending expert report stricken from the record and Magistrate Judge Martin raised the possible application of the law of the case doctrine to the matter at the time that the Motion to Strike was heard.

Against this back-drop, this Motion for Reconsideration comes before the Court and should be denied. The Motion raises no new facts, law or argument and simply seeks to have this Court revisit the decisions that it previously made because the plaintiff disagrees with them. This is not good grounds for reconsideration and should be rejected by this Court.

**A. Standard of Review**

The plaintiff has not identified the procedural basis or standard for his Motion to Reconsider. However, as noted by the court in DGM Investments, Inc. v. New York Futures Exchange, Inc., 288 F.Supp.2d 519, 523 (S.D.N.Y., 2003):

> A motion for reconsideration "is appropriate where a court overlooks 'controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.' " [Citations omitted]. "The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." [Citation omitted]. "[A] motion for reconsideration may be granted to 'correct a clear error or prevent manifest injustice' " [Citation omitted]. However, this must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." [Citations Omitted].

**B. Argument**

Because the plaintiff has not identified the procedural basis for his motion, his argument does not identify the way in which he has met any applicable standard. In fact, the plaintiff's Motion, therefore, appears to hinge entirely on one case to support his position that the exclusion of his expert's testimony was unduly harsh: Malot v. Dorado Beach Cottages Associates, 478 F.3d 40 (1st Cir., 2007). While the plaintiff indicates that this case is "particularly on point and . . . has not been previously argued to the Court", Malot was decided on February 23, 2007 and was clearly available to the plaintiff at the time that this Court first entertained the plaintiff's two motions. In addition, Malot covers no new ground and is not controlling in any sense in this situation. Indeed, Malot reiterates the well-worn standard that in imposing sanctions upon parties for violation of court orders, judges should exercise their discretion to dismiss an action as a penalty only sparingly and notes the case-specific nature of such rulings. Id., at 43-44. Both points were made by this Court in its Opinion and Order at pages 6-7. Malot, then, brings nothing of substance to the discussion other than, perhaps, the Court's observation that:

> Claims that a court has abused its discretion in dismissing a case for failure to adhere to discovery orders or for failure to prosecute have not received a sympathetic ear from us. Damiani v. RI Hosp., 704 F.2d 12, 17 (1st Cir., 1983).

It should also be noted that Malot specifically identifies the case-specific nature of each sanction determination – again, as noted by this Court in its Opinion and Order at pages 6-7. For example, in Malot, the Court found most persuasive

the fact that the plaintiffs had "offered legitimate reasons" for their discovery failures and had made "concrete efforts to comply" with the court's discovery orders. Neither factor is present in this case. Id., at 44 and 45. As noted by Magistrate Judge Martin in his recommendation as adopted by this Court at page 4 of its Opinion and Order, the plaintiff has "failed to provide a sufficient justification for his failure to meet the discovery deadlines and/or seek a timely extension of the same." The plaintiff has further compounded this problem by then violating this Court's rulings by appending the prohibited expert report to his opposition to the defendants Motion for Summary Judgment and requiring that the defendants take action to strike it. On this record, the plaintiff has utterly failed to demonstrate either justification for such behavior or appropriate efforts to comply with the Orders of this Court.

Another critical factor to the Malot court was the fact that the defendants were also "uncooperative and unresponsive" and had previously been sanctioned for failing to attend a scheduling conference. Id., at 45. The court concluded that both sides had contributed to the "contentiousness and lethargic pace of the discovery process." Id. This is not the case, here. As observed by this Court, the defendants fully complied with the Court's scheduling dates, including making their expert witness disclosures "even where the Plaintiff had not" and had timely submitted proposed confidentiality agreements that the plaintiff took two months to return to the defendants. The defendants in this case, unlike in Malot, bear no blame for the plaintiff's violation of the Court's orders.

Finally, while Malot reiterates that lesser sanctions than dismissal should be considered by the Court when determining appropriate penalties for violation of the Court's orders and faults courts that fail to elucidate why specific sanctions are imposed, this, too, provides no new guidance, here. This Court's Opinion and Order specifically addresses the appropriateness of lesser sanctions and does so in light of the fact that while the Court was not imposing dismissal as a sanction (as was done in Malot), the effect of preclusion of the expert evidence would "effectively dispose of the case." Opinion and Order at p. 5. As noted by this Court:

> I have given consideration to a myriad of alternative remedies such as imposition of fines or costs, but these send the message that noncompliance or inattention to deadlines can be purchased for a price. If this becomes the standard, unscrupulous counsel for Plaintiffs might seek to avoid initial expert disclosure in order to gain unfair advantage in litigation, on the expectation that fines or sanctions are a price worth paying. This cannot be allowed to happen. Id., at p. 8.

On this record, the plaintiff has utterly failed to demonstrate any reason for this Court's reconsideration of its earlier rulings. The plaintiff has not identified any controlling decisions or factual matters that were overlooked by the Court and might reasonably alter the result reached. Further, no clear error or manifest injustice has been set before the Court through the Motion. There is, simply, nothing new in the Motion – nothing has been newly discovered or changed since this Court's rulings. The plaintiff's argument is simply repetitive on issues already fully considered by the Court.

Indeed, the only significant, relevant event since the Court previously ruled on these issues was the plaintiff's decision to violate the Court's prior rulings by

introducing the barred expert testimony as an exhibit to his objection to the plaintiff's Motion for Summary Judgment. The plaintiff could have sought reconsideration of the rulings before violating them but chose, instead, to ignore them. By doing so, he put the burden on the defendants to bring his attempted end-run of this Court's rulings to the Court's attention and move to strike the exhibit. Such action does not help demonstrate the plaintiff's understanding and appreciation of the need to adhere to the Orders of this Court or his good faith in attempting to do so.

It is certainly true, as stated in Malot and the cases cited by this Court in its Opinion and Order, that sanctions must be imposed by this Court carefully, thoughtfully and in response to the individual circumstances presented by this matter. This is precisely what occurred here and the plaintiff's Motion for Reconsideration utterly fails to establish the contrary. The Motion for Reconsideration should be denied.

Defendants,
By their attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on February 14, 2008 a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Richard I Abrams, Esq. rabrams@abrams-verri.com and Paul S. Cantor, Esq. psc@pcantorlaw.com will receive notice through the ECF system.

/s/ C. Russell Bengtson