UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT ESPOSITO, :
Plaintiff, :
v. :
: CA 06-153 S
HOME DEPOT U.S.A., INC., :
BLACK & DECKER, INC., DEWALT :
INDUSTRIAL TOOL CO., and :
XYZ CORP., :
Defendants. :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Defendants' Motion for Summary Judgment and for a Fed. R. Civ. P. 54(b) Determination (Doc. #38) ("Motion for Summary Judgment" or "Motion"). The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). After reviewing the filings, listening to oral argument, and performing independent research, I recommend that the Motion be granted.

**Facts**

This is a products liability action. Plaintiff alleges that on March 31, 2003, he was using a power saw packaged by Black & Decker, Inc. ("Black & Decker"), and Dewalt Industrial Tool Co. ("Dewalt")[1] and distributed by Black & Decker, Dewalt, and Home Depot U.S.A. ("Home Depot") (collectively "Defendants"). Plaintiff further alleges that as he was attempting to cut a piece of wood the blade guard on the saw failed to engage and

[1] The Court identifies Defendant Black & Decker, Inc. ("Black & Decker"), and Dewalt Industrial Tool Co. ("Dewalt") as they are identified in the Complaint. However, the Motion for Summary Judgment notes that "Black & Decker (U.S.), Inc. [was] (improperly named as Black & Decker, Inc. and Dewalt Industrial Tool Co.) ...." Motion for Summary Judgment at 1.

"the [s]aw otherwise malfunctioned." Complaint ¶ 8. As a result, Plaintiff was severely injured, suffering the loss of the first, second, and fourth fingers on his left hand. See Defendants' Statement of Undisputed Facts in Support of Their Motion for Summary Judgment and for a Fed. R. Civ. P. 54(b) Determination (Doc. #39) ("SUF") ¶¶ 18-19. Among other claims against Defendants, Plaintiff alleges that Black & Decker and Dewalt were negligent in designing and manufacturing the saw and that Home Depot, as the seller of the saw, is liable based on strict product liability.[2]

**Travel[3]**

Plaintiff filed this action in the state superior court, and Defendants removed it to this Court on April 3, 2006. See Docket. On July 31, 2006, District Court Judge William E. Smith issued a pretrial order, setting January 31, 2007, as the date for the close of fact discovery, February 21, 2007, as the date by which Plaintiff was to make his expert witness disclosures as required by Fed. R. Civ. P. 26(a)(2), and March 14, 2007, as the date by which Defendants were to make their expert witness disclosures pursuant to that rule. See Pretrial Order (Doc. #11). Pertinent to the instant Motion, the Pretrial Order stated that:

---

[2] Plaintiff's Complaint contains ten counts. Counts I through IV assert claims against Black & Decker and Dewalt for: negligence (Count I), res ipsa loquitor (Count II), breach of implied warranties of merchantability and fitness for a particular use (Count III), and strict product liability (Count IV). Counts V through VII assert claims against Home Depot for: negligence (Count V), res ipsa loquitor (count VI), and strict product liability (Count VII). The remaining counts are directed against "XYZ Corporation" and assert similar claims for negligence (Count VIII), res ipsa loquitor (Count IX), and strict product liability (Count X).

[3] The Court recounts only the travel that is relevant to the instant Motion.

> Any expert witness not disclosed by these dates will not be allowed to testify unless authorized by the Court.

Id. ¶ 2. The Pretrial Order also established April 16, 2007, as the deadline for filing dispositive motions. See id. ¶ 3.

On January 16, 2007, Defendants filed an assented-to motion to extend these deadlines. See Motion to Extend Pre-Trial Dates (Doc. #25). Judge Smith granted this request, and the deadlines were extended as follows: fact discovery was extended to March 31, 2007; expert discovery disclosure dates were extended to April 12, 2007, for Plaintiff and May 14, 2007, for Defendants; and the date for filing dispositive motions was extended to June 16, 2007. See Docket (Text Order of 1/18/07) ("Order of 1/18/07").

On April 13, 2007, Plaintiff filed a motion to extend the deadlines further, explaining that "the first available date for the parties to jointly inspect the subject saw is April 20, 2007 ... and ... a critical deposition of the Defendant, scheduled within the original discovery closure date ... had to be rescheduled for April 27, 2007[,] by agreement of the parties." Motion to Extend Pretrial Dates (Doc. #29) ("Plaintiff's First Motion to Extend") at 1. Judge Smith granted the motion and further extended the deadlines as follows: fact discovery was extended to May 31, 2007; expert discovery disclosure dates were extended to June 21, 2007, for Plaintiff and July 14, 2007, for Defendants; and the date for filing dispositive motions was extended to August 16, 2007. See Docket (Text Order of 4/16/07) ("Order of 4/16/07").

Plaintiff failed to make expert discovery disclosure by the deadline of June 21, 2007. Defendants, however, timely made their expert witness disclosure on July 13, 2008. See Defendants' Expert Disclosure (Doc. #34).

On August 1, 2007, Plaintiff moved to extend further the

pretrial and trial dates. See Motion to Extend Pretrial and Trial Dates (Doc. #37) ("Plaintiff's Second Motion to Extend"). Two days later, on August 3, Defendants filed the instant Motion for Summary Judgment and an objection to Plaintiff's Second Motion to Extend, see Defendants, Home Depot U.S.A., Inc. and Black & Decker (U.S.), Inc.'s Objection to Plaintiff's Motion to Extend Pre-Trial and Trial Dates (Doc. #40) ("Objection to Plaintiff's Second Motion to Extend"). The Motion for Summary Judgment was timely filed in accordance with the last extension of the pretrial dates granted by Judge Smith. See Order of 4/16/07.

A hearing on Plaintiff's Second Motion to Extend Discovery was conducted on August 17, 2007, by this Magistrate Judge. In a written order issued the same day, the Court denied the motion. See Order Denying Motions to Extend and to Compel[4] (Doc. #46) ("Order of 8/17/07"). Plaintiff appealed the denial to Judge Smith, who conducted a hearing on the appeal on October 1, 2007. See Docket. Judge Smith rejected Plaintiff's appeal in an opinion and order issued on October 30, 2007. See Opinion and Order (Doc. #56) ("Order of 10/30/07"). In the course of his opinion, Judge Smith twice noted the consequences which would flow from affirmation of this Magistrate Judge's Order of 8/17/07:

> Plaintiff now appeals that Order arguing that the sanction of exclusion of Plaintiff's expert is effectively a dispositive ruling because, if affirmed, Defendants' already-filed Motion for Summary Judgment

---

[4] The August 17, 2007, hearing and order also addressed two additional motions which Plaintiff had filed on August 7, 2007: Plaintiff's Motion to Compel Further Document Responses (Doc. #42) and Plaintiff's Motion to Compel Further Answers to Interrogatories (Doc. #43). See Order Denying Motions to Extend and to Compel (Doc. #46) ("Order of 8/17/07"). Both of these motions were denied because they were filed more than two months after the close of fact discovery. See id. at 4.

> will inevitably be granted absent Plaintiff's ability to utilize expert testimony.

Order of 10/30/07 at 1.

> Both of the parties acknowledge that the decision to exclude the Plaintiff's expert as a result of missing the discovery deadlines will, without much doubt, effectively dispose of the case.

Id. at 5.

In the meantime, Plaintiff had filed on August 27, 2007, a motion seeking "permission to present expert testimony in opposition to summary judgment and at trial." Plaintiff's Motion to Permit Expert Testimony (Doc. #50) ("Motion to Permit Testimony").[5] The motion indicated that this Magistrate Judge's Order of 8/17/07 "may preclude presentation of such testimony ...," id., and that Plaintiff was appealing the Order of 8/17/07, see id., but "to the extent that the appeal is denied, Plaintiff files the instant motion in the alternative," id. Plaintiff attached as an exhibit to the memorandum filed in support of this motion an August 24, 2007, report from his expert, Steven R. Thomas, P.E. ("Mr. Thomas"). Judge Smith denied the Motion to Permit Testimony on November 28, 2007, for the reasons stated in his Order of 10/30/07. See Docket (Text Order of 11/28/07) ("Order of 11/28/07").

Plaintiff filed his objection to the Motion for Summary Judgment on December 4, 2007. See Plaintiff's Objection to Defendants' Motion for Summary Judgment (Doc. #57) ("Objection to S.J."). In his opposition, Plaintiff noted that the thrust of Defendants' Motion for Summary Judgment was that he had not identified expert testimony which would permit him to withstand

[5] In the Docket, Plaintiff's Motion to Permit Expert Testimony (Doc. #50) ("Motion to Permit Testimony") is identified as a "Motion for Disclosure of Expert Testimony." See Docket.

summary judgment or carry the case to trial. See Plaintiff's Memorandum in Support of His Objection to Defendants' Motion for Summary Judgment (Doc. #58) ("Plaintiff's S.J. Mem.") at 1. Plaintiff did not dispute that this was the case, but stated that his opposition to the Motion was twofold. See id. First, Plaintiff averred that the opinion of Mr. Thomas as reflected in the August 24, 2007, report demonstrated that there are genuine issues of material fact which preclude the entry of summary judgment. See id. at 2. Second, Plaintiff asserted that under the circumstances of this case Judge Smith's denial of the Motion to Permit Testimony was unwarranted and Mr. Thomas' expert opinion testimony should be considered. See id. Plaintiff attached a copy of Mr. Thomas' report as an exhibit to Plaintiff's S.J. Mem. See Plaintiff's S.J. Mem., Ex. 1.

Defendants responded to Plaintiff's filings on December 11, 2007, by filing a motion to strike Mr. Thomas' report from the record and moving to preclude Plaintiff from using the report or making reference to Mr. Thomas' expert testimony to support Plaintiff's opposition to the Motion for Summary Judgment. See Motion to Strike Plaintiff's Exhibit 1 (Doc. 58-2) to His Memorandum in Support of His Objection to Defendants' Motion for Summary Judgment (Doc. 58) (Doc. #60) ("Motion to Strike"). Defendants noted that Plaintiff had been "told twice[6] by this Court that he may not use the testimony of Mr. Thomas in this action and, specifically, in connection with the defendants' Motion for Summary Judgment." Defendants' Memorandum in Support of Their Motion to Strike Plaintiff's Exhibit 1 (Doc. 58-2) to His Memorandum in Support of His Objection to Defendants' Motion

[6] The description "twice" appears to refer to Judge Smith's Orders of 10/30/07 and 11/28/07. See Defendants' Memorandum in Support of Their Motion to Strike Plaintiff's Exhibit 1 (Doc. 58-2) to His Memorandum in Support of His Objection to Defendants' Motion for Summary Judgment (Doc. 58) ("Defendants' Strike Mem.") at 1.

for Summary Judgment (Doc. 58) ("Defendants' Strike Mem.") at 2.

Plaintiff filed his opposition to the Motion to Strike on January 11, 2008. See Plaintiff's Opposition to Defendants' Motion to Strike Plaintiff's Exhibit 1 to His Memorandum in Support of His Objection to Defendant's [sic] Motion for Summary Judgment (Doc. #61) ("Opposition to Strike Motion"). In a memorandum filed in support of that opposition, Plaintiff acknowledged that Defendants were correct that he had been told twice by this Court that he may not use the testimony of Mr. Thomas in this action and, specifically, in connection with the Motion for Summary Judgment. See Plaintiff's Memorandum in Support of His Opposition to Defendants' Motion to Strike Plaintiff's Exhibit 1 to His Memorandum in Support of His Objection to Defendant's [sic] Motion for Summary Judgment (Doc. #62) ("Plaintiff's Strike Mem.") at 1. Plaintiff further acknowledged that "the Court's decision in that regard is tantamount to a dismissal of Plaintiff's case, because in a products liability case such as this the Plaintiff cannot proceed without the assistance of expert testimony." Id.[7]

After making these admissions, Plaintiff stated:

> Plaintiff has previously argued to this Court that its decision denying the Motion to Extend Discovery Deadlines, which would have enabled him to use expert testimony, was unduly harsh and unjustified under the circumstances. Plaintiff reincorporates those arguments in the context of the instant opposition. However, in addition, the Plaintiff cites a 2007 First Circuit case, Malot v. Dorado Beach Cottages Associates, which is particularly on point and which has not been previously

[7] A similar acknowledgement appears on page 3 of Plaintiff's memorandum. See Plaintiff's Memorandum in Support of His Opposition to Defendants' Motion to Strike Plaintiff's Exhibit 1 to His Memorandum in Support of His Objection to Defendant's [sic] Motion for Summary Judgment (Doc. #62) ("Plaintiff's Strike Mem.") at 3 ("this Court's failure to consider Mr. Thomas' expert opinion would be tantamount to a dismissal").

argued to the Court.

Plaintiff's Strike Mem. at 1-2. Thereafter, Plaintiff quoted several statements from Malot, 478 F.3d 40 (1st Cir. 2007), and concluded with a final paragraph which stated in part:

> Plaintiff's failure to request a timely extension of discovery deadlines and case management deadlines represents a single instance of non-compliance. Accordingly, there was no prior notice of the consequences of further non-compliance, because there had been no previous non-compliance. In addition, the extension sought was for good cause, and only concerned a few months.

Id. at 2.

On January 16, 2008, this Magistrate Judge conducted a hearing on the Motion for Summary Judgment and the Motion to Strike. At the hearing, the Court noted that Plaintiff was asking for reconsideration of the Court's prior orders excluding Mr. Thomas' testimony[8] and questioned its authority to alter a ruling (the Order of 8/17/07) which had since been affirmed by Judge Smith in his Order of 10/30/07. The Court further noted that Judge Smith had subsequently denied Plaintiff's Motion to Permit Testimony on November 28, 2007. Accordingly, the Court announced its intention to require supplemental memoranda from the parties which would address three questions. Those questions, as stated in the written order which the Court issued following the hearing, were:

> 1. Do these rulings constitute the "law of the case" on the issue of whether Plaintiff may use Mr.

---

[8] Plaintiff asked for such reconsideration in his opposition to both motions. See Plaintiff's Memorandum in Support of His Objection to Defendants' Motion for Summary Judgment (Doc. #58) ("Plaintiff's S.J. Mem.") at 3 (arguing that "[p]reclusion of expert testimony under the circumstances is unduly harsh and Plaintiff should be able to offer Mr. Thomas' opinion ..."); Plaintiff's Strike Mem. at 1-3 (reincorporating arguments that Order of 8/17/07 was unjustified).

> Thomas as an expert witness?
>
> 2. If they are the "law of the case," may the Court reconsider and alter the prior rulings?
>
> 3. Does this Magistrate Judge have any authority to recommend that District Judge Smith reconsider his prior rulings on this issue?

Order for Supplemental Memoranda (Doc. #63) ("Order of 1/16/08") at 2 (footnote omitted). In addition, the Order of 1/16/08 contained the following directive to Plaintiff:

> Plaintiff is also to include in his memorandum a clear statement of the specific recommendation which he is asking this Magistrate Judge to make to Judge Smith (beyond simply recommending that the Motion for Summary Judgment be denied). For example, if Plaintiff believes that this Magistrate Judge has the authority to recommend that Judge Smith reconsider his prior rulings and permit the expert testimony of Mr. Thomas and that is the relief which Plaintiff seeks, he should state this specifically in the memorandum.

Id.

Both Plaintiff and Defendants timely complied with the Order of 1/16/08 and filed supplemental memoranda. In his filing, Plaintiff suggested that the answer to the first question depended on what definition of "law of the case," id., the Court chose to apply. See Plaintiff's Supplemental Memorandum Pursuant to Magistrate Judge Martin's Order Dated January 16, 2008 (Doc. #67) ("Plaintiff's Supp. Mem.") at 1. However, Plaintiff argued that the Court need not definitively answer the first question because even if the Orders of 8/17/07, 10/30/07, and 11/28/07 "do constitute the law of the case on whether Plaintiff may use Mr. Thomas as an expert witness, the Court may reconsider and alter its prior rulings ...." Id. at 2.

Plaintiff answered the second question affirmatively and noted that he was contemporaneously filing a motion for

reconsideration[9] of the rulings on Plaintiff's Second Motion to Extend contained in the Orders of 8/30/07, 10/30/07, and 11/28/07. See id. at 2-3. Plaintiff suggested that this Magistrate Judge could defer ruling upon the Motion for Summary Judgment and the Motion to Strike until the Court considers the motion for reconsideration. See id. at 3-4.

In response to the third question, Plaintiff suggested that this Magistrate Judge had the authority to recommend that Judge Smith reconsider his prior rulings and also to recommend consideration of the Motion for Reconsideration (Doc. #65) before deciding the Motion for Summary Judgment and Motion to Strike. See id. at 4. Plaintiff also explained the specific relief which he was seeking from this Magistrate Judge relative to the pending Motion for Summary Judgment:

> Plaintiff believes that the best course of conduct given this stage in the proceedings is for Magistrate Judge Martin to recommend that Judge Smith rule on the Motions [sic] for Reconsideration before Magistrate Judge Martin considers the Motion for Summary Judgment and Motion to [Strike[10]]. Plaintiff asks for that specific relief from Magistrate Judge Martin. Plaintiff is also asking Magistrate Judge Martin to affirmatively recommend that Judge Smith reconsider his prior rulings and permit the expert testimony of Mr. Thomas if Magistrate Judge Martin

---

[9] The motion for reconsideration was filed on January 30, 2008, the same date as Plaintiff's Supp. Mem. See Docket; see also Plaintiff's Motion for Reconsideration of His Motion to Extend Pretrial and Trial Dates, and Motion to Permit Expert Testimony (Doc. #65) ("Motion for Reconsideration"). The memorandum filed in support of the Motion for Reconsideration was in large measure identical to Plaintiff's Strike Mem. Compare Plaintiff's Memorandum in Support of Plaintiff's Motion for Reconsideration of His Motion to Extend Pretrial and Trial Dates, and Motion to Permit Expert Testimony (Doc. #66) ("Plaintiff's Reconsideration Mem.") with Plaintiff's Strike Mem. (Doc. #62).

[10] Plaintiff identifies the Motion to Strike as the "Motion to Exclude." See Plaintiff's Supplemental Memorandum Pursuant to Magistrate Judge Martin's Order Dated January 16, 2008 ("Plaintiff's Supp. Mem.") at 4.

> believes that is appropriate as a result of the First Circuit's rulings in Malot v. Dorado Beach Cottages Associates, 478 F. 3d 40 (1st Cir. 2007), as necessary to correct a clear error or prevent manifest injustice.

Plaintiff's Supp. Mem. at 4.

Judge Smith denied the Motion for Reconsideration in a written order issued on February 28, 2008. See Order (Doc. #69) ("Order of 2/28/08"). In his order Judge Smith noted that Plaintiff's Motion for Reconsideration was based entirely on Plaintiff's discovery of the Malot case which Plaintiff believed to be particularly on point. See id. at 2. However, Judge Smith found that Malot was "factually distinguishable, and, more importantly, is not new law on this subject ...." Id. at 3. Judge Smith concluded by stating:

> As Malot makes clear ... "[t]he appropriateness of a particular sanction thus depends on the circumstances of the case." [Malot] at 43-44. In this Court's Order, as well as in that of the Magistrate Judge, the Court conducted a thorough examination of the circumstances surrounding Esposito's failure to abide by discovery deadlines, weighed alternative remedies to exclusion, and took into consideration the ramifications of its Order to Plaintiff's case. Ultimately, however, the Court determined that Plaintiff had failed to prove that mitigating circumstances were compelling, and affirmance of the Magistrate Judge's Order was warranted. For the same reasons, the Motion for Reconsideration is DENIED.

Order of 2/28/08 at 3 (second alteration in original).

**Summary Judgment Standard**

"Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Commercial Union Ins. Co. v. Pesante, 459 F.3d 34, 37 (1st Cir. 2006)7(quoting Fed. R. Civ. P. 56(c)); accord Kearney v. Town of Wareham, 316

F.3d 18, 21 (1st Cir. 2002). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000) (quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)).

In ruling on a motion for summary judgment, the court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000)(citing Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 672 (1st Cir. 1996)). "[W]hen the facts support plausible but conflicting inferences on a pivotal issue in the case, the judge may not choose between those inferences at the summary judgment stage." Coyne v. Taber Partners I, 53 F.3d 454, 460 (1st Cir. 1995). Furthermore, "[s]ummary judgment is not appropriate merely because the facts offered by the moving party seem more plausible, or because the opponent is unlikely to prevail at trial. If the evidence presented is subject to conflicting interpretations, or reasonable men might differ as to its significance, summary judgment is improper." Gannon v. Narragansett Elec. Co., 777 F. Supp. 167, 169 (D.R.I. 1991)(citation and internal quotation marks omitted).

The non-moving party, however, may not rest merely upon the allegations or denials in its pleading, but must set forth specific facts showing that a genuine issue of material fact exists as to each issue upon which it would bear the ultimate burden of proof at trial. See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d at 53 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505 (1986)). "[T]o defeat a

properly supported motion for summary judgment, the nonmoving party must establish a trial-worthy issue by presenting enough competent evidence to enable a finding favorable to the nonmoving party." ATC Realty, LLC v. Town of Kingston, 303 F.3d 91, 94 (1st Cir. 2002)(quoting LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 842 (1st Cir. 1993))(alteration in original)(internal quotation marks omitted).

**Discussion**

Plaintiff has not controverted any facts in Defendants' SUF. See Plaintiff's Statement of Disputed Fact (Doc. #59) ("SDF").[11] In addition, the only information contained in Plaintiff's SDF not reflected in Defendants' SUF is: 1) that Plaintiff's expert was originally identified in November of 2006 and his C.V. was provided to Defendants at that time; 2) that Defendants' expert and counsel met and interacted with Plaintiff's expert at the joint inspection of the saw on April 20, 2007; and 3) that the report of Plaintiff's expert was provided to Defendants on August 27, 2007. See id. None of these facts provides a basis for denying the Motion for Summary Judgment on the grounds asserted by Defendants. See Memorandum of Defendants in Support of Their Motion for Summary Judgment and for a Fed. R. Civ. P. 54(b) Determination ("Defendants' S.J. Mem.") at 7-19.

Indeed, Plaintiff has effectively conceded that Defendants are entitled to summary judgment unless the Court alters its prior rulings. See Plaintiff's Memorandum in Support of Plaintiff's Motion for Reconsideration of His Motion to Extend

---

[11] The only fact contained in Defendants' SUF which is addressed in Plaintiff's Statement of Disputed Fact (Doc. #59) ("SDF") is SUF ¶ 20. As to that fact, Plaintiff states: "Defendants' undisputed fact number 20, dated August 3, 2007[,] stated (correctly) that to date, the Plaintiff had not identified which, if any, expert witnesses will be called to testify." SDF ¶ 1. This statement does not controvert SUF ¶ 20. Thus, the Court finds that SUF ¶ 20 is undisputed.

Pretrial and Trial Dates, and Motion to Permit Expert Testimony (Doc. #66) ("Plaintiff's Reconsideration Mem.") at 1 ("At a preliminary hearing on these pending motions,[12] the parties agreed that in the absence of Plaintiff's ability to produce expert testimony the entry of summary judgment is inevitable."); Plaintiff's Strike Mem. at 3 ("this Court's failure to consider Mr. Thomas' expert testimony would be tantamount to dismissal in the case"); see also Order of 10/30/07 at 5 ("Both of the parties acknowledge that the decision to exclude the Plaintiff's expert as a result of missing the discovery deadlines will, without much doubt, effectively dispose of the case."). Thus, the only issue before this Magistrate Judge is whether the requests contained in Plaintiff's Supp. Mem. should be granted.

To the extent that Plaintiff seeks to have this Magistrate Judge defer ruling on the Motion for Summary Judgment and the Motion to Strike until the Court considered the Motion for Reconsideration, that request has in effect been granted because Judge Smith denied the Motion for Reconsideration on February 28, 2008. See Order of 2/28/08. To the extent that Plaintiff seeks to have this Magistrate Judge reconsider his Order of 8/17/07, the Court deems such reconsideration inappropriate given what has transpired since that date. Plaintiff appealed the ruling to Judge Smith, and Judge Smith affirmed it by issuing his own written opinion. See Order of 10/30/07. Thereafter, Judge Smith twice denied motions filed by Plaintiff which sought alteration or reconsideration of his ruling. See Order of 11/28/07; Order of 2/28/08. Thus, this Magistrate Judge's Order of 8/17/07 has been effectively superceded by Judge Smith's Orders of 10/30/07, 11/28/07, and 2/28/08. As a practical matter, reconsideration by

[12] The "pending motions" are identified by Plaintiff as the Motion for Summary Judgment and the Motion to Strike. Plaintiff's Reconsideration Mem. at 1.

this Magistrate Judge of the Order of 8/17/07 would not alter the rulings made by Judge Smith on the issue subsequent to that date.

To the extent that Plaintiff seeks to have this Magistrate Judge recommend to Judge Smith that he reconsider his prior rulings, the Court declines to do so. If "law of the case" means anything, it must at least mean (in the absence of any recognized exception to the doctrine) that an issue which has been addressed once by this Magistrate Judge and three times by Judge Smith has been settled at the district court level. Cf. Messinger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739, 740 (1912)(explaining that "law of case" refers to the practice of courts generally to refuse to reopen what has been decided); Wright, Miller & Cooper, Federal Practice and Procedure § 4478 at 671-72 (2d ed. 2002) (noting that decisions to depart from the law of the case cluster around three grounds: new evidence, an intervening change of controlling law, or some combination of clear error and manifest injustice).

Moreover, the function of a magistrate judge is not to review decisions of a district judge. Cf. Fieldwork Boston, Inc. v. United States, 344 F.Supp.2d 257, 272 (D. Mass. 2004)("Federal magistrates[13] are thus, to some extent, subject to the authority of the district judge, but the converse is not true.")(quoting Taylor v. Nat'l Grp. of Cos., Inc., 765 F.Supp. 411, 414 (N.D. Ohio 1990). Indeed, except in unusual circumstances not present here, a magistrate judge lacks authority to do so. See Chase Manhattan Bank N.A. v. Stapleton, Civil No. 1993-29, 2008 WL 2235336, at *2 (D.V.I. 2008)("the magistrate judge lacks the

---

[13] The title "magistrate" was changed to "magistrate judge" as of December 1, 1990. See Pub.L. 101-650, § 321; see also Fieldwork Boston, Inc. v. United States, 344 F.Supp.2d 257, 272 n.5 (D. Mass. 2004)(noting change). The reference to "magistrates" above in Fieldwork Boston is taken from Taylor v. National Group of Companies, Inc., 765 F.Supp. 411 (N.D. Ohio 1990), which was decided on April 26, 1990.

authority to set aside prior decisions of a district judge”); Earl v. Turnbull, No. A02-0224 CV (HRH), 2005 WL 3178164, at *1 (D. Alaska 2005)(“The magistrate judge lacks authority to reconsider the district judge’s order.”); Taylor v. Nat’l Grp. of Cos., Inc., 765 F.Supp. at 413 (“It is simply not the case that a magistrate’s jurisdiction is, by fiat, somehow merged with that of the district court to an extent sufficient to vest the magistrate with the authority to reconsider and set aside or alter prior decisions of the district judge.”); see also Fieldwork Boston, Inc. v. United States, 344 F.Supp.2d at 273 (disagreeing with Taylor that a magistrate judge may not reconsider a prior ruling of a district judge in a case after it is transferred to the magistrate judge upon the parties’ consent, but agreeing “that in most cases a magistrate judge should, as a matter of discretion, decline to review the prior ruling of a district judge in a consent case”).

**Summary**

Plaintiff concedes that Defendants are entitled to summary judgment unless the Court permits Plaintiff to use the report of his expert witness to oppose the Motion. Although Plaintiff requests that this Magistrate Judge reconsider his ruling (the Order of 8/17/07) which effectively precluded Plaintiff from using the report, such reconsideration would be inappropriate because Judge Smith subsequently affirmed the Order of 8/17/07 in a written decision and thereafter twice denied motions filed by Plaintiff to reconsider or alter his ruling. Furthermore, for the same reasons, reconsideration of the Order of 8/17/07 would have no practical effect as Plaintiff would still be barred from using the report by virtue of Judge Smith’s three orders.

Lastly, to the extent that Plaintiff seeks to have this Magistrate Judge recommend to Judge Smith that he reconsider his prior rulings, the Court declines to do so. None of the

exceptions to the law of the case doctrine is present here, and it is not the function of a magistrate judge to review decisions of a district judge.

Accordingly, Defendants are entitled to have their Motion granted. I so recommend.

## Conclusion

For the foregoing reasons, I recommend that Defendants' Motion for Summary Judgment be granted. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10)[14] days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 3, 2008

[14] The ten days do not include intermediate Saturdays, Sundays, and legal holidays. See Fed. R. Civ. P. 6(a).