UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO | ) | |
| | ) | |
| V. | ) | C.A. No. 06-153S |
| | ) | |
| HOME DEPOT U.S.A., INC., BLACK & DECKER, INC. DEWALT INDUSTRIAL TOOL CO., and XYZ CORP. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE DAVID L. MARTIN DATED JULY 3, 2008 RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED**

Now comes the Plaintiff, Robert S. Esposito, and submits this Memorandum in support of his Objection to the Report and Recommendation of Magistrate Judge David L. Martin dated July 3, 2008 recommending that Defendants' Motion for Summary Judgment be granted.

## I. BACKGROUND AND TRAVEL

This is a product liability case involving amputation of three fingers on Plaintiff's hand arising from use of Defendant's miter saw on March 30, 2003. After a period of discovery, extensions of discovery deadlines, and motions concerning discovery, Defendant filed a Motion for Summary Judgment. The thrust of Defendants' Motion is that Plaintiff has not identified expert testimony which will permit him to withstand summary judgment or carry this case to a jury. Since the filing of the Motion Plaintiff has produced the report of his expert, but the Court has denied Plaintiff's Motion to Extend Discovery Deadlines and/or to Permit Expert Testimony notwithstanding the Court's refusal to extend discovery deadlines. As part of his Opposition to

the Motion for Summary Judgment, Plaintiff appended the report of his expert as an exhibit to his Memorandum in Opposition. Defendant moved to strike the exhibit; Plaintiff duly opposed the Motion to Strike. By Order dated July 3, 2008, U.S. Magistrate Judge David L. Martin granted the Motion to Strike. Plaintiff has appealed that Order. Based on the Order striking the expert report, Magistrate Judge Martin has issued a report and recommendation recommending the grant of summary judgment. Plaintiff here objects to that report and recommendation.

## II. THE COURT'S PRECLUSION OF MR. THOMAS' TESTIMONY.

This Court has previously ruled on Plaintiff's Appeal of Order Denying his Motion to Extend and Compel, and on Plaintiff's Motion to Permit Expert Testimony. Plaintiff attaches hereto and specifically incorporates in this Memorandum, Plaintiff's Memorandum in Support of his Appeal of Order Denying Motions to Extend and Compel (*Exhibit 1*), Judge Smith's Opinion and Order dated October 30, 2007 denying that Appeal, (*Exhibit 2*), Plaintiff's Motion to Permit Expert Testimony (*Exhibit 3*) and Order denying Reconsideration of Plaintiff's Motion for Disclosure of Expert Testimony dated February 28, 2008 (*Exhibit 4*). In substance, this Court has refused to permit Plaintiff's introduction of expert testimony because of Plaintiff's inadvertent omission to request extension of a discovery deadline.

Judge Smith's Opinion and Order on page 7 reflects that such sanctions "ordinarily should be employed only when a plaintiff's misconduct is extreme." The record in this case reflects that any failures on the part of Plaintiff were purely inadvertent and not intentional. There is no suggestion in the record to the contrary. In addition, there is no showing of prejudice in substance to Defendant as a result of Plaintiff's inadvertence. As noted in the attached documents, the identity of Plaintiff's expert was known to Defendant months before the date for expert disclosure, defense counsel and experts met and interacted with Mr. Thomas, and Mr.

Thomas' report has now been produced. Preclusion of expert testimony under the circumstances is unduly harsh and Plaintiff should be able to offer Mr. Thomas' opinion to defend the instant Motion at trial.

In addition, the Plaintiff cites a 2007 First Circuit case, *Malot v.Dorado Beach Cottages Associates*, 478 F.3d 40 (1st Cir. 2007), which is particularly on point. *Malot* concerned the District Court's dismissal of plaintiff's case for disregard of discovery and management orders and for failure to proceed. The First Circuit acknowledged that although "claims that a court has abused its discretion in dismissing a case for failure to adhere to discovery orders or for failure to prosecute have 'not received a sympathetic ear from us' . . . **nevertheless we must fairly balance the court's venerable authority over case management with the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits.**" *Torres-Vargas v. Pereira*, 431 F.3d 389 (1st Cir.2005); *Batiz Chamorro v. Puerto Rican Cars, Inc.*, 403 F.3d 1, 4 (1st Cir.2002). Malot @ p. 44. The Court noted **"In fact, we recently noted that we were unable to find a case in this Circuit in which we had upheld a dismissal with prejudice based on a single instance of non-compliance with a discovery order."** *Benitez-Garcia*, 468 F.3d at 5. Malot @ p. 44. The Court continued to note, **"we tend to reserve dismissal with prejudice for delays measured in years, while reversing dismissals for conduct resulting in delays of merely a few months."** *Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 48 (1st Cir.2003); *see also Benitez-Garcia*, 468 F.3d at 5. Malot @ p. 44. In addition, the Court noted that although prior notice that further non-compliance with orders would result in a dismissal is not a pre-requisite to dismissal with prejudice, it is an important consideration.

In the instant case, Plaintiff's failure to request a timely extension of discovery deadlines and case management deadlines represents a single instance of non-compliance. Accordingly,

there was no prior notice of the consequences of further non-compliance, because there had been no previous non-compliance. In addition, the extension sought was for good cause, and only concerned a few months. Accordingly, because the First Circuit's direction in this regard is so clear, and because this Court's failure to consider Mr. Thomas' expert opinion is tantamount to a dismissal in the case, plaintiff objects to the Report and Recommendation recommending the grant of summary judgment, which is based on the erroneous striking of Plaintiff's expert's report.

## III. GENUINE ISSUES OF MATERIAL FACT

Mr. Thomas' engineering report of August 24, 2007 is attached as *Exhibit 5.* In that report Mr. Thomas reflects that he has made two inspections of the subject saw, has purchased and inspected an exemplar of the subject saw, and has reviewed extensive materials which bear on his expert opinion. It is undisputed that on April 20, 2007, Mr. Thomas and Defendants' experts participated in a joint disassembly and inspection of the subject saw.

Based on Mr. Thomas' inspection and review of materials as detailed in his report, he offers the opinion "that the design of the subject DeWalt DW708 Sliding Compound Miter Saw was defective in that the lower blade guard could be rendered ineffective by contamination potentially created during its use . . ." He offers the further opinion "that the circumstances reported by the witnesses indicate that the described defect was casually related to Mr. Esposito's injury . . ." Further, "the guard arrangement was such that, when operating properly, the guard provided effective protection for the blade when approached from the near (operator's) side and would likely have prevented Mr. Esposito's injury if working properly." Mr. Thomas offers the further opinion that the identified defect could be corrected without negative effect on the tool utility and/or cost, and that a simple redesign of the spring cover to correct the defect

could be made at a negligible cost. As argued above, Mr. Smith's testimony must be considered. Accordingly, Plaintiff has identified expert testimony which he is prepared to introduce in opposition to summary judgment and at trial, which raise material issues of fact with regard to Defendant's liability and therefore, Defendant is not entitled to summary judgment as a matter of law. Accordingly, Plaintiff objects to the Recommendation and Report.

Plaintiff
By his Attorneys

/s/ Paul S. Cantor

Paul S. Cantor, (#3177)
321 South Main Street, Suite 302
Providence, RI 02903
Tel: 401-351-8200
Fax: 401-351-9032

/s/ Richard Abrams

Richard Abrams, (#0362)
Abrams & Verri
999 Chalkstone Avenue
Providence, RI 02908

CERTIFICATION

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on July 18, 2008.

/s/ Paul S. Cantor