UNITED STATES DISTRICT COURT
THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO,<br>Plaintiff<br><br>v.<br><br>HOME DEPOT U.S.A. INC.,<br>BLACK & DECKER, INC.,<br>DEWALT INDUSTRIAL TOOL CO.,<br>and XYZ CORP.<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 06-153 S |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF HIS MOTION TO EXTEND PRETRIAL AND TRIAL DATES, AND MOTION TO PERMIT EXPERT TESTIMONY**

Now comes the Plaintiff, Robert Esposito, in the above-noted matter and moves this Court for reconsideration of its decisions on Plaintiff's Motion to Extend Pretrial and Trial Dates (denied by Magistrate Judge Martin on August 17, 2007, affirmed by District Judge Smith on October 30, 2007), and Plaintiff's Motion to Permit Expert Testimony (denied by District Judge Smith on November 28, 2007).

As grounds therefore, Plaintiff submits and incorporates herein a Memorandum of Law.

Plaintiff
By his Attorney,

/s/ Paul S. Cantor

Paul S. Cantor, Esq. (#3177)
321 South Main Street, Suite 302
Providence, RI 02903
Tel: 401-351-8200
Fax: 401-351-9032

/s/ Richard Abrams
Richard Abrams (#0362)
Abrams & Verri
999 Chalkstone Avenue
Providence, RI 02908
401-351-5700
401-351-3493

**CERTIFICATION**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 30, 2007.

/s/ Paul S. Cantor

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO | ) | |
| | ) | |
| V. | ) | C.A. No. 06-153S |
| | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| BLACK & DECKER, INC. | ) | |
| DEWALT INDUSTRIAL TOOL | ) | |
| CO., and XYZ CORP. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF HIS MOTION TO EXTEND PRETRIAL AND TRIAL DATES, AND MOTION TO PERMIT EXPERT TESTIMONY**

Plaintiff herein moves this Court for reconsideration of its decisions on his Motion to Extend Discovery Deadlines and Motion to Permit Expert Testimony. The significance of those decisions has been highlighted by a pending Motion for Summary Judgment, and a pending Motion to Strike Plaintiff's Exhibit 1 to his Memorandum in Support of his Objection to Summary Judgment. At a preliminary hearing on these pending motions, the parties agreed that in the absence of Plaintiff's ability to produce expert testimony the entry of Summary Judgment is inevitable.

Plaintiff has previously argued to this Court that a decision denying the Motion to Extend Discovery Deadlines, and a decision to permit use of expert testimony would be unduly harsh and unjustified under the circumstances. Plaintiff reincorporates those arguments in the context of the instant Motion for Reconsideration. However, in addition, the Plaintiff cites a 2007 First Circuit case, *Malot v.Dorado Beach Cottages Associates*, 478 F.3d 40 (1st Cir. 2007), which is particularly on point and which has not been previously argued to the Court. *Malot* concerned

the District Court's dismissal of plaintiff's case for disregard of discovery and management orders and for failure to proceed. The First Circuit acknowledged that although "claims that a court has abused its discretion in dismissing a case for failure to adhere to discovery orders or for failure to prosecute have 'not received a sympathetic ear from us' . . . **nevertheless we must fairly balance the court's venerable authority over case management with the larger concerns of justice, including the strong presumption in favor of deciding cases on the merits.**" *Torres-Vargas v. Pereira,* 431 F.3d 389 (1st Cir.2005); *Batiz Chamorro v. Puerto Rican Cars, Inc.*, 403 F.3d 1, 4 (1st Cir.2002). Malot @ p. 44. The Court noted **"In fact, we recently noted that we were unable to find a case in this Circuit in which we had upheld a dismissal with prejudice based on a single instance of non-compliance with a discovery order."** *Benitez-Garcia*, 468 F.3d at 5. Malot @ p. 44. The Court continued to note, **"we tend to reserve dismissal with prejudice for delays measured in years, while reversing dismissals for conduct resulting in delays of merely a few months."** *Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 48 (1st Cir.2003); *see also Benitez-Garcia*, 468 F.3d at 5. Malot @ p. 44. In addition, the Court noted that although prior notice that further non-compliance with orders would result in a dismissal is not a pre-requisite to dismissal with prejudice, it is an important consideration.

In the instant case, Plaintiff's failure to request a timely extension of discovery deadlines and case management deadlines represents a single instance of non-compliance. Accordingly, there was no prior notice of the consequences of further non-compliance, because there had been no previous non-compliance. In addition, the extension sought was for good cause, and only concerned a few months. Accordingly, because the First Circuit's direction in this regard is so clear, and because this Court's failure to consider Mr. Thomas' expert opinion would be

tantamount to a dismissal in the case, plaintiff asks that the Motion for Reconsideration be granted.

Plaintiff
By his Attorneys

/s/ Paul S. Cantor

Paul S. Cantor, (#3177)
321 South Main Street, Suite 302
Providence, RI 02903
Tel: 401-351-8200
Fax: 401-351-9032

/s/ Richard Abrams

Richard Abrams, (#0362)
Abrams & Verri
999 Chalkstone Avenue
Providence, RI 02908

CERTIFICATION

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 30, 2008.

/s/ Paul S. Cantor