UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO,<br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.<br>BLACK & DECKER, INC., DEWALT<br>INDUSTRIAL TOOL CO., and<br>XYZ CORP.,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CA 06-153 S |

ORDER

Before the Court is Plaintiff Robert Esposito's ("Plaintiff") Motion for Reconsideration of this Court's Orders denying Esposito's motions to extend discovery deadlines and permit expert testimony. In brief - Plaintiff failed to make his expert witness disclosure on or about the date prescribed by relevant discovery deadlines. He sought, and was denied an extension of discovery deadlines by the Magistrate Judge. Plaintiff appealed to this Court, and simultaneously moved to allow introduction of expert testimony, despite his failures to abide by the discovery deadlines. This Court affirmed the Magistrate Judge's Order, denied the parallel motion to allow expert testimony, and referred other pending motions back to the Magistrate Judge.

In an Order dated January 16, 2008, the Magistrate Judge clearly ordered the parties to submit supplemental briefing on three distinct issues related to Defendants' pending Motion for Summary Judgment and Esposito's apparent wish for reconsideration of the Orders relating to his expert witness. For reasons that are

Case 1:06-cv-00153-S-DLM Document 69 Filed 02/28/2008 Page 2 of 3

unclear to this Court, Plaintiff subsequently filed both a memorandum addressing the Magistrate Judge's questions (with the Magistrate Judge) and a Motion for Reconsideration (with this Court). The Court does not understand Plaintiff's motivation for taking this approach, in light of the Magistrate Judge's Order. However, for the reasons set forth below, the Court denies Plaintiff's Motion for Reconsideration.

"The granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Palmer, 465 F.3d at 30; see also Waters v. Walt Disney World Co., 237 F. Supp. 2d 162, 167 (D.R.I. 2002). To succeed on a motion for reconsideration, a movant "must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Palmer, 465 F.3d at 30.

Plaintiff's Motion for Reconsideration is based entirely on its discovery of a recent First Circuit case it argues to be particularly on point. Plaintiff relies on Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40 (1st Cir. 2007) to argue that this

Court's denial of its motions to extend discovery deadlines and allow expert testimony was unduly harsh and unjustified under the circumstances. However, Malot is factually distinguishable, and, more importantly, is not new law on this subject - rather, it is one of many cases that set out the standards of appropriateness for sanctions relating to parties' disregard for court orders and discovery deadlines. As Malot makes clear, however, "[t]he appropriateness of a particular sanction thus depends on the circumstances of the case." Id. at 43-44. In this Court's Order, as well as in that of the Magistrate Judge, the Court conducted a thorough examination of the circumstances surrounding Esposito's failure to abide by discovery deadlines, weighed alternative remedies to exclusion, and took into consideration the ramifications of its Order to Plaintiff's case. Ultimately, however, the Court determined that Plaintiff had failed to prove that mitigating circumstances were compelling, and affirmance of the Magistrate Judge's Order was warranted. For the same reasons, the Motion for Reconsideration is DENIED.

It is so ordered.

William E. Smith
United States District Judge
Date: 2/28/08