Analytic Engineering
*Engineering Consulting*
(877) 267-7855

PMB 4066, 55 Madison Ave., Suite 400
Morristown, NJ 07960
(973) 401-0010 - Fax: (973) 401-0056

105 Juniper Ridge Road
Gilford, NH 03249
(603) 293-4477 - Fax: (603) 293-4142

Preliminary Engineering Report of
Steven R. Thomas, P.E.
August 24, 2007

Prepared for:
Paul S. Cantor, Esq.
Law Office of Paul S. Cantor
321 South Main Street, Suite 302
Providence, RI 02903

Case:
Robert Esposito v. DeWalt, et al.
Our File: NE-61102

**INTRODUCTION**

It has been reported that on 3/31/2003, Mr. Robert Esposito was using his Dewalt Model DW708 Type 3 Sliding Compound Miter Saw to cut a piece of molding when his left hand came into contact with the blade, resulting in severe injury. This injury serves as the basis for the captioned claim.

**INVESTIGATION**

This report is preliminary as discovery is ongoing. I reserve the right to review and amend this report as more information becomes available.

On 11/15/2006 and on 4/20/2007, I traveled to Smithfield, RI, where I inspected the saw involved in the subject accident. In addition, I have purchased and inspected an exemplar DeWalt Model DW708 Sliding Compound Miter Saw. I am enclosing inspection photographs numbered 1 through 34 for your reference. I am also enclosing a CD containing a complete set of my inspection photographs.

I have reviewed file materials and analyzed the circumstances of the subject accident from an engineering perspective to develop the following understanding and opinions.

**QUALIFICATIONS**

I have attached a copy of my Curriculum Vitae and a list of the cases in which I have provided testimony during the past five years. I have no publications in the last 10 years.

My educational background, as it may pertain to the subject case, includes training in product and equipment design, material science, mechanics, dynamics, human factors, and safety engineering. My professional and personal experiences have provided me with a background in product and equipment design and development, accident analysis and reconstruction, safety engineering, human factors, wood working and wood working equipment.

**COMPENSATION**

I am to be compensated for my services in this matter on an hourly basis plus expenses. My hourly rate is $200 per hour. None of my compensation is contingent in any way upon the outcome of this matter or upon the opinions or positions I take, arrive at or express.

**MATERIALS REVIEWED**

Owner's Manual for the Esposito saw;
Transcript of the 1/17/2007 Deposition of Robert Esposito;
Transcript of the 1/17/2007 Deposition of Lilia Esposito;
Transcript of the 5/7/2007 Deposition of Susan Esposito;
Parts Diagrams;
Black and Decker Response to Plaintiff's Request for Production of Documents;
United States Patent Application Publication US 2002/0017179;
Website of sawstop.com;
Robert Esposito's Answers to Interrogatories.

**OBSERVATIONS**

The Esposito saw bore the Serial Number 309728. The saw was comprised, in general, of a base, a pivoting saw table, a fence, a slide mechanism, a motor driven saw arbor, an operating handle, a fixed upper blade guard, an articulating lower blade guard and a 12 inch diameter saw blade. The saw was a versatile tool designed for cutting wood, plastics and non-ferrous metals. The tool had adjustments for miter, bevel and depth of cut. The saw motor would be activated by depressing a control button mounted on the inside of the operating handle. The handle was located at the end of a blade and motor carrier, pivotally mounted to the end of the slide mechanism. In operation, the motor would be activated and the handle moved downward, causing the blade to engage the work piece. As the handle lowered, a linkage caused the lower portion of the blade guard to rotate, exposing the blade. At the fully lowered position, the front of the blade guard was positioned approximately 1.625 inches above the work table. The slide mechanism allowed for approximately 8 inches of horizontal blade travel. The slide could be locked to prevent movement.

The lower blade guard rotated on a sleeve mounted around the arbor. The guard was guided transversely between a steel "spring cover" and the sleeve. The spring cover was larger in diameter

and mounted eccentric to the sleeve. The spring cover contained a torsion spring that pulled the guard toward the closed position. The guard linkage pulled against the spring, opening the guard. The saw design relied on the spring to close the guard, as the linkage was jointed and would not push the guard closed. As the guard rotated between the open and closed position, the eccentricity between the spring cover and the guard pivot sleeve created a scissor action between the lower blade guard and the spring cover. The difference in diameter between the spring cover and the guard sleeve, in combination with the configuration of the lower blade guard, created an opening into which small chips of wood could enter. I observed that a small wood chip entrapped by the scissor action could cause the guard to bind and remain in the open position as the handle returned to the up position. This defeated the guard, exposing the operator to the unguarded blade. Opening and closing the guard could dislodge the wood chip and the guard would again work properly.

Mr. Esposito described that at the time of the accident he had only used the saw a couple of times. He had been making a longitudinal cut at one end of a piece of outside corner molding approximately 30 inches to 1 foot long. He was operating the saw with his right hand and holding the work piece with his left. After completing the cut, Mr. Esposito raised the handle, and blade. The workpiece was drawn up with the blade and drawn into the blade. During this process, Mr. Esposito's left hand contacted the blade.

After the accident, Mr. Esposito's granddaughter and daughter ( Lilia Esposito and Susan Esposito) found the blade guard stuck in the open position, with the blade exposed. Susan Esposito jiggled and pushed on the lower blade guard with a small amount of force and the guard returned to the closed position. Mr. Esposito testified that his hand would have contacted the blade guard, rather than the blade, had it closed properly. At the time of my inspections, the blade guard was working properly.

The materials provided by Black & Decker included reference to 8 cases of injuries associated with DeWalt Model DW708 saws. Of these cases, in 5 (Alberino, Kane, Johnson, Hitchcock and Fanger) there were allegations that the guard was not working properly. In one case, Johnson, DeWalt investigators reported maintenance issues with the saw.

**OPINIONS**

All of the opinions expressed herein are more probable than not and supported by established engineering principles.

Based upon my inspections and the foregoing, it is my opinion that the design subject DeWalt DW708 Sliding Compound Miter Saw was defective in that the lower blade guard could be rendered ineffective by contamination potentially created during its use. Specifically, wood chips entrapped between the lower guard and the spring cover can cause binding and prevent the guard from returning to the closed position. Such wood chips are commonly created during the machining of wood.

It is my further opinion that the circumstances reported by the witnesses indicate that the described defect was causally related to Mr. Esposito's injury. The blade guard was found in the open position by Lilia Esposito and Susan Esposito after the accident. Susan Esposito applied a small amount of force to the guard and it returned to the closed position. When later inspected, the guard was found to work properly. This behavior was consistent with contamination induced binding. Further, the guard arrangement was such that, when operating properly, the guard provided effective protection for the blade when approached from the near (operator) side and would likely have prevented Mr. Esposito's injury if working properly.

It is my concluding opinion that the aforementioned defect could be corrected without negative effect on the tool utility and/or cost. A redesign of the spring cover so that it is concentric with and had a similar diameter to the lower blade guard sleeve would eliminate the scissor effect and the opening that could entrap small chips of wood, eliminating the defect. The cost of such a change would be negligible and might even reduce the cost of the tool.

**SIGNATURE**

Steven R. Thomas

Steven R. Thomas, P.E.

POTENTIAL TRIAL EXHIBITS

1. Any and or all documents provided in the course of discovery.

2. Any and or all photographs or copies of photographs obtained through discovery or taken by Steven R. Thomas, P.E.

3. Mr. Esposito's DW708 saw.

**Analytic Engineering**
*Engineering Consulting*
(877) 267-7855

PMB 4066, 55 Madison Ave., Suite 400
Morristown, NJ 07960
(973) 401-0010 - Fax: (973) 401-0056

105 Juniper Ridge Road
Gilford, NH 03249
(603) 293-4477 - Fax: (603) 293-4142

**Resume:** **STEVEN R. THOMAS, P.E.**

**Education:**

Bachelor of Science - Engineering (Mechanical and Electrical)
Widener University, Chester, PA (1979)

Master of Science in Engineering Science (Safety Engineering / Human Factors) New Jersey Institute of Technology (1997)

Non Degree Training:

- Kepner Tregoe - Problem Solving and Decision Analysis
- DuPont Explosives Handling and Safety Seminar
- RCRA Training Seminar - New Jersey Institute of Technology
- Forklift Instructor Training - National Safety Council
- Advanced Commercial Vehicle Accident Reconstruction - Texas A&M and NTSB
- Advanced Traffic Accident Reconstruction I.P.T.M., University of North Florida
- Automobile Fire Investigation - International Association of Arson Investigators
- Anti-lock Brake Systems Seminar - Wagner Brake Products
- Accidental Injury: Biomechanics & Prevention - University of California
- 43rd Annual Stapp Car Crash Conference, 1999
- Crash Data Retrieval Certification Course - Collision Safety Institute
- 12th Annual Ergonomics Conference, University of NH, 2002
- Safety Management for the Construction Industry, University of NH
- Principles of Failure Analysis, ASM International

**Professional:**

Professional Engineer Licenses - New Jersey - #30386
- New Hampshire - #9823
U.S. Patent #4,667,381 Flat Cable Terminating Apparatus
U.S. Patent #6,076,532 Hair Gathering Device
A.C.T.A.R. Accreditation - #1021

**Professional Experience:**

**Naval Ship Engineering Center**, Philadelphia, PA
Clutch and Gear Division

Machinery test procedure preparation.
Naval ship drive train proposal evaluation.
Structural steel design work.
Engineering Assistance for fleet repair and maintenance.

**Thomas & Betts Corporation**, Bridgewater, NJ
Research & Development Laboratory

Development of test programs for product and tool performance evaluation, durability and qualification.
Design and fabrication of electrical and mechanical test equipment.

**General Cable Company**, Edison, NJ
Research & Development Laboratory

Development of new products, equipment and processes.
Investigation of product failures and customer complaints.
Electrical and mechanical equipment and tooling design and development.
Product and material specification preparation.
Develop and train personnel.

**General Motors Company**, Linden, NJ
Tooling Department

Design, layout, installation and repair of automobile assembly equipment and fixturing.
Supervisory capacity over tool makers.
Training of personnel in equipment use and repair.
Responsible for proper and accurate assembly of automobiles and troubleshooting of assembly problems.

**Thomas Engineering,** Bridgewater, NJ

Building systems design and evaluation.
Residential home inspection.
Machinery, electromechanical component and systems design and evaluation including control system design.
Site plan preparation.

**Breed Automotive Corporation**, Boonton, NJ
Held the positions of Sr. Manufacturing Engineer - Facility and Safety Manager and Product Engineer.

Responsible for facility management, equipment design, layout and installation, buildings construction and renovations including safety engineering and environmental management.
Responsible for developing functional air bag crash sensor systems; including sensor component design, crash performance analysis and vehicle interface.

**Affiliated Engineering Laboratories, Inc.,** Edison, NJ
Engineering Consultant

Machinery, tools, equipment and systems evaluation.
Laboratory and physical test analysis.
Equipment and product failure analysis.
Accident study and reconstruction.

**Analytic Engineering**
Engineering Consultant

Machinery, tools, equipment and systems evaluation.
Safety and ergonomic assessment.
Laboratory and physical test development and analysis.
Equipment and product failure analysis.
Accident assessment and reconstruction.

**Analytic Engineering**

*Engineering Consulting*

(877) 267-7855

PMB 4066, 55 Madison Ave., Suite 400
Morristown, NJ 07960
(973) 401-0010 - Fax: (973) 401-0056

105 Juniper Ridge Road
Gilford, NH 03249
(603) 293-4477 - Fax: (603) 293-4142

August 24, 2007

Steven R. Thomas, P.E. has testified as an engineering expert in the following cases during the last 5 years (D indicates deposition; T indicates trial):

Stone vs. Emerson Electric Company (2002)(D)
Carignan vs. Wheeler (2003)(D)
West American Insurance Company vs. RDG Construction, Inc. (2003)(D)
Arguello vs. Mobile Drilling Company, Foremost Industries, et al. (2004)(D)
Bennett vs. Bombardier (2004)(D)
McLaughlin vs. Simplimatic (2004)(D)
Goldrich vs. Schoenfeld (2004)(D)
Zatarga vs. Arrow Environmental (2005)(D)
Onipenco vs. Komatsu American Corp. (2005)(D)
Roberts vs. Pizzella (2005)(D)
Barnes vs. 3V Cogeim, SpA. (2005)(D)
Evvard, John C. vs. Laconia Center/Genesis (2005)(D)
MMG Insurance/Marianne O'Connor vs. Salton, Inc.(2005)(D)
Wasti vs. Terramite (2005)(D)
Manchester Motor Freight vs. Fraser Paper (2005)(D)
Plaud vs. Gagnon (2006)(D)
Monahan vs. Port Authority of NY and NJ (2006)(D)
Day vs. Allstate Insurance (2007)(D)
Gould vs. Tricam Industries (2007)(D)
Dunton vs. Arctic Cat (2007)(D)
Jones vs. Fong Brothers (2006)(Arbitration)
Libris vs. V-Formation (2002)(T)
Trinchera vs. Katz (2002)(T)
Healy vs. Nichols (2002)(T)
Carignan vs. Wheeler (2003)(T)
Manchester Motor Freight vs. Fraser Paper (2005)(T)
Kwan vs. Jin (2006)(T)
Carlsson vs. Banknorth (2006)(T)