UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO | : | |
| | : | |
| VS. | : | C.A. NO. 06-153 S |
| | : | |
| HOME DEPOT U.S.A., INC., BLACK & DECKER, INC., DEWALT INDUSTRIAL TOOL CO., and XYZ CORP. | : | |

DEFENDANTS' OBJECTION TO THE PLAINTIFF'S APPEAL (Doc. 75) FROM MAGISTRATE JUDGE MARTIN'S REPORT AND RECOMMENDATION (Doc. 71) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The defendants hereby object to the plaintiff's appeal from Magistrate Judge Martin's Order granting defendants' Motion for Summary Judgment (doc. 38). As grounds therefore, the defendants assert that the Order was entirely proper in light of this Court's three previous rulings that prohibited the plaintiff from using certain stricken testimony in this matter, the inability of the plaintiff to counter the Motion for Summary Judgment without an expert opinion, and the plaintiff's acknowledgment on the record that without expert testimony, his claims would not survive the Motion for Summary Judgment. In further support of this Motion, the Court is respectfully referred to the Memorandum of Law filed contemporaneously herewith.

Defendants,
By their attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on July 23, 2008 a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Richard I Abrams, Esq. rabrams@abrams-verri.com and Paul S. Cantor, Esq. psc@pcantorlaw.com will receive notice through the ECF system.

/s/ C. Russell Bengtson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ROBERT ESPOSITO | : | |
| | : | |
| VS. | : | C.A. NO. 06-153 S |
| | : | |
| HOME DEPOT U.S.A., INC., | : | |
| BLACK & DECKER, INC., DEWALT | : | |
| INDUSTRIAL TOOL CO., and XYZ CORP. | : | |

DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S APPEAL (Doc. 75) FROM MAGISTRATE JUDGE MARTIN'S REPORT AND RECOMMENDATION (Doc. 71) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff has filed an appeal from Magistrate Judge Martin's Report and Recommendation granting the defendants' Motion for Summary Judgment (Appeal doc. #75, R&R doc. #71, MSJ doc. #38). The appeal cites as grounds only that this Court's prior three rulings in connection with precluding the plaintiff from proffering his expert report in this action were error and should not have been followed by the Magistrate Judge. The plaintiff argues that if the report of Mr. Thomas, his expert, had been permitted to be made part of the record, this would have created sufficient material issues of fact to avoid the granting of the Motion for Summary Judgment.

The issue of the plaintiff's use of the testimony and report of Mr. Thomas in this litigation has been exhaustively briefed to and ruled upon by this Court. No effort will be made here to duplicate the previous filings on the issue. Suffice to say that this Court has three times ruled on the issue and denied the plaintiff relief all three times. *See:* this Court's Opinion and Order dated October 30, 2007, doc.

#56, denying the plaintiff's Motion to Extend Pretrial and Trial Dates, this Court's Text Order dated November 27, 2007 denying the plaintiff's Motion to Permit Expert Testimony and this Court's Order dated February 28, 2008, doc.#69, denying the plaintiff's Motion for Reconsideration of the prior two rulings. As noted, this appeal is nothing more than a fourth attempt to reverse the Court's preclusion of the testimony and report of Mr. Thomas for the identical reasons that have already been repeatedly rejected by this Court. No new argument is advanced, no new law is proffered and no reason is given to justify a change in direction by this Court at this time other than the plaintiff's continued disagreement with the original rulings.

Magistrate Judge Martin's Report and Recommendation carefully recounts the travel of the plaintiff's attempts to persuade this Court to allow the testimony and report of Mr. Thomas into evidence in this matter. He concludes that given this Court's clear and multiple pronouncements on the issue, he should not and cannot either reverse them or recommend their reversal. He states:

> If "law of the case" means anything, it must at least mean (in the absence of any recognized exception to the doctrine) that an issue which has been addressed once by this Magistrate Judge and three times by Judge Smith has been settled at the district court level. R&R at p. 15.
>
> . . .
>
> Moreover, the function of a magistrate judge is not to review decisions of a district judge. Id.

As to the merits of the Motion for Summary Judgment itself, he observes that the plaintiff failed to controvert any of the facts asserted in the defendant's Statement of Undisputed Facts and added as new facts only those items relating to Mr. Thomas – none of which "provides a basis for denying the Motion for Summary

Judgment on the grounds asserted by the Defendants". R&R at p. 13. In fact, he notes that the plaintiff "effectively conceded" that absent a reversal of the Court's prior rulings on Mr. Thomas's testimony, the defendants are entitled to summary judgment. R&R at p. 13-14. Under these circumstances, there is simply no basis upon which to deny the defendants' motion and the Magistrate Judge's Report and Recommendation is not only the correct but the only proper outcome.

Fed.R.Civ.P. 72 requires a de novo ruling by this Court as to the portions of the Magistrate Judge's Report and Recommendation to which the plaintiff has timely objected. In this case, the plaintiff has objected to the Magistrate Judge's failure to reverse the previous rulings of this Court and failure to consider the expert report of Mr. Thomas as creating a genuine issue of material fact precluding the granting of the Motion for Summary Judgment.

As with the plaintiff's previous Motion for Reconsideration, the plaintiff's appeal hinges entirely on one case to support his position that the exclusion of his expert's testimony was unduly harsh: Malot v. Dorado Beach Cottages Associates, 478 F.3d 40 (1st Cir., 2007). The defendants fully briefed the Malot case in their Memorandum in opposition to the plaintiff's Motion for Reconsideration (doc. #66) and this Court has already rejected the plaintiff's identical arguments in its February 28, 2008 Order denying the Motion for Reconsideration. Therefore, on this record, the plaintiff has, again, utterly failed to demonstrate any reason for this Court's reconsideration of its earlier rulings – a necessary action if his appeal is to be successful, here. The plaintiff has not identified any controlling decisions or factual matters that were overlooked by the Court and might reasonably alter the result

reached. Further, no clear error or manifest injustice has been set before the Court through the appeal. There is, simply, nothing new in the appeal – nothing has been newly discovered or changed since this Court's rulings. The plaintiff's argument is simply repetitive on issues already fully considered by the Court.

Finally, there is simply no question that absent the admission into evidence of the expert report of Mr. Thomas, the plaintiff has asserted no grounds to avoid the defendants' summary judgment motion. As noted by the Magistrate, the record is silent as to any basis upon which the plaintiff seeks to rely to thwart the motion and has, in fact, conceded that without the expert evidence of Mr. Thomas, the plaintiff's claims must fail. The appeal admits this as well since the argument advanced in support of the appeal rests entirely on the issue of fact allegedly created by the Thomas report which has been stricken from the record. No other issues of fact or basis for the appeal is advanced.

For these reasons, the plaintiff's appeal should be rejected and the Magistrate Judge's Report and Recommendation should be adopted in full by this Court.

Defendants,
By their attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on July 23, 2008 a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Richard I Abrams, Esq. rabrams@abrams-verri.com and Paul S. Cantor, Esq. psc@pcantorlaw.com will receive notice through the ECF system.

/s/ C. Russell Bengtson