UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

ROBERT ESPOSITO CA No. 06-153 S

plaintiff

v PROVIDENCE, RI
JANUARY 16, 2008

HOME DEPOT, U.S.A., Inc.
BLACK & DECKER, Inc.

Defendant

BEFORE MAGISTRATE JUDGE DAVID L. MARTIN

APPEARANCES:

FOR THE PLAINTIFF: PAUL S. CANTOR, ESQ.
321 S. Main St.
Suite 302
Providence, RI 02903
351-8200

FOR THE DEFENDANT: C. RUSSELL BENGSTON, ESQ.
One Turks Head Place
Suite 400
Providence, RI 02903
331-7272

JANUARY 16, 2008

THE COURT: Good morning. This is the matter of Robert Esposito vs Home Depot U.S.A., Inc., et al, Civil Action No. 06-153 S. There are two motions before the Court. The defendant's motion to strike Plaintiff's Exhibit 1 to his memorandum in support of his objection to defendant's motion for summary judgment, and the second motion is defendant's motion for summary judgment for a Federal Rules of Civil Procedure 54(b) determination.

The attorneys will identify themselves, please.

MR. CANTOR: Paul Cantor for the plaintiff Robert Esposito.

MR. BENGSTON: My name is Russell Bengston. I represent the defendants Home Depot and Black, U.S., Inc.

THE COURT: I recognize this is the defendant's motion but I perceive the posture of the case to be somewhat unusual. Mr. Cantor, in your opposition to the motion for summary judgment, you argue the Court should allow you to use the report of your expert which would require the Court to, in effect, change a previous ruling. Do I take it, Mr. Cantor, that it's your position that -- because much of your argument in opposition to the motion for

summary judgment doesn't meet the argument that Mr. Bengston's made, which is that you have no expert. You respond by saying that you have an expert and you want the Court to consider. Is it your position that if the Court were to grant the motion to strike Exhibit Number 1 that, in effect, the Court must grant the motion for summary judgment?

MR. CANTOR: Without giving anything away, Judge, I'm afraid so. Yes, I think that without an expert, the plaintiff cannot proceed in this case, can't meet the motion for summary judgment.

THE COURT: The difficulty the Court is presented with is, (1) I've ruled. I said that, back in August, your motion to extend the deadlines was denied. You appealed that to Judge Smith. He affirmed that ruling. And so as I was reviewing the materials for this morning's hearing, what kept occurring in my mind was the phrase, "the law of the case". That, in effect, you're asking the Court reconsider a prior ruling, and at this point it's not just my prior ruling, it's Judge Smith's prior ruling, and I seriously question whether I can do that. But I did spend some time briefly reviewing cases on law of the case to see whether -- quite frankly, my initial thought was that what you're asking the Court to do,

the Court can't do, but I wasn't sure. So, where I'm at right now is I'm considering asking, since neither side, and certainly there's no criticism intended, defendant certainly wouldn't know that they were suppose to address the law of the case issue, I don't think, but I'm considering asking each side to file a brief supplemental memorandum, perhaps 5 pages in length, addressing the issue of the law of the case, whether this Magistrate Judge has the authority, and I don't think I have the authority to change the prior ruling at this point. I would, in effect, be reversing Judge Smith's ruling. I don't have the authority to do that. But I guess what you're suggesting, Mr. Cantor, is that on the motion for summary judgment, that I write a recommendation stating that if the motion should be denied that you should be allowed to utilize the expert witness report, and that, in effect, the previous ruling which I made, and which Judge Smith made, was erroneous. You cite the Mallot case, the First Circuit. So that's really where I'm at this morning.

I'll give both sides the opportunity to be heard on this, but what I'm considering doing is giving you perhaps ten days to file a 5 page memorandum on whether or not -- I'll make it two weeks. I don't want to rush

the parties -- and file supplemental memorandum on the issue of the law of the case, which you're asking this Court to do I have any power to do, and whether it should be done. I'm sure, Mr. Bengston, the defendants, would argue that even if I had the power, or even if there's an option open, I shouldn't do it for a lot of good sound policy reasons, but that's what I'm considering. So, in a nutshell, I'm considering not hearing argument this morning, asking you to submit supplemental memorandum in two weeks on this issue about does the law of the case apply here? Is this a question do I have any authority to grant any relief along the lines that you're seeking, Mr. Cantor? And what authority exists. And to have the defendant file a 5 page opposition setting forth the reasons why it shouldn't be done, I can't do it. That's it in a nutshell, so I'll hear from you regarding that course of action. Let me hear from Mr. Bengston first since obviously this has a more negative effect from his standpoint than it does from yours. Mr. Bengston.

MR. BENGSTON: That's fine by me. I don't have any objection to doing that.

THE COURT: Mr. Cantor.

MR. CANTOR: It's fine with me, Judge.

THE COURT: All right. To more crystallize

this, I'll try to issue a brief written order today setting forth exactly what I want you to address, but I've alerted you to it orally. I understand, Mr. Cantor, your argument in the opposition to the motion for summary judgment. I understand what it is you're seeking to have the Court do. I just don't think -- I have real doubt that I have the authority to do what you're asking, but given the fact that you indicate that unless you're granted relief on this issue summary judgment is going to be entered virtually automatically, I want to be absolutely sure that in my sense that I can't do anything is correct.

There's one other point, Mr. Cantor. You cited an expert witness report. Mr. Bengston pointed out that it's not attached. Has it been filed? Does it exist?

MR. CANTOR: It has been filed in a number of circumstances, Judge. It was filed initially -- I don't have my complete file with me, but it's been filed with at least two of the opposition's memorandum which I've previously filed. I can give the Court a copy, if that's helpful. But I filed it, my recollection is, initially with my motion to extend, which your Honor originally heard, and I think I filed it a second time when I filed my appeal with Judge Smith, and I believe I attached it -- Sometimes it gets

a little tricky with the electronic filing, but I referenced it as Exhibit 1.

THE COURT: But it's not. I know you referenced it as Exhibit 1, but when you go to UCMF and you click on Exhibit 1, then you don't get an expert witness report. You get another document.

MR. CANTOR: I can do whatever would be best in that regard.

THE COURT: Well, Mr. Bengston, have you received the expert witness report that Mr. Cantor is referring it?

MR. BENGSTON: I do. I have it in front of me. It was filed as document 50 in a filing dated August 27, 2007.

THE COURT: Document Number 50, August 27, 2007?

MR. BENGSTON: Yes.

THE COURT: All right. Well, I'll consult that. If I can't find it, Mr. Cantor, I'll have the Clerk contact you. Again, I'm not sure the contents of it have any particular bearing on the issue, but --

MR. BENGSTON: I'm sorry. It was filed with the plaintiff's motion to permit expert testimony, which was filed the same day.

THE COURT: All right. Thank you,

Mr. Bengston.

MR. BENGSTON: You're welcome.

THE COURT: All right. I'm going to continue this matter for two weeks. Ms. Saucier, could I have a date, please? I'll continue this matter to Wednesday, January 30, at 10 a.m. for supplemental memos not to exceed 5 pages in length, addressing the law of the case at issue, which I will issue an order today more precisely stating what it is the Court is seeking, but the parties have at least general knowledge of what it is I'm looking at and commence their research immediately.

All right, the Court will stand in recess.

(RECESS)

C E R T I F I C A T I O N

I, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/s JOSEPH A. FONTES/

Joseph A. Fontes, Court Reporter

July 26, 2008

DATE