```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF RHODE ISLAND

_____
                              )
ROBERT ESPOSITO,              )
                              )
        Plaintiff,            )
                              )
    v.                        )    C.A. No. 06-153 S
                              )
HOME DEPOT U.S.A., INC.,      )
BLACK & DECKER, INC.,         )
DEWALT INDUSTRIAL TOOL CO.,   )
and XYZ CORP.,                )
                              )
        Defendants.           )
_____)
```

## ORDER

WILLIAM E. SMITH, United States District Judge.

Plaintiff Robert Esposito ("Plaintiff") brings this suit claiming that he was injured while operating a sliding compound miter saw (the "saw") packaged by Black & Decker, Inc. and Dewalt Industrial Tool Co., and distributed by them and Home Depot U.S.A. (collectively "Defendants"). Plaintiff alleges that because the saw's blade guard "failed to engage" or "otherwise malfunctioned," his left hand came in contact with the blade, causing him to lose three fingers. (Compl. ¶ 8.)

Defendants move for summary judgment and for a Fed. R. Civ. P. 54(b) determination, seeking to exclude the testimony of Plaintiff's sole expert, Steven R. Thomas, P.E. ("Thomas"). Specifically, Defendants challenge Thomas's qualifications and

the reliability of his methodology in concluding that Plaintiff's injury resulted from the defective design of the saw's blade guard system. On September 30, 2010, the Court heard arguments on Defendants' motion, and on November 23, 2010 held a Daubert hearing regarding the admissibility of Thomas's testimony.

I. The Admissibility of Thomas's Testimony

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. A district court must act as a gatekeeper before admitting expert testimony. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 589 (1993). In that capacity, the court must determine whether an expert is qualified to offer opinion testimony, Poulis-Minott v. Smith, 388 F.3d 354, 359 (1st Cir. 2004), and whether the testimony "both rests on a reliable foundation and is relevant to the task at hand." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 141 (1999) (extending the gatekeeping function to all forms of expert testimony). In assessing whether the expert testimony is scientifically valid

and applicable to the case, a district court may consider factors such as (1) whether the theory/technique can be (and has been) tested, (2) whether the theory/technique has been peer reviewed and published, (3) the known or potential rate of error, and (4) the level of general acceptance within the relevant scientific community. Daubert, 509 U.S. at 593-94. The Supreme Court has stressed that the trial court must have "considerable leeway" in both "how to determine reliability" and "its ultimate conclusion." Kumho Tire, 526 U.S. at 152-53.

In his report, and at the Daubert hearing, Thomas essentially opined that a design defect in the saw enabled foreign objects, such as woodchips, to become wedged between the blade guard and an inner part of the saw, causing the guard to become stuck in an upright position and dangerously exposing the blade to the operator's hands. He formulated this opinion based on, among other things, a visual and tactile inspection of the saw, a comparison of the saw against a pristine model and other manufacturers' saws, and by eliminating all other possible causes for the blade guard's malfunction (such as mechanical damage, spring malfunctioning, and friction effects). Based on this information and testimony regarding the condition of the saw immediately after Plaintiff's injury, Thomas further opined that the defect caused the Plaintiff's injury.

Defendants mistakenly assert that Thomas manufactured his outcome by deliberately wedging a woodchip into the saw to determine that it could jam the blade guard. That particular test was one of many that Thomas performed in the process of eliminating other possible causes for the blade guard's malfunction. His method of testing is fundamentally no different than a "differential diagnosis" in the medical context, in which all reasonable hypotheses are systemically ruled out in order to determine the most probable cause of a problem. See Baker v. Dalkon Shield Claimants Trust, 156 F.3d 248, 252-53 (1st Cir. 1998) (finding a differential diagnosis methodology acceptable under Daubert and Rule 702). In the engineering field, moreover, this methodology has been endorsed by several other courts, and, implicitly, by the Supreme Court. See Kumho Tire, 526 U.S. at 156 (suggesting that a "visual examination and process of elimination" analysis would be an appropriate methodology for a tire engineer); see also Abrams v. Ciba Specialty Chems. Corp., No. 08-0068-WS-B, 2010 WL 779276, at *6 (S.D. Ala. Mar. 2, 2010) (admitting testimony of chemical engineer who opined on the cause of contamination in Plaintiffs' home based on "a process of elimination that rejected or minimized all other alternative sources"); Brown v. Kia Motors Corp., No. 06-804, 2009 WL 866846, at *5 (W.D. Pa. Mar. 30, 2009) (finding safety engineer's "process of elimination"

methodology "sufficiently reliable under Daubert" to admit his opinion regarding a seatbelt defect). Defendants' attack on the reliability of Thomas's methodology is therefore unavailing.

This Court must also decide whether Thomas has "sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case." Kumho Tire, 526 U.S. at 156 (internal quotation marks and citation omitted). In concluding that he does, the Court points out that Thomas engaged his professional knowledge and experience, and a thorough process-of-elimination analysis, to provide a plausible explanation for the Plaintiff's injury. His testimony on this matter would therefore assist the jury in determining the cause of Plaintiff's injury.[1]

Defendants' arguments regarding Thomas's qualifications are similarly unconvincing. He is a professional engineer with a bachelor's degree in mechanical engineering and a master's degree in safety engineering. He has held numerous positions in the field of engineering, many of which involved machine design, tooling, or safety engineering. Since 2002, he has testified as an engineering expert in approximately 30 proceedings. Thomas's

---

[1] Any lingering doubts as to the reliability of Thomas's methodology are best resolved through the adversarial process, as the Supreme Court intended. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

professional and personal experience is similar, if not superior, to that of the mechanical engineer in Kumho Tire, who the Supreme Court deemed a qualified expert based on his "masters degree in mechanical engineering, 10 years' work at Michelin American, Inc., and testimony as a tire failure consultant in other tort cases." 526 U.S. at 153. This Court therefore concludes that Thomas is sufficiently qualified to offer opinion testimony as an expert.

II. Implied Warranties of Fitness for a Particular Purpose

Finding Thomas's testimony admissible, the Court briefly turns to Defendants' argument for dismissing Plaintiff's claim for breaches of implied warranties of fitness for a particular purpose. The applicable statute states:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is, unless excluded or modified under the next section, an implied warranty that the goods shall be fit for such purpose.

R.I. Gen. Laws § 6A-2-315. The Court agrees with Defendants that this claim fails because Plaintiff has produced no evidence that he relied on Defendants' skill or judgment in selecting the saw.

III. Conclusion

Thus, Defendants' motion for summary judgment is GRANTED in part, with respect to Plaintiff's claims for breach of implied

6

warranties of fitness for a particular purpose, and DENIED in part, in all other respects.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: December 13, 2010